1  MELINDA HAAG (STATE BAR NO. 132612)
   mhaag@orrick.com
2  JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
   jmeyers@orrick.com
3  JAMES N. KRAMER (STATE BAR NO. 154709)
   jkramer@orrick.com
4  MOJI SANIEFAR (STATE BAR NO. 233330)
   msaniefar@orrick.com
5  RANDALL S. LUSKEY (STATE BAR NO. 240915)
   rluskey@orrick.com
6  LUCY E. BUFORD (STATE BAR NO. 244885)
   lbuford@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA  94105-2669
9  Telephone:   +1-415-773-5700
   Facsimile:   +1-415-773-5759
10

   Attorneys for Defendant
11 LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>LISA C. BERRY,<br><br>          Defendant. | Case No.  5:07-cv-04431 RMW HRL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT LISA C. BERRY'S MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT**<br><br>Date:       February 15, 2008<br>Time:       9:00 a.m.<br>Courtroom:  6, Fourth Floor |

# REQUEST FOR JUDICIAL NOTICE

Defendant Lisa C. Berry hereby respectfully requests that the Court take judicial notice of the following documents, attached hereto as Exhibits A through H. This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below, and is made in connection with Ms. Berry's Motion to Dismiss the Securities and Exchange Commission's Complaint.

## I. BASIS FOR REQUESTING JUDICIAL NOTICE

To evaluate a motion to dismiss, courts consider documents that are attached to the complaint, documents incorporated by reference (explicitly and implicitly) in the complaint, and documents that are capable of accurate and ready determination and not reasonably subject to dispute. *See* Fed. R. Evid. 201; *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) ("documents crucial to plaintiff's claims but not explicitly incorporated in a complaint can be noticed in order to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based"); *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997). ("[a] court may take judicial notice of a fact that is not 'subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned'"), *quoting* Fed. R. Evid. 201(b). If a party requests a court to take judicial notice of such facts, and supplies the court with the necessary information, then judicial notice of those facts is mandatory. *See* Fed. R. Evid. 201(d). A court may take judicial notice of facts outside the pleading and in doing so, does not convert a motion to dismiss into a summary judgment motion. *See Mack v. South Bay Beer Distribs.,* 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 (1991).

### A. Court Filings are Judicially Noticeable

Court filings, including complaints, claims, petitions and judicial orders, constitute documents that are public records and capable of accurate and ready confirmation by sources that

- 1 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT
LISA C. BERRY'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 5:07-CV-04431 RMW HRL

1 cannot reasonably be questioned and be proper subjects for judicial notice. *See United States ex rel. Robinson Rancheria v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding that the Court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (courts may take judicial notice of matters of public record outside the pleadings); *United States v. Wilson*, 631 F.2d 118, 119 (1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases"). Based on these cases, the Court may take judicial notice of what is attached hereto as: (i) Exhibit A, a true and correct copy of the SEC's complaint against Kenneth L. Schroeder, filed on July 25, 2007 in the United States District Court for the Northern District of California, Case No. 5:07-cv-03798-JW; (ii) Exhibit B, a true and correct copy of the SEC's complaint against KLA-Tencor Corporation, filed on July 25, 2007 in the United States District Court for the Northern District of California, Case No. 5:07-cv-03799-JW; (iii) Exhibit C, a true and correct copy of the SEC's complaint against Juniper Networks, Inc., filed on August 28, 2007 in the United States District Court for the Northern District of California, Case No. 5:07-cv-04430-JW; and (iv) Exhibit D, a true and correct copy of the SEC's complaint against Mercury Interactive LLC, et al., filed on May 31, 2007 in the United States District Court for the Northern District of California, Case No. 5:07-cv-02822-JF.

**B.    Documents That are Public Records are Judicially Noticeable**

The Court may take judicial notice of news reports or articles and similar information published in the public domain, even if such reports or articles are not referenced in the complaint. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (taking judicial notice of newspaper report). This includes information or guidelines published by a governmental agency. *See Corrie v. Caterpillar, Inc.*, 2007 WL 2694701, at *2 n.2 (9th Cir. Sept. 17, 2007) (taking judicial notice of government publication). The Court may also take judicial notice of information made available on a web page because the information is considered "public records and capable of accurate and ready confirmation by sources that cannot reasonably be questioned." *Wible v. Aetna Life Insurance Co.*, 375 F.Supp.2d 956, 965 (C.D. Cal. 2005) (granting request to judicially notice

1  Amazon.com web pages).  Accordingly, the Court may take judicial notice of what is attached
2  hereto as (i) Exhibit E, a true and correct copy of the July 6, 2006 Remarks Before the International
3  Corporate Governance Network 11th Annual Conference by Paul S. Atkins, SEC Commissioner,
4  available at http://www.sec.gov/news/speech/2006/spch070606psa.htm); and (ii) Exhibit F, a true
5  and correct copy of the September 19, 2006 Letter from Conrad Hewitt, SEC Chief Accountant, to
6  Messrs. Lawrence Salva and Sam Ranzilla, available at
7  http://www.sec.gov/info/accountants/staffletters/fei_aicpa091906.htm.  The SEC has made these
8  announcements available to offer information and guidance concerning the current stock options
9  investigations and accounting issues.

C.  **Documents Incorporated by Reference are Judicially Noticeable**

Under the incorporation by reference doctrine, the Court is expressly authorized to consider documents on a motion to dismiss "whose contents are alleged in the complaint … but which are not physically attached to plaintiff's pleading." *Branch v. Tunnel,* 14 F.3d 449, 454 (9th Cir. 1994) ("when [the] plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading"), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (judicial notice extends to documents not expressly referenced in the complaint, but upon which plaintiff's complaint necessarily relies), *abrogated on other grounds by Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676 (9th Cir.2006).  A court is not bound by plaintiff's selective reference to documents cited in the complaint and may, in a ruling on a motion to dismiss, consider the full text of documents that the complaint quotes only in part. *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).  Applying these cases, the Court may properly take judicial notice of what are attached hereto as (i) Exhibit G, a true and correct copy of the document that the SEC partially quotes in ¶ 31 of its Complaint and (ii) Exhibit H, a true and correct copy of the document that the SEC partially quotes in ¶ 33 of its Complaint.[1]  *See* accompanying Declaration of Moji Saniefar.

---

[1] Ms. Berry reserves the right to challenge these documents at trial or for any other purpose, if necessary.

- 3 -

## II. CONCLUSION

The Court may properly take judicial notice of Exhibits A through H hereto, without converting Ms. Berry's motion to dismiss into a summary judgment motion.

Dated: November 19, 2007          Respectfully submitted,

/s/ Melinda Haag
MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
MOJI SANIEFAR
RANDALL S. LUSKEY
LUCY E. BUFORD
ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendant
Lisa C. Berry

- 4 -

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT
LISA C. BERRY'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 5:07-CV-04431 RMW HRL