1  MARC J. FAGEL (Cal. Bar No. 154425)
   fagelm@sec.gov
2  SUSAN F. LaMARCA (Cal. Bar No. 213251)
   lamarcas@sec.gov
3  MARK P. FICKES (Cal. Bar No. 178570)
   fickesm@sec.gov
4  JEREMY E. PENDREY (Cal. Bar No. 187075)
   pendreyj@sec.gov
5  ELENA RO (Cal. Bar No. 197308)
   roe@sec.gov
6
7  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
8  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
9  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501
10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15 SECURITIES AND EXCHANGE COMMISSION,    Case No. C-07-4431-RMW (HRL)

16        Plaintiff,

17     vs.                                 **JOINT CASE MANAGEMENT
                                           STATEMENT AND FEDERAL RULE OF
                                           CIVIL PROCEDURE 26(f) REPORT**
18 LISA C. BERRY,

19        Defendant.                       CMC Date: December 14, 2007
                                           Time: 10:30 a.m.
20                                         Location: Courtroom 6, 4th Floor
                                                     Hon. Ronald M. Whyte
21

22        Pursuant to the Northern District's Case Management Conference Standing Order and the

23 Court's Order Setting Initial Case Management Conference, dated August 28, 2007 (Docket No. 2),

24 plaintiff Securities and Exchange Commission and defendant Lisa C. Berry submit this Joint Case

25 Management Statement. The Commission considers the attachment of documents from other cases

26 as "exhibits" to this statement as a needless and irrelevant burden to the record, and we attach them at

27 the request of Ms. Berry.

28

1    <u>Meeting of Parties</u>:  Pursuant to Fed. R. Civ. P. Rule 26(f), a telephonic meeting was held on

2    November 20, 2007 at 2:00 pm with Susan F. LaMarca and Jeremy Pendrey, Counsel for Plaintiff

3    SEC, and Melinda Haag, James A. Meyers and Moji Saniefar, Counsel for Defendant Lisa C. Berry.

4    **1.    JURISDICTION AND SERVICE**

5        This is a civil enforcement action brought by the Commission alleging fraud, in violation of

6    the federal securities laws.  The Commission brings this action pursuant to the Securities Act of 1933

7    ("Securities Act"), 15 U.S.C. §§ 77t(b) & 77t(d), and the Securities Exchange Act of 1934

8    ("Exchange Act"), 15 U.S.C. §§ 78u(d) & 78u(e).  The Court has jurisdiction over this action

9    pursuant to 15 U.S.C. §§ 77t(c), 77v(a) & 78aa.  The Commission alleges that defendant, directly or

10   indirectly, made use of the means and instrumentalities of interstate commerce, of the mails, or of the

11   facilities of a national securities exchange in connection with acts, practices and courses of business

12   alleged to be in violation of two federal statutes:  the Securities Act and the Exchange Act.  Venue is

13   proper in this District pursuant to 15 U.S.C. §§ 77v & 78aa.  There are no issues regarding personal

14   jurisdiction or venue, and the only defendant has been served.

15   **2.    FACTS**

16       **A.  Plaintiff's Description of the Case**

17       The Commission alleges that from approximately 1997 through 2003, while she served as an

18   officer – General Counsel – for two different public companies, first KLA-Tencor Corporation

19   ("KLA"), and then Juniper Networks, Inc. ("Juniper"), defendant Berry caused each of those

20   companies to report false financial information to the investing public by repeatedly "backdating"

21   stock option grants to give employees of the companies more favorably-priced options without

22   accounting for their costs to the companies.  By "backdating," the complaint describes processes

23   Berry (and others) employed to select dates with hindsight, and to create documentation falsely

24   suggesting that options were granted on the selected dates.  According to the Commission, Berry used

25   hindsight to select grant dates for options issued to executives and employees, including herself, so

26   that the options would be "in-the-money" when granted.  In-the-money options were options whose

27   strike (or exercise) prices were lower than the then-market price of the company's stock, making the

28   options more valuable to employees.  Accounting rules required that companies record an expense for

1  in-the-money options, but companies did not have to record an expense related to options that were

2  not in-the-money.  Consequently, according to the Commission, the defendant doctored the

3  documentation to make it appear that the options were granted at "fair market value," rather than in-

4  the-money, thereby hiding millions of dollars of expenses in public filings with the Commission, and

5  contrary to representations made by the companies' to their respective shareholders.

6      **B.  M. Berry's Description of the Case**

7      Ms. Berry denies each and every substantive allegation that the SEC has set forth above.  Ms.

8  Berry has filed a Motion to Dismiss the Complaint (Docket No. 14) on the grounds that, among other

9  things, there are no facts alleged that establish that (a) she acted with the state of mind necessary for a

10  violation of any securities laws or regulations; (b) she made an actionable material misstatement; and

11  (c) she substantially participated in any of the alleged violations.  Ms. Berry also moved to dismiss on

12  the grounds that most of the SEC's claims for relief and the alleged conduct on which they are based

13  are outside the applicable statute of repose set forth in 28 U.S.C. § 2462.  The Memorandum in

14  support of the Motion to Dismiss sets forth Ms. Berry's description of the case in greater detail.

15      **C.  Principal Facts in Dispute**

16      As noted above, Ms. Berry disputes each of the SEC's factual allegations set forth in the

17  SEC's statement above.  Specifically, and among other things, Ms. Berry disputes that she (a) was

18  responsible for stock options accounting at KLA or Juniper or was aware that the accounting for

19  stock options at KLA and Juniper was inappropriate and (b) "doctored" documents for the purpose of

20  granting "in-the-money" options and "hiding millions of dollars of expenses."  *See also* Ms. Berry's

21  Description of the Case, § 2.B *supra*, for additional areas of factual dispute.

22  **3.    LEGAL ISSUES**

23      The parties dispute the effect of the five-year statute of repose on the Commission's

24  allegations.  Ms. Berry has filed a Motion to Dismiss, asserting (among other things) that most of the

25  conduct underlying the allegations and most of the requested relief in the complaint is time-barred by

26  28 U.S.C. § 2462; the Commission disagrees.  (The Commission's response is due on Jan. 11, 2008;

27  defendant's reply is due Feb. 1, 2008; the hearing is scheduled for Feb. 15, 2008.)

28

1    Other than as described in the foregoing paragraph, the parties are not currently aware of any

2    dispute regarding the legal elements of the Commission's alleged causes of action.  As set forth in §§

3    2.B and 2.C, *supra*, for each of the Commission's alleged claims for relief, the parties dispute

4    whether, under the applicable law, (a) Ms. Berry committed a violation of law and (b) the

5    Commission is entitled to any relief.  Additional legal issues may surface as the litigation continues.

6    **4.    MOTIONS**

7    Ms. Berry has filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal

8    Rules of Civil Procedure, set for hearing Feb. 15, 2008.

9    **5.    AMENDMENT OF PLEADINGS**

10    The Commission does not currently intend to amend the complaint and, because Ms. Berry

11    has filed a Motion to Dismiss, she has not yet answered the complaint.  Further amendment to or

12    response to the Commission's claims awaits the Court's ruling on Ms. Berry's motion.

13    **6.    EVIDENCE PRESERVATION**

14    The Commission has taken steps to preserve documents in its possession, obtained from third

15    parties, including copying of paper copies to electronic data.  In addition, certain of the relevant

16    evidence in this case consists of paper and electronic documents in the possession of KLA, Juniper,

17    or the companies' outside auditors or other third-parties that are aware of this litigation.  In addition,

18    the Commission has requested that each company, and its auditors, preserve documents.

19    Ms. Berry's counsel is in possession of relevant documents regarding this matter (*see* § 7,

20    *infra*), and has taken steps to preserve these documents.

21    **7.    DISCLOSURES**

22    On October 31, 2007, the parties exchanged initial disclosures pursuant to Federal Rule of

23    Civil Procedure 26.  In its disclosures, the Commission identified persons who may have

24    discoverable information that it may use to support its claims by name, address where known, and by

25    describing the nature of the information; transcripts of testimony taken by Commission staff during

26    investigations preceding the litigation, with a description of exhibits marked during the testimony;

27    and indices to documents produced to the Commission during the investigations preceding this case.

28    In early November, the Commission began to produce (at no cost to defendant) copies of electronic

1   documents.  In addition, the Commission has offered to provide similar copies of electronic

2   documents, comprising practically all of the remaining documents identified in its disclosures to

3   defendant, once those electronic copies are ready.  (The documents are currently with a vendor who

4   is preparing the electronically scanned copies.)  The Commission also identified the relief it seeks

5   (although it does not seek damages).

6       In her initial disclosures, Ms. Berry identified persons who may have discoverable

7   information that she may use to support her claims or defenses.  In addition, Ms. Berry stated that her

8   counsel currently has "electronic copies of various KLA-Tencor and Juniper documents, including

9   emails, memoranda, spreadsheets, minutes, written consents, Power Point presentations and other

10  miscellaneous corporate documents" that she may use to support a claim or defense in this action.

11  She also stated that she will make available for inspection and copying any applicable directors' and

12  officers' liability insurance policies in her possession.

13  **8.      DISCOVERY**

14      **A.  The Commission's Position**

15      The Commission has requested from defendant copies of all documents described in her

16  Initial Disclosures.  In addition, the Commission has requested dates for the deposition of defendant

17  Berry's deposition, which the Commission intends to notice for January 2008.  The Commission

18  anticipates taking between 15 and 20 depositions of percipient witnesses, and therefore proposes that

19  the Court permit each party to take up to 20 depositions without further need for leave of Court.  If

20  after taking 20 depositions, either party determines that more depositions are necessary, the party

21  may apply to the Court for further expansion of the number.  (The Commission further proposes that

22  the number of expert depositions be additive, and based upon the number of persons disclosed by the

23  opposing party pursuant to Rule 26(b)(2).)  In addition to depositions, the Commission anticipates

24  further discovery requests, for documents or other information, to third parties, and to the defendant,

25  including by subpoena or document or inspection requests, interrogatories, and requests for

26  admissions.  As the parties have held their conference pursuant to Rule 26(f), the Commission

27  believes there is no reason to delay discovery.  The Commission also considers it unlikely the

28  defendant's pending motion will impact discovery in any way, especially discovery that may occur

1 between now and the date the motion will be heard in early February. Whatever determinations the

2 litigants in other cases have made about the potential affect of pending motions on discovery efforts

3 in those cases (such as *Mercury Interactive*, cited by defendant) are entirely irrelevant to this case.

4 Moreover, the Commission's position in this case regarding the need to depose the defendant as soon

5 as practicable – in January 2008 – is consistent with the Commission's position in several other cases,

6 including those alleging fraudulent backdating of stock options (*e.g.*, *SEC v. Reyes*, No. C-06-4435-

7 CRB (N.D. Cal.); *SEC v. Heinen*, No. C-07-2214-JF (N.D. Cal.); *SEC v. Schroeder*, No. C-07-3798-

8 JW (N.D. Cal.).

9 The Commission has further proposed that the parties enter into a protective order protecting

10 documents over which persons assert confidentiality, consistent with the Court's model

11 confidentiality order and the Court's rules regarding filing under seal. The Commission will shortly

12 provide a proposed form of order to Ms. Berry.

13 **B.  Ms. Berry's Position**

14 Ms. Berry notes that, pending the Court's ruling on her Motion to Dismiss, it is difficult for

15 her to predict the scope of discovery she will need or the length of time it will take. Accordingly, and

16 consistent with the position taken by the SEC in *SEC v. Mercury Interactive, LLC, et al.*, Civil Action

17 No. 5:07-cv-02822-JF (N.D. Cal. Joint CMC Statement filed Sept. 7, 2007) ("*Mercury* Statement")

18 (attached hereto as Exhibit A), another case recently filed by the Commission in this District alleging

19 unlawful options "backdating," Ms. Berry "believe[s] that it is premature to establish a discovery

20 schedule before completion of initial document production and the resolution of the motion[ ] to

21 dismiss, as the motion[ ] may impact the factual or legal issues at issue in the litigation, if not render

22 any discovery schedule moot." *Mercury* Statement at 7.[1] The remainder of Ms. Berry's position

23 regarding discovery assumes, *arguendo*, that the Court denies her Motion to Dismiss in its entirety.

24

25

26 [1] The *SEC v. Schroeder* and *SEC v. Heinen* cases that the Commission mentions above are
distinguishable from the current case because they did not involve a motion to dismiss. *SEC v. Reyes*

27 is also distinguishable because, in that case, the SEC actually proposed that discovery be stayed until
after completion of the criminal case so that "witnesses may be more willing to testify." *See Reyes*,

28 Docket No. 56 at 6 attached hereto as Exhibit B.

1

### i. Document Discovery

2  Based on the SEC's initial disclosures, it appears that the SEC has most, and perhaps all, of

3  the documents in the possession of Ms. Berry's counsel.  As part of its initial disclosures, the

4  Commission has started producing on a rolling basis some of the documents that it collected during

5  its investigation.  Ms. Berry does not believe, however, that the Commission collected all or indeed

6  most of the relevant documents in the possession, custody, or control of (a) the companies (i.e., KLA

7  and Juniper); (b) the Special Committees of the KLA and Juniper Boards of Directors that looked

8  into the stock options practices; or (c) third parties such as the companies' outside auditors and

9  counsel to the Special Committees.[2]  Should this action move forward, Ms. Berry anticipates issuing

10  subpoenas to such third parties and others for documents pursuant to Fed. R. Civ. P. 45.  Particularly,

11  because Ms. Berry has yet to receive the entirety of the SEC's production, it is difficult for her to

12  determine the amount of additional document discovery needed, but fears it is likely to be substantial:

13  as a comparison, in the *Mercury* options matter noted above, the SEC produced several *million* pages

14  comprising approximately 1,200 gigabytes, relating to alleged violations at a single company; in this

15  action, by contrast, where the SEC has alleged violations at two different companies, the SEC has

16  informed Ms. Berry that the entirety of its non-privileged investigative file that it expects to produce

17  will comprise less than 150,000 pages.

18

### ii. Depositions

19  If this case moves past the motion to dismiss, Ms. Berry expects needing significantly more

20  than 10 depositions.  In its Initial Disclosures, ***the Commission identified more than 110 people*** it

21  believes may have discoverable information that it may use to support its claims.  Ms. Berry has not

22

---

23  [2] No documents from Juniper's outside auditors have been produced to Ms. Berry.  The SEC has
   informed Ms. Berry's counsel that, well after the documents were produced, it returned the document
24  production of Juniper's outside auditors as the auditors asserted that it was subject to privilege
   claims.  At the parties' Rule 26(f) conference, SEC counsel stated that the auditors have indicated
25  they would "soon" provide an abridged production that the SEC would produce to Ms. Berry, but the
   SEC has received no specific commitment.  Under the circumstances, Ms. Berry does not believe that
26  *any* legitimate claim of privilege attaches to any of the documents originally produced to the SEC by
   Juniper's outside auditors.  Juniper also apparently redacted from its initial production to the SEC
27  approximately 25,000 pages of documents that had been bates-stamped for possible production.  Ms.
28  Berry reserves the right to seek such documents.

1  had the opportunity to assess which of these individuals may have pertinent information necessary to

2  aid her defense.  Ms. Berry has also not received, nor had the opportunity to review, all the

3  documents in the Commission's possession and other relevant documents from third parties that she

4  seeks to obtain.  These circumstances make it difficult for Ms. Berry to determine the number of

5  depositions that she will need to take.

6      The Commission has stated its intention to notice Ms. Berry's deposition in January 2008.

7  *See* § 8.A, *supra*.  Ms. Berry believes that this proposed timing is unreasonable and requests that the

8  deposition take place at a future time after this Court has determined which claims, if any, the

9  Commission may pursue against Ms. Berry.  The SEC has not identified any compelling or even

10  reasonable need to take Ms. Berry's deposition at the outset of the litigation and its proposal

11  impermissibly infringes on her constitutional rights.  The SEC's proposal is also inconsistent with the

12  agency's approach in other similar matters (e.g., the *Mercury* options litigation, among others).

13  Finally, the need for Ms. Berry's deposition may prove moot depending on the outcome of the

14  Motion to Dismiss.

15  **9.      CLASS ACTIONS**

16      Not applicable.

17  **10.     RELATED CASES**

18      The parties do not believe there are other cases related to this litigation pursuant to L. R. 3-12.

19  **11.     RELIEF**

20      The Commission seeks an injunction against Ms. Berry from future violations of the securities

21  laws she is alleged to have violated (15 U.S.C. §§ 77q(a), 78j(b) & 78m(b)(5), and 17 C.F.R. §§

22  240.10b-5 & 240.13b2-1) and an injunction against aiding and abetting future violations of other

23  provisions she is alleged to have violated (15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B) &

24  78n(a) and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13 &  240.14a-9);

25  disgorgement of alleged ill-gotten gains from conduct alleged in the complaint, plus prejudgment

26  interest; an order pursuant to 15 U.S.C. § 78u(d)(2) prohibiting the defendant from serving as an

27  officer or director of a public company; and civil money penalties pursuant to 15 U.S.C. §§ 77t &

28  78u(d)(3).

1    **12.    SETTLEMENT AND ADR**

2          The parties have met and conferred regarding an ADR plan and have filed a Notice of Need

3    for ADR Phone Conference (Docket No. 18).  An ADR phone conference has been set for December

4    13, 2007.  The parties have met and conferred and believe that a Settlement Conference before a

5    United States Magistrate Judge, occurring after the Court has heard and ruled upon the currently

6    pending Motion to Dismiss, will be the most fruitful means of pursuing any possible settlement.

7    **13.    CONSENT TO MAGISTRATE JUDGE**

8          The parties do not consent to proceed before a magistrate judge.

9    **14.    OTHER REFERENCES**

10          The parties do not believe this case is suitable for binding arbitration.  However, as noted

11    above, the parties recommend that a settlement judge be appointed following the Court's ruling on

12    the pending Motion to Dismiss.

13    **15.    NARROWING OF ISSUES**

14          Ms. Berry believes the currently pending Motion to Dismiss, if granted in whole, would

15    dispose of this case and, if granted in part, may eliminate or narrow certain issues.  The parties have

16    not otherwise identified means of narrowing issues.

17    **16.    EXPEDITED SCHEDULE**

18          The parties do not consider this case to be suitable for an expedited scheduling.

19    **17.    SCHEDULING**

20          **A.  The Commission's Proposed Schedule:**

21              Last day for fact discovery:  September 30, 2008

22              Last day to identify expert witnesses:  September 16, 2008

23              Last day to complete expert discovery:  October 31, 2008

24              Last day to hear dispositive motions:  November 21, 2008

25              Pre-trial conference:  December 19, 2008

26              Trial:  January 12, 2009

27

28

1

**B.  Ms. Berry's Proposal:**

2      As indicated in § 8.B, *supra*, Ms. Berry believes that it is premature to propose or establish a

3 discovery, dispositive motions, and trial schedule at this juncture.  Rather, Ms. Berry believes that the

4 Court should adopt the position suggested by the SEC and the other parties in the analogous *Mercury*

5 Statement: "if resolution of the motions [to dismiss] does not entirely dispose of this case, the parties

6 will then promptly propose a discovery plan – including proposed discovery cutoffs, expert deadlines,

7 and trial dates – to the Court." *Mercury* Statement at 7.

8      Ms. Berry further believes that, under any circumstances, the SEC's proposed schedule is far

9 too aggressive and inappropriate.  Given the scanty volume of documents the Commission has

10 produced in this case, compared to at least one other options matter, it is likely that Ms. Berry will

11 need to take substantial document discovery from third parties.  Ms. Berry anticipates that one or

12 more of these third parties may object on purported privilege grounds to producing documents and

13 that such disputes will require resolution by this Court.  In addition, the SEC has identified more than

14 110 witnesses likely to have discoverable information that it may use to support its claims.  Under

15 these circumstances, it is not reasonable to expect the parties to complete all fact discovery by

16 September 30, 2008, even if the Court were to allow discovery to proceed in full pending its

17 consideration of the Motion to Dismiss.

18 **18.  TRIAL**

19      No request for a jury trial has yet been made.  The Commission estimates the trial will take

20 approximately 14 days.  Ms. Berry believes that, if this case survives her Motion to Dismiss or any

21 future dispositive motion, the length of trial will depend on the number of issues left after all motions

22 have been ruled upon; given the volume of documents and the number of potential witnesses the SEC

23 has identified, she anticipates that a trial would take at least two weeks under any circumstances, and

24 likely longer if dispositive motions do not narrow the issues and claims in the case.

25 **19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

26      The Commission and Ms. Berry are not aware of any persons, firms, partnerships,

27 corporations, or other entities that have either a financial interest in the subject matter in controversy

28 or any other kind of interest that could be substantially affected by the outcome of the proceeding.

1 | DATED:   December 7, 2007          Respectfully Submitted,

2

3                                           /s/

4                                           Susan F. LaMarca
                                            Attorneys for Plaintiff
5                                           SECURITIES AND EXCHANGE COMMISSION

6

7                                           /s/
                                            Melinda Haag
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
8                                           Attorneys for Defendant
                                            LISA C. BERRY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28