1  MARC J. FAGEL (Cal. Bar No. 154425)
     fagelm@sec.gov
2  SUSAN F. LaMARCA (Cal. Bar No. 213251)
     lamarcas@sec.gov
3  MARK P. FICKES (Cal. Bar No. 178570)
     fickesm@sec.gov
4  JEREMY E. PENDREY (Cal. Bar No. 187075)
     pendreyj@sec.gov
5  ELENA RO (Cal. Bar No. 197308)
     roe@sec.gov
6
   Attorneys for Plaintiff
7  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
8  San Francisco, California  94104
   Telephone:  (415) 705-2500
9  Facsimile:  (415) 705-2501

10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12                              **SAN JOSE DIVISION**

13

14 SECURITIES AND EXCHANGE COMMISSION,   Case No. C-07-4431-RMW (HRL)

15        Plaintiff,

16    vs.                                 **APPENDIX OF AUTHORITY NOT PUBLISHED IN OFFICIAL REPORTERS IN SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO MOTION TO DISMISS**

17 LISA C. BERRY,

18        Defendant.

19                                        Date: February 15, 2008
                                          Time: 9:00 a.m.
20                                        Location:  Courtroom 6, 4th Floor
                                                  Hon. Ronald M. Whyte
21

22

23

24

25

26

27

28

**APPENDIX OF UNPUBLISHED AUTHORITY**

**Exhibit**

**CASE**

*SEC v. First California Capital Markets Group, Inc.*,
  No. C-97-02761-CRB, Slip op. at 4-5 (N.D. Cal. July 30,
  1998) ................................................................................................................. A

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. C 97-02761 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| FIRST CALIFORNIA CAPITAL MARKETS GROUP, INC., et al., | |
| Defendants. | |

ENTERED IN CIVIL DOCKET_____19____

AUG 0 3 1998

This SEC enforcement action for civil penalties, disgorgement and injunctive relief was filed on July 27, 1997. Now before the Court is defendants' motion for summary judgment on statute of limitations grounds. Having carefully considered the papers submitted by the parties, and having had the benefit of oral argument on June 24, 1998, defendants' motion for summary judgment is GRANTED in part and DENIED in part.

**BACKGROUND**

The complaint alleges that defendant First California underwrote five separate offerings of municipal bonds involving four municipal insurers between 1989 and 1991. The complaint has six causes of action. All of the conduct at issue in the first five causes of action occurred more than five years before the complaint was filed. Defendants argue that as a result of plaintiff's delay in initiating this action, the first five causes of action are barred

COPIES MAILED TO PARTIES OF RECORD

by 28 U.S.C. § 2462. That statute provides in relevant part:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued....

Section 2462 applies to certain remedies, not causes of action. Accordingly, the Court will separately address each form of relief sought by plaintiff.

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, (1986). A principal purpose of the summary judgment procedure is to identify and to dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

### A.   Civil Penalties.

By its plain language, section 2462 applies to the SEC's claims for civil penalties. See 28 U.S.C. § 2462 ("an action . . . for the enforcement of any civil fine . . . [must be] commenced within five years from the date when the claim first accrued"); see also FEC v. Williams, 104 F.3d 237, 239-40 (9th Cir. 1996) (applying § 2462 to Federal Election Commission proceeding for civil fines); Johnson v. SEC, 87 F.3d 484, 486 (D.C. Cir. 1996) (applying § 2462 to SEC enforcement action for civil penalties).

Plaintiff does not dispute that section 2462 applies to an SEC action for civil penalties. And it concedes that it cannot seek civil penalties for conduct that occurred before the effective date of the 1990 Remedies Act, the Act that gave the SEC the authority to

obtain civil penalties. It argues instead that equitable tolling saves its claims for civil penalties for conduct which occurred after the enactment of the Remedies Act.

For equitable tolling to apply a plaintiff must prove: (1) fraudulent conduct by the defendant *resulting in concealment of the fraud;* (2) failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period; and (3) due diligence by the plaintiff until discovery of those facts. See Williams, 104 F.3d at 241. "A plaintiff alleging fraudulent concealment must establish that its failure to have notice of its claim was the result of affirmative conduct by the defendant." Conmar Corporation v. Mitsui & Company (U.S.A.), Inc., 858 F.2d 499, 505 (9th Cir. 1988). "Passive concealment of information is not enough to toll the statute of limitations . . . . An affirmative act of denial, however, is enough if the circumstances make the plaintiff's reliance on the denial reasonable." Id.

Plaintiff offers no evidence whatsoever of defendants' fraudulent concealment. The fact that plaintiff's complaint alleges that defendants engaged in fraudulent conduct is insufficient to create a triable issue of fraudulent concealment. See Conmar Corporation, Inc., 858 F.2d at 505 (holding that to establish equitable tolling a plaintiff must do more than claim that defendants' acts constitute fraudulent concealment because they were by nature self-concealing). The only evidence plaintiff offers is the fact that the SEC first learned that defendants may have engaged in potentially fraudulent conduct in May 1994. Plaintiff's failure to discover defendants' fraud, however, is similarly insufficient to create a triable issue as to the application of equitable tolling. See Williams, 104 F.3d at 240 (holding that the discovery doctrine does not apply to section 2462). The fact that defendants apparently denied any wrongdoing in a 1991 newspaper article does not create a genuine issue since plaintiff does not offer any evidence that it relied on the newspaper article and, in fact, plaintiff claims that the newspaper article is irrelevant since it discussed transactions not at issue in plaintiff's claims for civil penalties.

In sum, even assuming that plaintiff did not have actual or constructive notice of its claims against defendants within the limitations period and that it exercised proper due

Case 5:07-cv-02822-JF    Document 65-2    Filed 12/03/2007    Page 4 of 8

1  diligence, plaintiff's claim for equitable tolling of the statute of limitations still fails as a
2  matter of law. Plaintiff has not offered evidence sufficient to permit a reasonable jury to find
3  that plaintiff's lack of information to discover defendants' alleged fraud was due to
4  defendants' fraudulent concealment of their conduct. As there is no evidentiary basis for
5  plaintiff's equitable tolling claim, there is no "genuine" dispute as to this issue. See
6  Anderson, 477 U.S. at 248-49. Since plaintiff's equitable tolling argument fails as a matter
7  of law, section 2462 prohibits plaintiff from recovering civil penalties for fraudulent conduct
8  that occurred more than five years before the complaint was filed.

9  **B.   Injunctive Relief.**

10  The complaint also seeks a permanent injunction against defendants prohibiting them
11  from future violations of the Securities Act. See 15 U.S.C. § 77t(a); 15 U.S.C.
12  § 78u(d)(1). Defendants contend that this relief, too, is barred by section 2462.
13  In SEC v. Rind, 991 F.2d 1486 (9th Cir. 1993), the Ninth Circuit held that no statute
14  of limitations applies to an SEC enforcement action for disgorgement and injunctive relief.
15  The Court based it holding on the legal principle that "time does not run against the king."
16  Id. at 1490-91. The defendant apparently did not raise a section 2462 defense.
17  In Williams, however, an action by the Federal Election Commission ("FEC"), the
18  Ninth Circuit held that when a claim for civil penalties is barred by section 2462 a claim for
19  injunctive relief arising from the same conduct is also barred. See Williams, 104 F.3d at 240
20  (citing Cope v. Anderson, 331 U.S. 461, 464 (1947). The Cope Court stated that

21  > [e]ven though these suits are in equity, the states' statutes of limitations apply.
22  > For it is only the scope of the relief sought and the multitude of parties sued
22  > which gives equity concurrent jurisdiction to enforce the legal obligation here
      > asserted. And equity will withhold its relief in such a case where the
23  > applicable statute of limitations would bar the concurrent legal remedy.

24  331 U.S. at 464. Cope involved private parties, it was not an enforcement action by a federal
25  agency. Williams does not discuss Rind. Unsurprisingly, plaintiff urges the Court to follow
26  Rind and hold that no statute of limitations applies to SEC actions for injunctive relief and
27  disgorgement. Defendants contend that Williams controls.
28  The Court concludes that it is bound by the Ninth Circuit's decision in Rind. Rind

4

1  involved an SEC enforcement action seeking precisely the type of relief at issue here,
2  whereas <u>Williams</u> was brought by the FEC. Moreover, the <u>Rind</u> Court's discussion of the
3  statute of limitation issue is comprehensive whereas the <u>Williams</u> Court applied <u>Cope</u> in a
4  perfunctory factor without consideration of the long-standing principle that statute of
5  limitations do not bar actions in equity by the government. Indeed, other courts outside of
6  this circuit have criticized <u>Williams</u> for failing to distinguish between actions brought by the
7  government in its sovereign capacity and actions brought to vindicate private interests. <u>See</u>
8  <u>United States v. Banks</u>, 115 F.3d 916, 919 (11th Cir. 1997); <u>United States v. Telluride</u>, 1998
9  U.S. App. LEXIS 13586 (10th Cir. June 25, 1998).

Case 5:07-cv-02822-JF   Document 65-2   Filed 12/03/2007   Page 6 of 8

10        Defendants contend that <u>Rind</u> does not control because in that action the SEC was not
11  seeking civil penalties as was the FEC in <u>Williams</u> and as plaintiff does here. Such a
12  distinction is meaningless. If that distinction mattered, the statute of limitation would not bar
13  equitable relief, including injunctive relief, provided the SEC does not in the same complaint
14  seek penalties. That result, of course, makes no sense.
15        Defendants argue that even if "equity does not follow law," section 2462 nevertheless
16  bars plaintiff's injunctive relief claim because in this case the imposition of an injunction
17  constitutes a penalty. They rely primarily on <u>Johnson v. SEC</u>, 87 F.3d 484 (D.C. Cir. 1996).
18  In <u>Johnson</u>, the court held that "penalty" within section 2462 means "a form of punishment
19  imposed by the government for unlawful or proscribed conduct, which goes beyond
20  remedying the damage caused to the harmed parties by the defendant's action." <u>Id.</u> at 488.
21  The court held that the SEC's censure and suspension of a broker was a penalty since it was
22  based upon the broker/supervisor's failure to unreasonably supervise in the past rather than
23  the supervisor's current competence or risk to the public.
24        Even if the Court were inclined to follow <u>Johnson</u>, however, the injunction the SEC
25  seeks here is based upon a current risk to the public. As defendants highlight, to be entitled
26  to an injunction the SEC must prove that each defendant <u>is engaged in or is about to engage</u>
27  <u>in acts or practices constituting a violation of the Securities Act</u>. Thus, such an injunction
28  would be based on a present threat and not simply punishment for a past act. The fact that

5

the injunction may have collateral effects, such as the SEC moving to bar defendants from the securities industry, does not change the nature of the relief sought here. Defendants also argue that there is no present threat posed by defendants. If that is true, plaintiff will not be entitled to the injunctive relief it seeks. Defendants, however, have not moved for summary judgment on the ground that plaintiffs cannot prevail on their claim for injunctive relief as a matter of law. Based on the record before the Court, the injunctive relief sought is not a penalty subject to the five year statute of limitations in section 2462. See e.g., SEC v. Williams, 884 F.Supp. 28 (D. Mass. 1994) (holding that section 2462 does not imply to SEC request for injunctive relief).

Case 5:07-cv-02822-JF    Document 65-2    Filed 12/03/2007    Page 7 of 8

C.   **Disgorgement.**

As with the request for injunctive relief, defendants contend that <u>Williams</u> requires dismissal of the disgorgement remedy because equity follows law. As stated <u>supra</u>, however, <u>Rind</u> controls this action.

Defendants argue that disgorgement is nonetheless a forfeiture within the meaning of section 2462, an issue not addressed by <u>Rind</u>. No court has held that disgorgement of ill-gotten gains is a forfeiture within the meaning of section 2462. Indeed, the <u>Johnson</u> court, upon which plaintiff relies for its injunctive relief argument, held that section 2462 does not apply "where the effect of the SEC's action is to restore the status quo ante, such as through a proceeding for restitution or <u>disgorgement of ill-gotten profits</u>." <u>Id.</u> at 257 (emphasis added).

Plaintiff's arguments as to the meaning of "forfeiture" are persuasive. Forfeiture implies forfeiting something to which one has a right because of something one did, for example, using a car in a drug transaction. Disgorgement means giving up something that was never rightfully yours. Forfeiture may be characterized as punitive while disgorgement is remedial. Disgorgement simply restores the status quo. Accordingly, section 2462 does not apply to SEC actions for disgorgement.

/

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED with respect to plaintiff's request for civil penalties arising from conduct which occurred more than five years before the filing of the complaint. Defendants' motion is DENIED in all other respects.

**IT IS SO ORDERED.**

Case 5:07-cv-02822-JF    Document 65-2    Filed 12/03/2007    Page 8 of 8

Dated: July 30, 1998

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\1997\2761\ORDER2.WPD                     7