1 | MARC J. FAGEL (Cal. Bar No. 154425)
  fagelm@sec.gov
2 | SUSAN F. LaMARCA (Cal. Bar No. 213251)
  lamarcas@sec.gov
3 | MARK P. FICKES (Cal. Bar No. 178570)
  fickesm@sec.gov
4 | JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
5 | ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov
6 |
  Attorneys for Plaintiff
7 | SECURITIES AND EXCHANGE COMMISSION
  44 Montgomery Street, Suite 2600
8 | San Francisco, California  94104
  Telephone:  (415) 705-2500
9 | Facsimile:  (415) 705-2501

10

11

12

13

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

14 | SECURITIES AND EXCHANGE COMMISSION,    Case No. C-07-4431-RMW (HRL)

15 |     Plaintiff,

16 |   vs.                                  **SECURITIES AND EXCHANGE COMMISSION'S OBJECTIONS TO DEENDANT'S REQUEST FOR JUDICIAL NOTICE (FILED IN SUPPORT OF MOTION TO DISMISS)**

17 | LISA C. BERRY,

18 |     Defendant.

19 |                                        Date:  February 15, 2008
                                           Time:  9:00 a.m.
20 |                                        Location:  Courtroom 6, 4th Floor
                                                      Hon. Ronald M. Whyte

21

22

23

24

25

26

27

28

CASE NO. C-07-4431 RMW (HRL)                    SEC'S OBJECTIONS TO DEF.'S REQ. FOR
                                                JUDICIAL NOTICE

1    Plaintiff Securities and Exchange Commission ("Commission") submits its objections to

2  Defendant's Request for Judicial Notice filed in support of her Motion to Dismiss ("Request"), and

3  particularly Exhibits A through F attached thereto.  The circumstances under which the Court may

4  look outside of the pleading in deciding a motion to dismiss are limited.  Moreover, judicial notice

5  may not be taken of facts in dispute on a motion to dismiss. *See Disabled Rights Action Committee v.*

6  *Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004) (under Federal Rule of Evidence 201,

7  court may judicially notice matters of public record *unless the matter is a fact subject to reasonable*

8  *dispute*) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001))  And, evidence that is

9  inadmissible – including irrelevant, inaccurate, or inadmissible hearsay – is not amenable to judicial

10  notice.  Set forth below are the Commission's specific objections to Exhibits A through F.

11

| Exhibit | Objection |
|---------|-----------|
| **Exhibit A:** Complaint filed in SEC v. Schroeder. | Exhibit A, a complaint in a separate matter, is irrelevant to the claims in this case.  Indeed, defendant has not suggested (outside of her instant motion to dismiss) that she believes the Schroeder matter is related to this case, having filed no notice or application to consider the case related.  The purpose for which it is cited (motion at 10, n.8 – that "the primary evidence" of fraud at KLA occurred after Berry's departure) is not an uncontested fact subject to judicial notice. |
| **Exhibit B:** Complaint filed in SEC v. KLA Tencor Corp. | Exhibit B, a complaint in a separate matter, is irrelevant to the claims in this case.  (See objection to Exhibit A.) |
| **Exhibit C:** Complaint filed in SEC v. Juniper Networks, Inc. | Exhibit C, a complaint in a separate matter, is irrelevant to the claims in this case.  (See objection to Exhibit A.) |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **Exhibit D:** Unsigned (and lacking any indication of having been filed) copy of complaint in SEC v. Mercury Interactive, LLC | Exhibit D, a complaint in a separate matter, is irrelevant to the claims in this case. (See objection to Exhibit A.) In addition, the complaint does not support the contention for which it is offered – namely, that a particular regulation, 17 C.F.R. § 240.13b2-1, requires proof of scienter. |
| **Exhibit E:** Speech by SEC Commissioner Paul S. Atkins | Exhibit E does not constitute a "fact" that may be judicially noticed (aside, potentially, from the "fact" that an SEC Commissioner delivered a speech). The speech, contrary to the assertions of the defendant (motion at 8-9, 11 n.9), does not support any uncontested fact of whether backdating may occur through inadvertence; the Commission's allegations of purposeful backdating by defendant are entirely contrary to any theory of inadvertence. (*See* Opposition at 17-18.) The speech is also inadmissible hearsay, as the speaker makes clear that the views expressed are his own, not necessarily those of the Commission (third line of speech). |
| **Exhibit F:** Letter dated Nov. 19, 2006 from Conrad Hewitt | Exhibit F is inadmissible hearsay is not relevant to the issues in this case. As the letter states, it represents only the views of the Office of the Chief Accountant, and has not been approved by the Commission. In addition, the letter states that the views expressed "should not be extended by analogy or relied upon in any other circumstances," and that "evidence of fraudulent or manipulative conduct would require different or additional analyses." |

1

**CONCLUSION**

2     For the above reasons, the Commission objects to Exhibits A through F, or the consideration

3 of those documents as a matter of judicial notice, and respectfully requests that the Court not consider

4 those documents in reaching a determination on defendant's motion to dismiss.

5

6 DATED:   January 11, 2008          Respectfully Submitted,

7

8                                    /s/_____

                                     Susan F. LaMarca
9                                    Attorneys for Plaintiff

10                                   SECURITIES AND EXCHANGE COMMISSION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28