1  MELINDA HAAG (STATE BAR NO. 132612)
   mhaag@orrick.com
2  JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
   jmeyers@orrick.com
3  JAMES N. KRAMER (STATE BAR NO. 154709)
   jkramer@orrick.com
4  MOJI SANIEFAR (STATE BAR NO. 233330)
   msaniefar@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:    415-773-5700
   Facsimile:    415-773-5759
8
   Attorneys for Defendant
9  LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LISA C. BERRY,<br><br>Defendant. | Case No.  5:07-cv-04431 RMW HRL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT LISA C. BERRY'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT**<br><br>Date:    February 15, 2008<br>Time:    9:00 a.m.<br>Courtroom: 6, Fourth Floor |

1  **REQUEST FOR JUDICIAL NOTICE**

Defendant Lisa C. Berry hereby respectfully requests that the Court take judicial notice of the Brief for the United States as Amicus Curiae Supporting Petitioners filed with the United States Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* (S. Ct. No. 06-484 Feb. 2007), attached hereto as Exhibit A.  This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below, and is made in connection with Ms. Berry's Reply in Support of her Motion to Dismiss the Securities and Exchange Commission's Complaint.

**I.    BASIS FOR REQUESTING JUDICIAL NOTICE**

To evaluate a motion to dismiss, courts consider documents that are attached to the complaint, documents incorporated by reference (explicitly and implicitly) in the complaint, and documents that are capable of accurate and ready determination and not reasonably subject to dispute.  *See* Fed. R. Evid. 201; *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997). ("[a] court may take judicial notice of a fact that is not 'subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned'"), *quoting* Fed. R. Evid. 201(b).  If a party requests a court to take judicial notice of such facts, and supplies the court with the necessary information, then judicial notice of those facts is mandatory.  *See* Fed. R. Evid. 201(d).  A court may take judicial notice of facts outside the pleading and in doing so, does not convert a motion to dismiss into a summary judgment motion. *See Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 (1991).

The Court may take judicial notice of news reports or articles and similar information published in the public domain, even if such reports or articles are not referenced in the complaint. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995).  This includes information or guidelines published by a governmental agency.  *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking judicial notice of government publication); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds* 520 U.S. 548 (1997)

(noting that a court may take judicial notice of the record of an administrative agency).  It also includes taking judicial notice of amicus briefs filed in other cases.  *See Bowoto v. Chevron Corp.*, 2006 WL 2455752, at *2 n.4 (N.D. Cal. Aug. 22, 2006).  The Court may also take judicial notice of information made available on a web page because the information is considered "public records and capable of accurate and ready confirmation by sources that cannot reasonably be questioned." *Wible v. Aetna Life Insurance Co.*, 375 F.Supp.2d 956, 965 (C.D. Cal. 2005) (granting request to judicially notice Amazon.com web pages).  Accordingly, based on the above cases, the Court may take judicial notice of what is attached hereto as Exhibit A, a true and correct copy of the February 2007 Brief for the United States as Amicus Curiae Supporting Petitioners filed with the United States Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* (S. Ct. No. 06-484 Feb. 2007), available at http://www.sec.gov/litigation/briefs/2007/tellabsbrief.pdf.

## II.     CONCLUSION

The Court may properly take judicial notice of Exhibit A hereto, without converting Ms. Berry's motion to dismiss into a summary judgment motion.

Dated: February 1, 2008                                    Respectfully submitted,

                                                                                    /s/ Melinda Haag
                                                                         MELINDA HAAG
                                                          ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                                    Attorneys for Defendant
                                                                          Lisa C. Berry