MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
KAREN J. STAMBAUGH (STATE BAR NO. 244918)
kstambaugh@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    415-773-5700
Facsimile:    415-773-5759

ATTORNEYS FOR DEFENDANT
LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>    v.<br><br>LISA C. BERRY,<br><br>             Defendant. | Case No.  5:07-cv-04431 RMW HRL<br><br>**DEFENDANT LISA C. BERRY'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:       February 15, 2008<br>Time:      9:00 a.m.<br>Courtroom: 6, Fourth Floor |

Defendant Lisa C. Berry ("Ms. Berry") respectfully submits this Reply in support of her Request for Judicial Notice ("RJN"), filed with her Motion to Dismiss ("Motion") the Securities and Exchange Commission's ("SEC") Complaint.

## I. INTRODUCTION

The SEC objects to this Court's consideration of two classes of documents: complaints filed by the SEC in other actions alleging improper options "backdating," including actions against the two companies with which Ms. Berry was employed (Exhibits A-D); and a speech by a SEC Commissioner concerning alleged stock options "backdating" and guidance by the SEC's Office of the Chief Accountant on stock options accounting, both of which the SEC itself has made widely and publicly available by publishing them on its own website (Exhibits E, F).[1] These objections misconstrue the purpose for which Ms. Berry offers the RJN documents, and ignore or distort established Ninth Circuit precedent. Because Ms. Berry has submitted the documents not for the truth of their contents, but rather to establish the existence of certain statements that are capable of accurate and ready determination and that are not reasonably in dispute, the SEC's objections have no bearing on whether the documents are judicially noticeable.

## II. ANALYSIS

### A. The Appropriate Legal Standard

As Ms. Berry showed in her RJN (at 1), and as the SEC does not seriously dispute, courts routinely recognize documents and other matter outside the "four corners" of the complaint without converting a motion to dismiss into one for summary judgment:

> In determining whether to grant a Federal Rule 12(b)(6) motion, district courts … [are] not limited to the four corners of the complaint …. Numerous cases … have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment.

5B C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D, § 1357 at 375-77. The

---

[1] The SEC raises no objections to Exhibits G and H of Ms. Berry's RJN.

- 1 -

DEFENDANT'S REPLY ISO
REQUEST FOR JUDICIAL NOTICE
5:07-CV-04431 RMW HRL

1   SEC does not appear to object to this unquestionably correct statement of the law, but instead to
2   the relevance of the documents to which it objects.  As Ms. Berry now shows, it is appropriate for
3   the Court to consider these documents on her Motion, and doing so would not convert her Motion
4   into a motion for summary judgment.

5          **B.     Judicial Notice of Complaints Filed in Other Courts is Proper**

6          Contrary to the SEC's suggestion, a court may properly take notice of "matters of public
7   record," including pleadings filed in other courts.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689
8   (9th Cir. 2001);  *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360,
9   1364 (9th Cir. 1998) (taking judicial notice of pleadings filed in state court action).  Documents
10  that are part of the public record may be judicially noticed to show, for example, that a case was
11  filed in another court, that a judicial proceeding occurred, or that a party took a particular position
12  in another judicial proceeding.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003);
13  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, (9th Cir. 1986) (taking judicial notice against a
14  party of allegations contained in a motion to dismiss and supporting memorandum it filed in
15  another action, but not that the admissions were true); *Metropolitan Creditors' Trust v.
16  PricewaterhouseCoopers, LLP*, 463 F. Supp. 2d 1193, 1198 (E.D. Wash. 2006) (taking judicial
17  notice of existence of two related proceedings).

18                 **1.     Exhibit A – SEC's complaint against Kenneth L. Schroeder**

19         Contrary to the SEC's objection that Ms. Berry impermissibly cites this complaint to
20  establish a "contested fact," Ms. Berry offers this court document to establish the existence of the
21  SEC's allegations against Mr. Schroeder, and the fact that they cover only the time period after
22  she had left KLA-Tencor Corporation ("KLA").  This document also supports Ms. Berry's
23  assertion that the SEC has charged *only* Ms. Berry for conduct that allegedly occurred during her
24  tenure at KLA.  Motion at 2 & n.3.  Because Ms. Berry offers this complaint to establish that the
25  SEC made or did not make certain allegations against Mr. Schroeder, and not for the truth or
26  accuracy of the facts pled in the complaint against him, the SEC's objection is misplaced.  The
27  existence of certain allegations against Mr. Schroeder is not a "contested fact" and the Court may
28

- 2 -                                    DEFENDANT'S MOTION TO DISMISS
                                         C 07 4431 RMW HRL

properly take judicial notice of this complaint.

### 2.  **Exhibit B – SEC's complaint against KLA**

Again, Ms. Berry offers the SEC's complaint against KLA not for the truth of the SEC's assertions therein, but rather to establish that while the SEC charged Ms. Berry with aiding and abetting fraud by KLA, it did *not* charge KLA with the alleged primary violation. Motion at 2 & n.14, and 22. This fact is relevant to whether the SEC has adequately pled its "aiding and abetting" claim against Ms. Berry.

### 3.  **Exhibit C – SEC's complaint against Juniper**

Similarly, the SEC's complaint against Juniper Networks, Inc. ("Juniper") is offered to show the allegations made and not made against Juniper, not for the truth of the facts underlying those allegations.

### 4.  **Exhibit D – SEC's complaint against Mercury**

This complaint, like all the others, is a matter of public record and is offered as evidence that the SEC has taken the position in a case alleging unlawful options "backdating" that the SEC promulgated Securities Exchange Act of 1934 ("Exchange Act") Rule 13b2-1 pursuant to Section 13(b)(5) of the Exchange Act, which expressly requires *knowing* conduct. *See* Motion at 20. With particular regard to the SEC's observation that the document is unsigned and lacks any indication of having ever been filed, Ms. Berry notes that this is how the document appears on the SEC's own website. *See* link to SEC complaint in *SEC v. Mercury Interactive, LLC*, No. 5:07-cv-02822-JF at bottom of http://www.sec.gov/litigation/litreleases/2007/lr20136.htm. To eliminate any doubt, Ms. Berry attaches hereto a signed, file-stamped copy of the SEC's complaint in the *Mercury* action. *See* Attachment A.

### C.  **Judicial Notice of Documents in the Public Record is Proper**

Public records and government documents are generally considered "not [to be] subject to reasonable dispute," including government documents available from reliable sources on the internet (including the agency's own website). *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (taking judicial notice of congressional documents).

### 1. Exhibit E – Speech by SEC Commissioner Paul Atkins

The SEC objects to consideration of this document because, in its view, the document (1) does not constitute a "fact" that may be judicially noticed; (2) does not support any uncontested fact; and (3) is inadmissible hearsay. Again, the SEC misses the point. Ms. Berry offers the text of the speech to support her contention that a SEC Commissioner made certain statements, not for the truth of the statements themselves. *See S. La. Area Rate Cases v. FPC*, 428 F.2d 407, 438 (5th Cir. 1970) (taking judicial notice of "concerns" expressed in speeches by Regulatory Utility Commissioners, but not "of the specific facts they state for the purpose of resolving contested issues").

In his speech, Commissioner Atkins stated, among other things, that "[b]ackdating of options sounds bad, but the mere fact that options were backdated does not mean that the securities laws were violated," and that "there is no securities law issue if backdating results from an administrative, paperwork delay." *See* Motion at 11 n.9; RJN, Ex. E. Whether or not this assertion is true, the fact that the statement was made in a speech by a SEC Commissioner and published by the SEC on its website (notwithstanding the boilerplate disavowal of Commissioner Atkins' views as "not necessarily those of the Commission") is not a "contested fact." The fact that the SEC's allegations against Ms. Berry are "entirely contrary to any theory of inadvertence" (SEC Objections at 2) does not render judicial notice of a contradictory fact improper.

### 2. Exhibit F – Office of the Chief Accountant Letter

Again, the SEC objects that the November 19, 2006 letter from the Office of the Chief Accountant is "inadmissible hearsay" and "not relevant to the issues in this case." The SEC further protests that the letter "has not been approved by the Commission."

As with Exhibit E, this letter is offered to establish not the truth of the contents of the letter, but the facts that the SEC's own Office of the Chief Accountant has publicly recognized the difficulties in applying APB 25, and that the SEC has made the Chief Accountant's letter publicly available on its website in order to provide guidance to companies and their auditors.[2] It

---

[2] Other courts in this District have recently recognized the role of the Chief Accountant's letter in providing guidance in applying APB 25. *In re CNET Networks, Inc. Shareholder Deriv. Litig.*,

- 4 -  DEFENDANT'S MOTION TO DISMISS
C 07 4431 RMW HRL

is relevant in determining whether the SEC has adequately pled Ms. Berry's scienter.  Motion at 15.  As such, the SEC's "hearsay" and relevance objections to this Exhibit are improper.

Dated: February 1, 2008

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
KAREN J. STAMBAUGH
ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ MELINDA HAAG
MELINDA HAAG
Attorneys for Defendant
Lisa C. Berry

---

483 F. Supp. 2d 947, 955 (N.D. Cal. 2007) (taking judicial notice of Chief Accountant's letter); *In re Zoran Corp. Deriv. Litig.*, 511 F. Supp. 2d 986, 1003-1004 (N.D. Cal. 2007) (noting that "[t]he Office of the Chief Accountant of the Securities and Exchange Commission has stated that the accounting treatment of stock options admits the possibility of innocent error").