MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LaMARCA (Cal. Bar No. 213251)
 lamarcas@sec.gov
MARK P. FICKES (Cal. Bar No. 178570)
 fickesm@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
 pendreyj@sec.gov
ELENA RO (Cal. Bar No. 197308)
 roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>LISA C. BERRY,<br><br>    Defendant. | Case No. C-07-4431-RMW (HRL)<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date: March 14, 2008<br>Time:        10:30 a.m.<br>Location:   Courtroom 6, 4th Floor<br>               Hon. Ronald M. Whyte |

On December 14, 2007, at the parties' Initial Joint Case Management Conference, the

Court set a further case management conference for March 14, 2008.  Pursuant to the Northern

District's Local Rule 16-9(d), plaintiff Securities and Exchange Commission ("SEC" or

"Commission") and defendant Lisa C. Berry ("Ms. Berry") submit this Subsequent Joint Case

Management Statement in anticipation of the March 14, 2008 Case Management Conference.

1. **PROGRESS OR CHANGES SINCE THE LAST CASE MANAGEMENT CONFERENCE**

   **A. The Commission's Description**

   The Commission's recollection of the December 14, 2007 Case Management Conference ("CMC") differs slightly from Ms. Berry's summary, below. At the CMC, the Commission indicated that it wished to proceed immediately with discovery, including, but not limited to, the deposition of Ms. Berry. Ms. Berry's counsel argued that it would be inappropriate to depose her until she had the opportunity to seek documents from various third parties. The Commission believes that the Court stayed deposition discovery for approximately 90 days to give Ms. Berry the opportunity to seek documents and resolve privilege issues. The Commission further understood that the Court would permit deposition discovery, including Ms. Berry's deposition, to commence after the March 14, 2008 case management conference. Indeed, the Court's minute order [Docket No. 22] states that "[w]ithin the next 90 days, defense to conduct written discovery from third parties. The deposition of Berry shall go forward. No deposition discovery shall go forward."

   Despite being given 90 days to conduct third-party document discovery, Ms. Berry waited one month, until January 16, 2008, to begin serving document subpoenas. Some subpoenas were served as recently as February 22.

   **B. Ms. Berry's Description**

   Since the last Case Management Conference on December 14, 2007, the parties completed briefing on Ms. Berry's Motion to Dismiss the SEC's Complaint, and oral argument on the Motion was held on February 15, 2008. The Motion is deemed submitted.

   At the December 14, 2007 Case Management Conference, the Court indicated that within the next ninety days, Ms. Berry should begin submitting subpoenas for the production of documents to third parties. In accordance with that instruction, and pursuant to Fed. R. Civ. P. 45, Ms. Berry has begun sending document subpoenas. As noted in the parties' initial Joint Case Management Statement, filed December 7, 2007 ("Initial CMC"), the SEC identified 110 witnesses likely to have discoverable information that it may use to support its claims. Rather

than immediately subpoena all 110 of those witnesses at holiday time, as the SEC seems to

suggest in its description above she should have done, Ms. Berry chose to proceed more

judiciously by making informed assessments about which individuals and entities to subpoena, in

what order, and at what time.  Accordingly, Ms. Berry has already issued numerous subpoenas

and is in the process of issuing numerous additional subpoenas in an appropriate, stepwise

fashion.  To date, Ms. Berry has issued the following document subpoenas:

> KLA-Tencor Corporation
> Juniper Networks, Inc.
> Juniper Audit Committee
> Wilson Sonsini Goodrich and Rosati (related to work for KLA-Tencor Corporation)
> Wilson Sonsini Goodrich and Rosati (related to work for Juniper Networks, Inc.)
> Michael Kahn
> John Kispert
> Maureen Lamb
> Stuart Nichols
> Joy Nyberg
> Jon D. Tompkins
> Robert Atherton
> Jody Bisson
> Blythe Bruntz
> Mary Cole
> Leilani Eames
> Marcel Gani
> Scott Kriens
> Allen Lo
> Ray Martinelli
> Carmen McMahon Elliot
> Kenneth Miller
> Jill Sullivan
> Brienne Taloff Fisher
> Leonard Armstrong, service in progress

Ms. Berry is also in the process of serving additional subpoenas on other individuals and

entities.  Ms. Berry is awaiting confirmation from these additional individuals' and entities'

counsel as to whether they will accept service on the recipients' behalf.

## 2.    DISCLOSURES

On October 31, 2007, the parties exchanged initial disclosures pursuant to Fed. R. Civ. P.

26.  In her initial disclosures, Ms. Berry identified persons who may have discoverable

information that she may use to support her claims or defenses.  Subsequent to her initial

1  disclosures, and as a result of the ongoing review of documents received from the Commission

2  and preparation of third party subpoenas for documents, Ms. Berry has identified additional

3  persons who may have discoverable information that she may use to support her claims or

4  defenses. Ms. Berry intends to provide the Commission with supplemental disclosures pursuant

5  to, and within the time contemplated by, Fed. R. Civ. P. 26(e).

6  **3.        PROPOSAL FOR REMAINDER OF THE CASE**

7        **A. The Commission's Description:**

8        As the Commission indicated in the Initial CMC statement last December, the

9  Commission has requested dates for Ms. Berry's deposition, which the Commission intends to

10  notice for April 2008, if the Court permits deposition discovery to go forward. Despite the

11  Commission's request, Ms. Berry has declined to provide possible deposition dates. The

12  Commission anticipates taking between 15 and 20 depositions of percipient witnesses, and

13  therefore proposes that the Court permit each party to take up to 20 depositions without further

14  need for leave of Court. If after taking 20 depositions, either party determines that more

15  depositions are necessary, the party may apply to the Court for further expansion of the number.

16  (The Commission further proposes that the number of expert depositions be additive, and based

17  upon the number of persons disclosed by the opposing party pursuant to Rule 26(b)(2).)

18        Ms. Berry complains about the Commission's discovery proposal yet fails to offer any

19  specific proposal of her own. Instead, Ms. Berry makes several inaccurate statements and

20  assumptions about what the Commission agreed to in another case, *SEC v. Schroeder*. Likewise,

21  Ms. Berry misrepresents both the facts and circumstances leading to the issuance of a protective

22  order. Unfortunately, Ms. Berry had no first-hand knowledge of what transpired in the *Schroeder*

23  case and never asked for the Commission's position. The Commission will be prepared to

24  present the accurate facts to the Court at the CMC.

25        As for Ms. Berry's suggestion that Magistrate Lloyd decide when Ms. Berry will be

26  deposed, the Court already indicated at the initial CMC that Ms. Berry's deposition would go

27  forward. Now that Ms. Berry is unhappy with this Court's decision, she seeks to litigate the issue

28  in front of a different judge. This is simply unnecessary as the Court has already ruled on this

issue. Moreover, Ms. Berry fails to set forth any of the "compelling" reasons why this Court should reverse its previous decision. In addition, the notion that she needs to serve document subpoenas on countless third parties before she can be deposed about events in which she participated or to which she was a percipient witness is nonsensical. Finally, at the CMC, the Court made it clear that it would rule on when Berry should be deposed. The Court expressly stated that the issue could be resolved at a CMC without the need for a magistrate.

In the initial CMC statement, the Commission proposed a schedule that would have lead to a trial date in early 2009. At the CMC, the Court indicated that it thought the Commission's proposal seemed "about right." Given the stay in deposition discovery, the Commission now proposes the following revised schedule:

Last day for fact discovery: January 9, 2009

Last day to identify expert witnesses: December 19, 2008

Last day to complete expert discovery: February 13, 2009

Last day to hear dispositive motions: April 10, 2009

Pre-trial conference: May 8, 2009

Trial: June 1, 2009

No request for a jury trial has yet been made. The Commission estimates the trial will take approximately 14 days.

**B. Ms. Berry's Description:**

As previously indicated, Ms. Berry has issued 25 subpoenas and is in the process of issuing a similar number of additional subpoenas. It is likely that Ms. Berry will issue still other subpoenas in the near future.

To date, Ms. Berry has received only a small portion of the requested documents. While Ms. Berry anticipates that additional documents will be produced to her, based on receipt of written objections and oral communications with counsel for some third parties who have asserted privilege in refusing to produce the requested documents, Ms. Berry anticipates that she will not receive all the documents necessary for her defense absent assistance from the Court. In fact, one such third party, KLA-Tencor Corporation ("KLA"), has already objected to Ms. Berry's

1  document request on privilege grounds and has stated in another similar action, *SEC v. Schroeder*,

2  that it

> "has made it abundantly clear that it intends to instruct all KLA witnesses
> not to answer any questions that seek information protected by the attorney
> client privilege or attorney work product doctrine [...] If Schroeder intends
> to inquire into privileged communications and documents he should first
> obtain a court order allowing him to do so [...]" [1]

7  It is noteworthy that, in that case, Magistrate Judge Lloyd granted the requested protective order

8  to postpone the depositions at issue until the related privilege issues were resolved.[2] Ms. Berry

9  believes that it will be necessary to have the Court or Magistrate Judge Lloyd clarify these

10  privilege and other issues in this case as well.[3]

11      As to deposition discovery, Ms. Berry disagrees with the SEC's proposal to limit each

12  party to 20 depositions absent further leave of court. As mentioned, the SEC has identified *110*

13  witnesses who it believes are likely to have discoverable information that it may use to support its

14  claims. It bears observation that the SEC conducted an extensive investigation before bringing

15  this action, including taking sworn testimony and conducting numerous interviews, so it is not

16  surprising that the SEC does not feel the need to take the depositions of all or even most of the

17  110 witnesses it has identified. While Ms. Berry does not anticipate taking 110 depositions, at

18  this point, without the aid of a fuller record, it would be premature to limit the number of

19  depositions. Further, in the *Schroeder* action, which involves only one of the two companies that

20  are involved in this case, the SEC itself agreed to a minimum of *40* depositions for each side.[4]

---

[1] *See* Civil Case No. 5:07-cv-03798-JW (N.D. Cal. Non Parties KLA-Tencor Corporation's and John Kispert's Motion for Protective Order re: Depositions of Current and Former KLA Witnesses filed on Feb. 6, 2008) Docket No. 45, pp. 4-5 (attached hereto as Exhibit A).

[2] *See id.* (Order Granting KLA-Tencor's Motion for Protective Order filed on Feb. 20, 2008) Docket No. 65, p.4 (attached hereto as Exhibit B).

[3] Ms. Berry's reference to Magistrate Judge Lloyd is not an effort to change to a "different judge" as the Commission suggests above. Discovery issues are routinely referred to magistrate judges.

[4] *See id.* (Stipulation and Order Granting Stipulated Discovery Plan filed on Feb. 15, 2008) Docket No. 64, pp. 1-2 (attached hereto as Exhibit C).

The SEC offers no explanation why it believes 40 depositions per side in the *Schroeder* action are appropriate with respect to alleged options practices at KLA alone, but that Ms. Berry should be limited to 20 depositions for discovery regarding alleged options practices at both KLA *and* Juniper Networks, Inc.

Further as to deposition discovery, the SEC's desire to take Ms. Berry's deposition at the outset of discovery is unwarranted. The SEC has offered no proper reason for rushing Ms. Berry's deposition, and there are several compelling reasons for *not* doing so. Ms. Berry also does not believe that the Court has already ruled on the issue of when her deposition should go forward. It is Ms. Berry's understanding that at the Initial CMC, the Court postponed deciding this issue and indicated that it would revisit it at the subsequent CMC on March 14, 2008. In any event, whether Ms. Berry must be deposed forthwith – without the benefit of any document discovery from the companies and critical third parties but with the attendant inevitability that the Commission will seek to burden Ms. Berry with at least another deposition after documents have been produced – should be resolved by Magistrate Judge Lloyd only after briefing and a hearing on either a motion to compel or a motion to quash or for a protective order.

Finally, as to the proposed timeline for the remainder of the case, Ms. Berry adheres to her position as set forth in the Initial CMC, at p. 10, namely, that "it is premature to propose or establish a discovery, dispositive motions, and trial schedule at this juncture" (particularly given the pendency of the Motion to Dismiss) and that "the SEC's proposed schedule is far too aggressive and inappropriate" given (i) the inevitable need for Magistrate Judge Lloyd and perhaps this Court to resolve the privilege and other issues that third parties will raise and (ii) the extensive number of witnesses – numbering well over 100 – from whom discovery will need to be taken.

1    **4.    SETTLEMENT AND ADR**

2           On December 13, 2007, the parties participated in an ADR phone conference with Robin

3    W. Siefkin, ADR Program Staff Attorney.  The parties indicated their preference for a Settlement

4    Conference before a United States Magistrate Judge to take place after the Court has heard and

5    ruled upon Ms. Berry's Motion to Dismiss.

6

7    DATED:    February 29, 2008              Respectfully submitted,

8

9                                             _____/s/ *Mark P. Fickes*_____

10                                            Mark P. Fickes
                                                  Attorneys for Plaintiff
11                                           SECURITIES AND EXCHANGE COMMISSION

12                                            _____/s/ *Melinda Haag*_____

13                                           Melinda Haag
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
14                                           Attorneys for Defendant
                                             LISA C. BERRY
15

16

17   Orrick, Herrington & Sutcliffe LLP hereby attests that it has obtained approval for any signatures indicated by "/s/"
     within this e-filed document.
18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   MORGAN, LEWIS & BOCKIUS LLP
    JOHN H. HEMANN (SBN 165823)
2   JOSEPH E. FLOREN (SBN 168292)
    THOMAS R. GREEN (SBN 203480)
3   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
4   Tel:  415.442.1000
    Fax:  415.442.1001
5   Email: jhemann@morganlewis.com
           jfloren@morganlewis.com
6          tgreen@morganlewis.com

7   Attorneys for Non Parties KLA-Tencor Corporation
    and John Kispert

8

9                    UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12
    SECURITIES AND EXCHANGE              Case No. C-5:07-cv-3798-JW (HRL)
13  COMMISSION,
                                         **NON PARTIES KLA-TENCOR
14                  Plaintiff,           CORPORATION'S AND JOHN
                                         KISPERT'S MOTION FOR PROTECTIVE
15         v.                            ORDER RE: DEPOSITIONS OF
                                         CURRENT AND FORMER KLA
16  KENNETH L. SCHROEDER,                WITNESSES**

17                  Defendant.           DATE:      MARCH 11, 2008
                                         EXPEDITED [HEARING REQUESTED ON
18                                       FEBRUARY 12, 2008]
                                         TIME:      10:00 A.M.
19                                       DEPT.:     COURTROOM 2, 5TH FLOOR (SJ)
                                         JUDGE:     MAGISTRATE JUDGE HOWARD R.
20                                       LLOYD

21                                       TRIAL DATE:

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                                                    5:07-cv-03798 JW
        NON PARTY KLA-TENCOR CORPORATION'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS
                        OF CURRENT AND FORMER KLA WITNESSES

1           **NOTICE OF MOTION AND MOTION:  RELIEF REQUESTED**

2         PLEASE TAKE NOTICE that on March 11, 2008, at 10:00 a.m., or at such other date and

3 time as the Court may order, in Courtroom 2 of the above-entitled court, located at 280 South

4 1st Street, San Jose, California, non-parties KLA-Tencor Corporation ("KLA") and John Kispert

5 will and hereby do move, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order

6 precluding depositions of current and former KLA directors, officers and employees until after

7 the court has ruled on defendant Kenneth Schroeder's pending motion to dismiss and any

8 privilege issues raised by that motion in the event that the motion to dismiss is denied.  KLA and

9 Defendant Kenneth Schroeder have filed a stipulation seeking to have KLA's motion for a

10 protective order heard on shortened time, specifically on February 12, 2008, at 10:00 a.m. in the

11 same above referenced court.  This motion is based on this Notice, the attached Memorandum of

12 Points and Authorities in Support, *infra*, the Declaration of Thomas R. Green in Support of the

13 Motion and any argument of counsel and oral argument entertained by the Court at the hearing.

14 Filed herewith is the Certification required by Federal Rule of Civil Procedure 26(c) regarding

15 counsel's efforts to resolve this dispute.

16                **STATEMENT OF ISSUES TO BE DECIDED**

17       1.     Should the Court issue a protective order under Federal Rule of Civil

18 Procedure 26(c) precluding depositions of former and current KLA directors, officers and

19 employees until after the court has ruled on defendant Kenneth Schroeder's pending motion to

20 dismiss and any privilege issues raised by that motion in the event that the motion to dismiss is

21 denied?

22               **MEMORANDUM OF POINTS AND AUTHORITIES**

23

24 **I.**     **INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

25         Schroeder has served subpoenas commanding the deposition testimony of at least eight

26 current and former KLA directors, officers and employees in this matter, none of whom are

27 parties to this action, and all of whom are commanded to appear for deposition by the end of

28 March. *See* Thomas R. Green Declaration in Support of KLA's Motion for Protective Order

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    ("Green Decl.") at ¶ 2.  He has since requested deposition dates for an additional three current

2    KLA employees, and indicated an intention to depose each of them as quickly as possible.[1]  In the

3    meantime, KLA has come to learn that Schroeder filed a motion to dismiss this entire action, with

4    said motion set to be heard on March 24, 2008.  *Id.* at ¶ 3.  With discovery open until March 2009

5    in this action, no urgency exists to burden non-party witnesses with the expense and annoyance of

6    appearing for depositions that will not even be necessary should Schroeder prevail on his motion

7    to dismiss.  *Id.* at ¶ 4.

8         KLA has asked Schroeder to agree to continue the depositions until after the court has

9    ruled on his motion to dismiss.  Schroeder has rejected KLA's request.  *Id.* at ¶ 5.  Moreover,

10    Schroeder has made it clear that he intends to seek information from these witnesses which he

11    knows KLA contends is subject to attorney client privilege and/or attorney work product

12    protection.  *See,* Green Decl., ¶¶ 7-8.  Schroeder has already deposed the first KLA witness,

13    former KLA General Counsel Stu Nichols, who sacrificed an entire Sunday sitting through a

14    series of questions designed to elicit instructions not to answer from KLA counsel.  *Id.*  If the

15    Court denies Schroeder's motion to dismiss, the moving parties anticipate that Schroeder will file

16    a second motion arguing that KLA waived the privilege and that current and former KLA

17    witnesses should be compelled to sit for a second day of testimony.  Even if the motion to dismiss

18    had not been filed, a protective order is warranted to delay all depositions of KLA witnesses until

19    any privilege issues have been resolved.  It makes little sense to insist that a non-party witness sit

20    through a day of instructions not to answer if Schroeder intends to file a motion compelling that

21    witness to return a second day to respond to further questions seeking privileged information.

22         KLA requests an order from the court precluding any depositions of current and former

23    KLA directors, officers, employees and counsel until and if the court denies Schroeder's pending

24    motion to dismiss and rules on any privilege issues Schroeder or other parties may raise in the

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

---

[1] The precise scope of witnesses covered by this motion may change prior to the hearing date.  Counsel for Schroeder has suggested that she may be taking some of the depositions off calendar until after the Court has ruled on Schroeder's motion to dismiss.  KLA anticipates that all former KLA witnesses represented by separate counsel will join KLA's motion.  *See* Green Decl. at ¶¶ 5-6.

1   event his motion to dismiss is denied.[2]  Moving parties do not seek permanent relief from being

2   deposed.  They merely seek the court's intervention so that the depositions may take place

3   pursuant to a sensible schedule that minimizes the inconvenience and expense hoisted upon the

4   non-party deponents.

5   **II.      ARGUMENT**

6          The Federal Rules of Civil Procedure state that a court "may, for good cause, issue an

7   order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

8   or expense" and may "specify[] terms, including time and place, for the disclosure or discovery."

9   Fed. R. Civ. P. 26(c).  Good cause exists for a protective order where the moving party

10  demonstrates "annoyance, embarrassment, oppression, or <u>undue burden or expense</u>." *Graebner v.*

11  *James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (granting a protective order preventing

12  a second deposition of a party witness) (emphasis added).  Proceeding with the depositions of the

13  KLA witnesses now, prior to a potentially dispositive motion to dismiss, and prior to resolving

14  any disputes that may exist surrounding KLA's assertion of the attorney client privilege, creates

15  tremendous undue burden and expense on the non-party witnesses.  With discovery open in this

16  matter for more than another year, Schroeder cannot be prejudiced by KLA's short term and

17  reasonable request.

18       **A.      Good Cause Exists to Postpone All Non-Party KLA Depositions Until After
            The Court Has Ruled on Schroeder's Pending Dispositive Motion to Dismiss.**

19
            Magistrate judges have been given broad discretion to stay discovery pending decisions

20  on dispositive motions.  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir.1985).

21
    And in exercising that discretion, courts routinely grant relief from discovery when motions to

22
    dismiss are pending, for the obvious reason that, if the motion is granted, the discovery in

23
    question will be unnecessary.  *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)

24

25

26      [2] This motion is brought on behalf of KLA and current KLA officer John Kispert, one of the non-
        party individuals subpoenaed to testify.  KLA anticipates that all current and former KLA officers,

27      directors and employees who have received deposition subpoenas, the bulk of whom have their own
        counsel, will join this motion.  Due to the rushed nature of this motion, KLA could not circulate a draft

28      motion for the other parties to join prior to filing its moving papers.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                                    3                              5:07-cv-03798 JW

NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE
ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

1   (District Court did not err in granting a protective order preventing discovery from proceeding

2   while motion to dismiss was pending); *see also Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993)

3   (District Court granted a protective order to prevent a deposition from going forward when a

4   motion to dismiss was pending); *Grant v. Pitchford*, 565 F.Supp. 430, 432 (S. D. Cal. 1983)

5   (protective order granted where the "motion to dismiss, if granted, would be dispositive of the

6   case").  Relief from discovery is particularly appropriate where, as here, the discovery is not

7   necessary to resolving the issues presented in the motion to dismiss. *Grant*, 565 F. Supp. at 432

8   (granting a protective order where "none of the discovery sought by plaintiff related to any of the

9   issues raised by the motion to dismiss").

10          Though KLA's motion is not based solely on the existence of Schroeder's pending motion

11  to dismiss, some Courts have applied a two-step test in determining whether a protective order

12  should issue on the sole basis of the existence of a pending motion to dismiss. *See, e.g. Lowery v.*

13  *F.A.A.* No. CIV.S93 1352EJG/GGH, 1994 WL 912632, *3 (E.D.Cal. April 11,1994).  The two

14  part test asks whether the pending motion is potentially dispositive of the case and whether the

15  pending motion can be decided absent additional discovery. *See, e.g.* Lowery v. F.A.A. No.

16  CIV.S93 1352EJG/GGH, 1994 WL 912632, *3 (E.D.Cal. April 11,1994).  If the court answers

17  these two questions in the affirmative, a protective order should issue.

18          Here, it is clear that KLA meets both prongs of this test.  First, Schroeder's Motion to

19  Dismiss, if granted, would be dispositive of the pending action.  Schroeder asks that the SEC's

20  complaint be dismissed with prejudice because he has been prevented from presenting a defense,

21  in violation of 'fundamental fairness' and due process.  Motion to Dismiss at 19-24.  Second, the

22  motion to dismiss filed by Schroeder will not be resolved on the basis of any evidence adduced at

23  the fast approaching depositions of Mr. Levy and the other former or current KLA officers,

24  directors, and employees.  Schroeder bases his motion on principles of 'fundamental fairness' and

25  alleges violations of his Fifth Amendment 'due process' rights, arguing that the assertion of the

26  attorney-client privilege by KLA has made it "impossible" to defend himself against the SEC's

27  allegations (Schroder's Motion to Dismiss at 16-18).  No further depositions are necessary to

28  develop this argument.  KLA has made it abundantly clear that it intends to instruct all KLA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                          4                          5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE
ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

1   witnesses not to answer any questions that seek information protected by the attorney client

2   privilege or attorney work product doctrine. *See* Green Decl. at ¶ 7. Indeed, Schroeder's motion

3   to dismiss is predicated on this fact. As such, good cause exists to postpone all depositions of

4   former or current KLA officers, directors and employees until after the Court has ruled upon

5   Schroeder's motion to dismiss.

6   **B.      Good Cause Exists to Postpone All Non-Party KLA Depositions Until After Any Subsequent Challenge to KLA's Claim of Privilege is Determined.**

7           KLA can show good cause for the additional reason that subjecting its former and current

8   officers, directors, and employees to depositions as demanded by Schroeder could result in

9   additional depositions. If Schroeder's motion to dismiss is denied, it would be inefficient to

10  conduct depositions until such time that Schroeder has either accepted the legitimacy of KLA's

11  privilege assertions, or brought an appropriate motion challenging such assertions. Otherwise, the

12  parties run the very real risk that Schroeder will seek a second deposition of the non-party

13  witnesses in the event he later successful challenges KLA's assertion of the privilege. Such

14  second depositions are disfavored. *See Graebner v. James River Corp.*, 130 F.R.D. 440, 441

15  (N.D. Cal. 1989) (Magistrate Judge granted protective order to prevent second deposition, noting

16  "second depositions are disfavored"). If Schroeder intends to inquire into privileged

17  communications and documents he should first obtain a court order allowing him to do so, rather

18  than dragging non-party witnesses to multiple depositions. The Court should grant the protective

19  order to ensure that the parties' efforts preparing for and attending depositions are not wasted

20  and/or duplicated.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                      5                      5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE
ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

## III.    CONCLUSION

For the foregoing reasons, this Court should postpone the depositions of all former and current KLA personnel until after Schroeder's motion to dismiss, and any effort by Schroeder to challenge KLA's assertion of privilege, have been resolved.


Dated: February 6, 2008                    MORGAN, LEWIS & BOCKIUS LLP


                                           By        /s/    Thomas R. Green
                                               Thomas R. Green
                                               Attorneys for Third Party KLA-Tencor
                                               Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                         6                    5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE
ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

**EXHIBIT B**

1

2

3                                                    *E-FILED 2/20/2008*

4

5

6

7                                          NOT FOR CITATION

8                            IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                        SAN JOSE DIVISION

11    SECURITIES AND EXCHANGE                    No. C07-03798 JW (HRL)
      COMMISSION,
12                                               **ORDER GRANTING KLA-TENCOR'S**
                     Plaintiff,                  **MOTION FOR PROTECTIVE ORDER**
13        v.
                                                 **[Re: Docket No. 45, 49, 56]**
14    KENNETH L. SCHROEDER,

15                   Defendant.
                                          /
16

17        This is a civil enforcement action for alleged improper stock option backdating at KLA-

18    Tencor Corporation ("KLA").  Defendant Kenneth Schroeder is KLA's former Chief Executive

19    Officer.  The SEC contends that he was a key participant in a fraudulent scheme to backdate

20    stock options, resulting in the concealment of millions of dollars in executive and employee

21    compensation and significant overstatement of the company's income.

22        Before filing the instant action, the SEC investigated KLA's option granting practices.

23    In that investigation, the SEC obtained memoranda of approximately 55 witness interviews

24    conducted by a Special Committee of KLA-Tencor's Board of Directors.  The SEC reportedly

25    produced these memoranda to Schroeder as part of its initial disclosures in the instant action.

26    The Skadden, Arps, Meagher & Flom law firm ("Skadden") served as counsel for the Special

27    Committee.

28        Schroeder has filed a motion to dismiss which is set for hearing before Judge Ware on

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

March 24, 2008. In that motion, he essentially argues that, because of KLA's assertion of the attorney-client privilege and work product protection, he has been prevented from obtaining key discovery and preparing an adequate defense against the SEC's allegations.

This matter presently is before this court on KLA's expedited motion for protective order. KLA, a non-party, argues that the deposition of its officer, John Kispert – as well as the depositions of all current and former KLA directors, officers and employees – should, at the very least, be postponed until after Judge Ware rules on Schroeder's motion to dismiss. Even assuming that the case survives dismissal, KLA argues that the depositions should be postponed, in any event, until after this court resolves the privilege disputes that have arisen in connection with this discovery.

Non-parties Kenneth Levy, Edward Barnholt and Gary Dickerson – all current or former KLA-affiliated deponents – join in KLA's motion. Skadden also filed a "joinder," requesting that this court postpone the depositions of all Skadden attorneys and suspend Skadden's obligation to respond to Schroeder's written discovery until after the court resolves his motion to dismiss and all associated privilege issues. Defendant opposes KLA's motion and objects to Skadden's purported joinder.

Upon consideration of the papers filed by the parties, as well as the arguments presented at the February 12, 2008 expedited hearing, this court grants KLA's motion as follows:

The court declines to postpone the depositions of KLA's current and former officers, directors and employees merely because a motion to dismiss is pending. As discussed at the motion hearing, it finds that the more salient question is whether the depositions at issue should be postponed in view of apparent disputes which have arisen over KLA's privilege and work product assertions.

Although the precise number of KLA depositions in question has been somewhat of a moving target, there appear to be fourteen individuals whom Schroeder wishes to depose in the near term (i.e., before the March 24, 2008 hearing on his motion to dismiss). He intends to proceed with the previously noticed February 22, 2008 deposition of Edward Barnholt (identified as a member of KLA's Board of Directors who also served on the Compensation

2

1  Committee). Additionally, Schroeder says that he plans to serve deposition subpoenas on some

2  thirteen other current or former KLA-affiliated individuals, with the depositions to take place

3  (as schedules permit) before March 24, 2008. Those deponents are:

4      •    Jane Butler (identified as a current KLA employee who worked in the Human

5          Resources Department during the relevant period with knowledge pertaining to

6          KLA's stock option granting procedures);

7      •    Tracy LaBoy (identified as a current KLA employee who worked in the Finance

8          Department during the relevant period with knowledge of KLA's stock option

9          granting procedures);

10     •    Cynthia Mangan (identified as a current KLA employee who worked as Gary

11         Dickerson's administrative assistant during the relevant period);

12     •    Leo Chamberlain, Lida Urbanek, James Bagley, Robert Bond and Raymond

13         Bingham (identified as members of the Compensation Committee);

14     •    Peter Campagna, Kathryn Cross, Pat Marshall, Sharon Orlando and Arthur

15         Schnitzer (identified as former KLA employees).

16 Schroeder notes that, in addition to these fourteen deponents, there may be several

17 (unidentified) others that he will seek to depose "as schedules permit." (*See* Opp. at p. 9). (As

18 for other previously noticed depositions, Schroeder says that he has no plans to reconvene or

19 continue the depositions of Stuart Nichols and Lars Samson until after the court rules on his

20 pending motion to dismiss. Nor does he intend to schedule the depositions of Levy and

21 Dickerson until after disputes over KLA's privilege assertions are resolved.)

22       Schroeder contends that KLA's motion should be denied because the testimony of these

23 deponents will not "significantly implicate" claimed privileged matters. KLA and Barnholt

24 disagree. They argue that the majority of the fourteen individuals will likely be asked for

25 information in a number of areas that KLA claims is privileged. They maintain that it will be

26 unduly burdensome for them to appear for deposition now and, possibly, again later if

27 Schroeder (eventually) successfully challenges KLA's privilege assertions.

28

1    On the record presented, there is no way for this court to meaningfully assess the degree

2   to which the testimony of these fourteen (or so) individuals will implicate KLA's

3   privilege/work product assertions.  The court is not anxious to preclude Schroeder from taking

4   discovery now.  However, Schroeder does not say that no questions will be asked which will

5   draw a privilege objection.  And, the court believes that the depositions should not proceed in

6   what may well be piecemeal fashion.

7    Schroeder asserts that he will be prejudiced if he is not permitted to proceed with this

8   discovery now.  However, the predicament appears to be one of his own making.  He has the

9   ability to move the court now to clarify the privilege issues which impact these depositions.  (At

10  a recent discovery conference, Schroeder indicated to the court that he would be filing such a

11  motion shortly.  According to the SEC, Schroeder has stated since December that he would be

12  bringing such a motion, and the SEC says that it agreed to postpone the deposition of Skadden

13  attorney Elizabeth Harlan for that reason.)  But Schroeder has now changed his mind.  He just

14  told this court at oral argument that he has no intention of seeking relief as to KLA's asserted

15  privilege until after his motion to dismiss is resolved.  Indeed, he indicated that he made a

16  deliberate and conscious decision *not* to challenge KLA's asserted privilege now so that he

17  could pursue that request for dismissal.  Schroeder certainly is free to pursue this strategy.

18  However, after weighing competing legitimate interests and possible prejudice, this court finds

19  that it will not be fair or efficient to proceed with depositions in a manner which might well

20  require the KLA deponents to appear for examination more than once.

21   Accordingly, KLA's motion for protective order will be granted as to depositions of its

22  current or former officers, directors and employees which will call for testimony falling within

23  the privilege asserted by KLA.  Those depositions shall not proceed until after the related

24  privilege issues are resolved.

25   The court declines to entertain Skadden's so-called "joinder," which expands the scope

26  of KLA's motion, and which need not have been heard on the truncated schedule set on KLA's

27  motion.  In any event, Schroeder says that no Skadden attorneys have been subpoenaed to give

28  testimony between now and March 24, 2008; and, Schroeder and the SEC agree that the one

**United States District Court**
For the Northern District of California

1  deposition that has been noticed (attorney Elizabeth Harlan) should be postponed until after

2  privilege issues are resolved by dismissal or otherwise.

3      IT IS SO ORDERED.

4  Dated:    February 20, 2008



5

6  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**5:07-cv-3798 Notice has been electronically mailed to:**

Judith L. Anderson andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

Jeffrey Bruce Coopersmith jeff.coopersmith@dlapiper.com, bradley.meissner@dlapiper.com, kelly.hamilton@dlapiper.com, stephanie.tucker@dlapiper.com

Jeffrey S. Facter jfacter@shearman.com, jae.ko@shearman.com, rcheatham@shearman.com

Marc J. Fagel fagelm@sec.gov

Mark Philip Fickes fickesm@sec.gov

Jonathan B. Gaskin jgaskin@orrick.com, mticzon@orrick.com

Stuart L. Gasner slg@kvn.com, dxc@kvn.com, efiling@kvn.com, mcianfrani@kvn.com

Thomas R. Green tgreen@morganlewis.com, lbuda@morganlewis.com

Alice L. Jensen ajensen@fenwick.com, cprocida@fenwick.com

Susan F. LaMarca lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

Joni L. Ostler jostler@wsgr.com, pbaird@wsgr.com

Elliot Remsen Peters epeters@kvn.com, aap@kvn.com, efiling@kvn.com

David Allen Priebe david.priebe@dlapiper.com, stacy.murray@dlapiper.com

Elena Ro roe@sec.gov

Skadden, Arps, Slate, Meagher & Flom LLP matthew.sloan@skadden.com

Matthew Eric Sloan Matthew.Sloan@skadden.com

Steven Keeley Taylor skt@kvn.com, efiling@kvn.com, nsn@kvn.com

Shirli Fabbri Weiss shirli.weiss@dlapiper.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**EXHIBIT C**

MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

IT IS SO ORDERED

_James Ware_

Judge James Ware

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-3798 JW/HRL |
| Plaintiff, | |
| vs. | **STIPULATED DISCOVERY PLAN and [PROPOSED] ORDER** |
| KENNETH L. SCHROEDER, | |
| Defendant. | |

Pursuant to this Court's Order dated January 7, 2008, and with the direction and guidance of United States Magistrate Judge Howard R. Lloyd at the Discovery Conference held on January 29, 2008, plaintiff Securities and Exchange Commission (the "Commission") and defendant Kenneth L. Schroeder ("Mr. Schroeder") hereby agree and stipulate to the following Stipulated Discovery Plan.

I. <u>Noticing and Taking Depositions in Excess of Presumed Limits Under the FRCP</u>

Deposition discovery in this case shall be conducted in two phases, the <u>First Phase</u> and the <u>Second Phase</u>. In the <u>First Phase</u>, each party shall be entitled to notice and take up to 40 depositions.

1    The parties agree that no further leave of Court, pursuant to FRCP 30(a)(2)(A), shall be required in

2    order for a party to notice and take up to 40 depositions.

3        The Second Phase governs the ability of either party to notice and take more than 40

4    depositions. After a party has noticed or taken 40 depositions, prior to noticing any further

5    deposition, that party will comply with the following steps: (1) Meet and confer with the opposing

6    party, identifying the person sought to be deposed and why that deposition is needed, in order to

7    obtain agreement that the deposition should go forward. If agreement that the deposition may go

8    forward is reached between the parties, no further action is required and the party wishing to take the

9    deposition need not seek further leave of Court pursuant to FRCP 30(a)(2) to notice and take the

10   deposition. (2) If, after meeting and conferring, no agreement is reached between the parties that the

11   deposition may go forward, the party wishing to take the deposition may seek leave from the Court

12   (Magistrate Judge Lloyd) to take the deposition, providing the Court with a brief (two-page or less)

13   statement setting forth: the need for the particular deposition, why the discovery cannot be had

14   through other means, and the reasons the parties have not been able to reach agreement. The party

15   opposing the deposition may respond, within three business days after receipt of the opposing party's

16   statement, with a brief (two-page or less) statement setting forth: why the particular deposition is

17   unnecessary, and/or how the discovery may be had through other means, and the reasons the parties

18   did not reach agreement. If the opposing party does not so respond, the deposition may proceed.

19       II. Scheduling Depositions: Required Meet and Confer

20       The parties agree that, to the maximum extent possible, prior to noticing a deposition, a party

21   will contact the opposing party and the deponent to learn of availability and any obstacles to

22   availability during the time period contemplated for the deposition. In offering dates for a deposition,

23   the noticing party will provide alternatives unless the deponent is unavoidably available only on a

24   single date; if a deponent is temporarily unavailable during most or all of the desired period for taking

25   their deposition, the noticing party should first attempt to accommodate them and opposing counsel

26   by seeking a deposition during another period, rather than offering inconvenient dates or times for the

27   deposition.

28

**STIPULATED DISCOVERY PLAN**
**SEC V. SCHROEDER, No. C-07-3798 JW/HRL**

III. <u>Conducting Depositions</u>

The parties agree to the following procedures for dividing the time allocated and interposing objections during depositions:

(1) Only one attorney per party may ask questions or interpose objections during a deposition, unless an attorney for a party is required to leave the deposition early or join it late; in any event, only one attorney per party may ask questions or object at any given time. (2) The noticing party will reserve one hour of the seven hour deposition to the opposing party for further questioning at the end of the deposition. To the extent a party needs more time to question a witness than one hour, the party may cross-notice a deposition.

IT IS SO STIPULATED:

DATED:    February 8, 2008


                        /s/ Susan F. LaMarca
                        Susan F. LaMarca
                        Attorney for Plaintiff
                        SECURITIES AND EXCHANGE COMMISSION


                        /s/ Jeffrey B. Coopersmith
                        Shirli Weiss
                        David Priebe
                        Jeffrey B. Coopersmith
                        DLA PIPER US LLP
                        Attorneys for Defendant
                        Kenneth L. Schroeder

STIPULATED DISCOVERY PLAN
SEC V. SCHROEDER, No. C-07-3798 JW/HRL

[PROPOSED] ORDER AS TO STIPULATED DISCOVERY PLAN

The parties shall comply with the above terms and procedures as agreed to in their Stipulated Discovery Plan.

**IT IS SO ORDERED.**

Dated:  February 15, 2008

James Ware
UNITED STATES DISTRICT JUDGE

STIPULATED DISCOVERY PLAN
SEC V. SCHROEDER, No. C-07-3798 JW/HRL