MARC J. FAGEL (Cal. Bar No. 154425)
  fagelm@sec.gov
SUSAN F. LaMARCA (Cal. Bar No. 213251)
  lamarcas@sec.gov
MARK P. FICKES (Cal. Bar No. 178570)
  fickesm@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

*E-filed 3/28/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LISA C. BERRY,<br><br>　　　　　Defendant. | Case No. 5:07-cv-04431 RMW (HRL)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**(AS MODIFIED BY THE COURT)** |

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order does not create an entitlement or an obligation to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party or other person seeks permission from the court to file material under seal.

2.  **DEFINITIONS**

    2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

    2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

  2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

  2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.9 <u>House Counsel</u>: attorneys and accountants who are employees of a Party.

  2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

  2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

  2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

  2.13 <u>Person(s)</u>: a Party or non-party including any natural person or entity.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs. For a period of six months after the final termination of this action, this court shall retain jurisdiction to enforce the terms of this protective order.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for such protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial proceedings, to the extent that Protected Material or information contained therein are used in depositions or in

1  other pretrial proceedings, such documents or information shall remain subject to the provisions
2  of this Protective Order, along with the transcript pages of the deposition testimony and/or other
3  pretrial proceedings to the extent that it quotes, paraphrases or summarizes any portion of
4  Protected Material or information contained therein.
5        In the event that Protected Material is introduced as an exhibit at a
6  deposition, that portion of the deposition transcript quoting, paraphrasing or summarizing the
7  Protected Material shall be designated as "CONFIDENTIAL," and that portion of the transcript
8  shall be treated as Protected Material under this Protective Order.
9        To the extent that Protected Material or information contained therein are
10 used at trial, the Court will determine the appropriate way of handling discovery material that a
11 Party or non-party has designated as "CONFIDENTIAL."
12       5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent
13 failure to designate qualified information or items as "CONFIDENTIAL" does not, standing
14 alone, waive the Designating Party's right to secure protection under this Order for such material.
15 If material is appropriately designated as "CONFIDENTIAL" after the material was initially
16 produced, the Parties, on timely notification of the designation, must make reasonable efforts to
17 assure that the material is treated in accordance with the provisions of this Order.
18       6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS
19       6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's
20 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
21 economic burdens, or a later significant disruption or delay of the litigation, a Party does not
22 waive its right to challenge a confidentiality designation by electing not to mount a challenge
23 promptly after the original designation is disclosed.
24       6.2  Method for Challenging. A Party that elects to initiate a challenge to a
25 Designating Party's confidentiality designation must do so in good faith and must begin the
26 process by conferring (whether orally or in writing) directly with counsel for the Designating
27 Party. In conferring, the challenging Party must explain the basis for its belief that the
28 confidentiality designation was not proper and must give the Designating Party an opportunity to

1  review the designated material, to reconsider the circumstances, and, if no change in designation
2  is offered, to explain the basis for the chosen designation. A challenging Party may not seek
3  judicial intervention unless it has first engaged in this meet and confer process.
4     6.3  <u>Judicial Intervention</u>. ~~If the Receiving Party and the Designating Party are~~
5  ~~unable to agree as to whether the confidential designation of the document(s) is appropriate, the~~

> **A Party that elects to press a challenge to a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The motion shall include a competent declaration that affirms that the movant complied with Paragraph 6.2 of this Protective Order and specifies the justification given by the Designating Party during the meet and confer.**
>
> **The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question "CONFIDENTIAL" treatment under the terms of this Protective Order.**

14  ~~Court rules on the issue, all parties shall continue to afford the material in question~~
15  ~~"CONFIDENTIAL" treatment under the terms of this Protective Order.~~
16     7.   ACCESS TO AND USE OF PROTECTED MATERIAL
17     7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
18  disclosed or produced by another Party or by a non-party in connection with this case only in
19  connection with this litigation. Such Protected Material may be disclosed only to the categories of
20  Persons and under the conditions described in this Order. When the litigation has been
21  terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL
22  DISPOSITION).
23     Protected Material must be stored and maintained by a Receiving Party at a
24  location and in a secure manner that ensures that access is limited to the Persons authorized under
25  this Order.
26     7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
27  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
28  disclose any information or item designated "CONFIDENTIAL" only to:

- 5 -

STIPULATED PROTECTIVE ORDER
5:07-CV-04431 RMW HRL

     (a)    the Parties to this action;

     (b)    the Receiving Party's Outside Counsel of record in this action, as well as employees, contract attorneys, consultants and/or investigators for said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

     (c)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     (d)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     (e)    the Court and its personnel;

     (f)    court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

     (g)    during their depositions or during an informal interview, witnesses in the action to whom counsel determines that disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

     (h)    the author or recipient of the document or the original source of the information.

     7.3    <u>Disclosure of "CONFIDENTIAL" Information or Items by the Securities and Exchange Commission.</u>  Nothing in this stipulation and order shall be construed to limit or otherwise abrogate the Securities and Commission's ("Commission") ability to makes its files available to other governmental agencies, as described in the "Routine Uses of Information" section of SEC Form 1662, a copy of which is attached hereto as Exhibit B.  The Parties are free to disclose "CONFIDENTIAL" Information or Items in a manner consistent with the "Routine Uses of Information" section of SEC Form 1662 without notifying or seeking permission from the Designating Party.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than seven days after receiving the subpoena or order. Pursuant to Fed. R. Civ. P. 6(a), seven days is defined as seven business days. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Person in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any Person not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the Person or Persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such Person or Persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested Persons, a Party may not file in the public record in this action any Protected Material. When a Party seeks to file under seal any Protected Material, the parties must comply with all provisions of Civil Local Rule 79-5 including Civ. L.R. 79-5(d).

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same Person, to the Designating Party) by the ninety day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed. Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

   12.1 *Right to Further Relief.* Nothing in this Order abridges the right of any Person to seek its modification by the Court in the future.

   12.2 *Right to Assert Other Objections.* By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: February 27, 2008 | MARK J. FAGEL<br>SUSAN F. LAMARCA<br>MARK P. FICKES<br>JEREMY E. PENDREY<br>ELENA RO<br>Securities and Exchange Commission |

/s/ *Susan F. LaMarca*
SUSAN F. LAMARCA
Attorneys for Plaintiff
Securities and Exchange Commission

Dated: February 27, 2008
MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
MOJI SANIEFAR
Orrick, Herrington & Sutcliffe LLP

/s/ *Melinda Haag*
MELINDA HAAG
Attorneys for Defendant
Lisa C. Berry

## ORDER

PURSUANT TO STIPULATION. IT IS SO ORDERED. (AS MODIFIED BY THE COURT).

DATED: 3/28/08

Howard R. Lloyd
United States Magistrate Judge

Orrick hereby attests that it has obtained approval for any signatures indicated by "/s/" within this e-filed document.

**STIPULATED PROTECTIVE ORDER: EXHIBIT A**

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Securities and Exchange Commission v. Lisa C. Berry*, 5:07-cv-04431 RMW HRL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED PROTECTIVE ORDER:  EXHIBIT B**

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

### Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

### False Statements and Documents

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

### Testimony

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony whenever during your testimony you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned to afford you the opportunity to arrange to do so.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly .... willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

SEC 1662 (5-04)

5.  *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you or subject you to fine, penalty or forfeiture.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

### Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director, Regional Director, or District Administrator with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

### Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self-addressed envelope.

### Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209

of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

## Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

## Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

## Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To coordinate law enforcement activities between the SEC and other federal, state, local or foreign law enforcement agencies, securities self-regulatory organizations, and foreign securities authorities.

2. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

3. Where there is an indication of a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, the relevant records in the system of records may be referred to the appropriate agency, whether federal, state, or local, a foreign governmental authority or foreign securities authority, or a securities self-regulatory organization charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute or rule, regulation or order issued pursuant thereto.

4. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

5. To a federal, state, local or foreign governmental authority or foreign securities authority maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit.

6. To a federal, state, local or foreign governmental authority or foreign securities authority, in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract, or the issuance of a license, grant or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

7. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

8. When considered appropriate, records in this system may be disclosed to a bar association, the American Institute of Certified Public Accountants, a state accountancy board or other federal, state, local or foreign licensing or oversight authority, foreign securities authority, or professional association or self-regulatory authority performing similar functions, for possible disciplinary or other action.

9. In connection with investigations or disciplinary proceedings by a state securities regulatory authority, a foreign securities authority, or by a self-regulatory organization involving one or more of its members.

10. As a data source for management information for production of summary descriptive statistics and analytical studies in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies, and to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act or to locate specific individuals for personnel research or other personnel management functions.

11. In connection with their regulatory and enforcement responsibilities mandated by the federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), or state or foreign laws regulating securities or other related matters, records may be disclosed to national securities associations that are registered with the Commission, the Municipal Securities Rulemaking Board, the Securities Investor Protection Corporation, the federal banking authorities, including but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation, state securities regulatory or law enforcement agencies or organizations, or regulatory law enforcement agencies of a foreign government, or foreign securities authority.

12. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or the Commission's Rules of Practice, 17 CFR 202.100-900, or otherwise, where such trustee, receiver, master, special counsel or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice.

13. To any persons during the course of any inquiry or investigation conducted by the Commission's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

14. To any person with whom the Commission contracts to reproduce, by typing, photocopy or other means, any record within this system for use by the Commission and its staff in connection with their official duties or to any person who is utilized by the Commission to perform clerical or stenographic functions relating to the official business of the Commission.

15. Inclusion in reports published by the Commission pursuant to authority granted in the federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)).

16. To members of advisory committees that are created by the Commission or by the Congress to render advice and recommendations to the Commission or to the Congress, to be used solely in connection with their official designated functions.

17. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 735-18, and who assists in the investigation by the Commission of possible violations of federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

18. Disclosure may be made to a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

19. To respond to inquiries from Members of Congress, the press and the public which relate to specific matters that the Commission has investigated and to matters under the Commission's jurisdiction.

20. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

21. To respond to subpoenas in any litigation or other proceeding.

22. To a trustee in bankruptcy.

23. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-942-4530 or the SEC's Small Business Ombudsman at 202-942-2950. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.