MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   415-773-5700
Facsimile:   415-773-5759

Attorneys for Defendant
LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. LISA C. BERRY, Defendant. | Case No.  5:07-cv-04431 RMW HRL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LISA C. BERRY'S MOTION TO DISMISS THE SECURITIES AND EXCHANGE COMMISSION'S FIRST AMENDED COMPLAINT**<br><br>Date:          August 15, 2008<br>Time:         9:00 a.m.<br>Courtroom:  6, Fourth Floor |
|---|---|

# REQUEST FOR JUDICIAL NOTICE

Lisa C. Berry respectfully requests that the Court take judicial notice, pursuant to Federal Rule 201, of each of the documents referenced below in connection with Ms. Berry's Motion to Dismiss the Securities and Exchange Commission's ("SEC") First Amended Complaint ("FAC").

A. KLA-Tencor Corp. ("KLA") Definitive Proxy Statement on Form DEF 14A filed with the SEC on September 28, 1998. A true and correct copy of this document is attached hereto as Exhibit A.

B. KLA Definitive Proxy Statement on Form DEF 14A filed with the SEC on October 15, 1999. A true and correct copy of this document is attached hereto as Exhibit B.

C. KLA Registration Statement on Form S-8 filed with the SEC on January 30, 1998. A true and correct copy of this document is attached hereto as Exhibit C.

D. KLA Registration Statement on Form S-8 filed with the SEC on August 7, 1998. A true and correct copy of this document is attached hereto as Exhibit D.

E. KLA Annual Report on Form 10-K for fiscal year ending June 30, 1999. A true and correct copy of this document is attached hereto as Exhibit E.

F. Juniper Networks Inc. ("Juniper") Definitive Proxy Statement on Form DEF 14A filed with the SEC on April 13, 2000. A true and correct copy of this document is attached hereto as Exhibit F.

G. Juniper Definitive Proxy Statement on Form DEF 14A filed with the SEC on March 28, 2001. A true and correct copy of this document is attached hereto as Exhibit G.

H. Juniper Definitive Proxy Statement on Form DEF 14A filed with the SEC on April 11, 2002. A true and correct copy of this document is attached hereto as Exhibit H.

I. Juniper Definitive Proxy Statement on Form DEF 14A filed with the SEC on March 28, 2003. A true and correct copy of this document is attached hereto as Exhibit I.

J. Juniper Registration Statement on Form S-8 filed with the SEC on December 20, 2000. A true and correct copy of this document is attached hereto as Exhibit J.

K. Amicus Brief of the Securities and Exchange Commission filed in *Klein v. Boyd*, (Nos. 97-1143, 97-1261) (available at *http://www.sec.gov/litigation/briefs/klein.txt*). A true and correct copy of this document is attached hereto as Exhibit K.

L. SEC Press Release dated July 25, 2007 regarding settlement with KLA (available at *http://sec.gov/news/press/2007/2007-143.htm*). A true and correct copy of this document is attached hereto as Exhibit L.

M. SEC Press Release dated August 28, 2007 regarding settlement with Juniper (available at *http://sec.gov/news/press/2007/2007-170.htm*). A true and correct copy of this document is attached hereto as Exhibit M.

N. SEC Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934 and Commission Statement on the Relationship of Cooperation to Agency Enforcement Decisions (available at *http://sec.gov/litigation/investreport/34-44969.htm*). A true and correct copy of this document is attached hereto as Exhibit N.

O. *SEC v. Peregrine* complaint filed June 30, 2003 in the Southern District of California (Case No. 03-cv-1276K). A true and correct copy of this document is attached hereto as Exhibit O.

P. *SEC v. Symbol Technologies* complaint filed June 3, 2004 in the Eastern District of New York (Case No. CV04-2276). A true and correct copy of this document is attached hereto as Exhibit P.

Q. SEC Press Release dated June 3, 2004 regarding *Symbol Technologies* (available at *http://sec.gov/news/press/2004-74.htm*). A true and correct copy of this document is attached hereto as Exhibit Q.

**I. THE COURT MAY JUDICIALLY NOTICE DOCUMENTS FILED WITH THE SECURITIES AND EXCHANGE COMMISSION, COURT FILINGS AND PUBLIC RECORDS**

To engage in the "comparative evaluation" the Supreme Court directs courts to undertake when evaluating a securities fraud claim, a district court must "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, ___ U.S. ___, 127 S. Ct. 2499, 2504, 2509 (2007).

To evaluate a motion to dismiss, courts consider documents that are attached to the complaint, documents incorporated by reference (explicitly and implicitly) in the complaint, and documents that are capable of accurate and ready determination and not reasonably subject to dispute. *See* Fed. R. Evid. 201; *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) ("[a] court may take judicial notice of a fact that is not 'subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"), *quoting* Fed. R. Evid. 201(b). If a party requests a court to take judicial notice of such facts, and supplies the court with the necessary information, then judicial notice of those facts

1  is mandatory.  *See* Fed. R. Evid. 201(d).  A court may take judicial notice of facts outside the
2  pleading and, in doing so, does not convert a motion to dismiss into a summary judgment motion.
3  *See Mack v. South Bay Beer Distribs.,* 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other*
4  *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 111 (1991).

      **A.**      **Documents Filed With the SEC and Incorporated By Reference Are Judicially Noticeable**

7        It is well established that a district court may consider the contents of public disclosure
8  documents required to be filed with the United States' Securities and Exchange Commission
9  ("SEC") in connection with a motion to dismiss.  *See, e.g.*, *Kramer v. Time Warner, Inc.*, 937 F.2d
10 767, 774 (2d Cir. 1991); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).
11 Judicial notice of filings with the SEC is proper because the information contained in those
12 documents satisfies the standard set forth in Rule 201 of the Rules of Federal Evidence.  Courts
13 routinely take judicial notice of SEC filings on motions to dismiss, even when those filings are not
14 referenced in the complaint.  *See, e.g., Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270
15 F.3d 645, 663 (8th Cir. 2001) (citations omitted).

16       Under the "incorporation by reference" doctrine, it is also proper for the Court to take
17 judicial notice of documents referenced in the First Amended Complaint.  A court "may consider
18 documents that are referenced extensively in the complaint and are accepted by all parties as
19 authentic, even though the documents are not physically attached to the complaint."  *In re Atmel*
20 *Corp. Deriv. Litig.*, 2007 WL 2070299, at *4 (N.D. Cal. July 16, 2007) (Fogel, J.); *Silicon*
21 *Graphics, Inc. Sec. Litig.*, 183 F.3d at 986 (citing *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir.
22 1994)).  A court is not bound by plaintiffs' selective reference to documents cited in the complaint
23 and may consider the full text of documents that the complaint quotes or refers to only in part.  *See*
24 *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Fecht v. Price Co.*, 70 F.3d
25 1078, 1080 n.1 (9th Cir. 1995).

26       Applying these principles, the Court may take judicial notice of the following
27 documents filed with the SEC and referenced in the FAC: (1) Exhibit A, KLA Proxy Statement
28 filed September 28, 1998 (FAC ¶¶ 20, 21); (2) Exhibit B, KLA Proxy Statement filed October

15, 1999 (FAC ¶¶ 20, 21); (3) Exhibit C, KLA Form S-8 filed January 30, 1998 (FAC ¶ 39); (4) Exhibit D, KLA Form S-8 filed August 7, 1998 (FAC ¶ 39); (5) Exhibit E, KLA 10-K for fiscal year ending June 30, 1999 (FAC ¶ 21, 37); (6) Exhibit F, Juniper Networks Inc. ("Juniper") Proxy Statement filed April 13, 2000 (FAC ¶ 50); (7) Exhibit G, Juniper Proxy Statement filed March 28, 2001 (FAC ¶ 50); (8) Exhibit H, Juniper Proxy Statement filed April 11, 2002 (FAC ¶ 50); (9) Exhibit I, Juniper Proxy Statement filed March 28, 2003 (FAC ¶ 50); and (10) Exhibit J, Juniper Form S-8 filed December 20, 2000 (FAC ¶ 72).

### B. Court Filings Are Judicially Noticeable

In addition, a court may properly take notice of pleadings filed in other courts because they are "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of pleadings filed in state court action). Documents that are part of the public record may be judicially noticed to show, for example, that a case was filed in another court, that a judicial proceeding occurred, or that a party took a particular position in another judicial proceeding. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of allegations contained in a motion to dismiss and supporting memorandum a party filed in another action, but not that the admissions were true); *Metropolitan Creditors' Trust v. PricewaterhouseCoopers, LLP*, 463 F. Supp. 2d 1193, 1198 (E.D. Wash. 2006) (taking judicial notice of existence of two related proceedings). The Court may also take notice of amicus briefs filed in other cases. *See Bowoto v. Chevron Corp.*, 2006 WL 2455752, at *2 n.4 (N.D. Cal. Aug. 22, 2006).

Accordingly, the Court may take judicial notice of the documents attached hereto as (1) Exhibit K, the SEC's Amicus Brief filed in *Klein v. Boyd*; (2) Exhibit O, the SEC's complaint against Peregrine Systems, Inc.; and (3) Exhibit P, the SEC's complaint against Symbol Technologies, Inc.

### C. Documents That Are Public Records Are Judicially Noticeable

The Court may take judicial notice of news reports or articles and similar information published in the public domain, even if such reports or articles are not referenced in the complaint.

*Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995).  This includes information or guidelines published by a governmental agency.  *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking judicial notice of government publication); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) (noting that a court may take judicial notice of the record of an administrative agency).   The Court may also take judicial notice of information made available on a web page when the information is considered "public records and capable of accurate and ready confirmation by sources that cannot reasonably be questioned." *Wible v. Aetna Life Insurance Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005).

Because they were published in the public domain, the Court may take judicial notice of: (1) Exhibit L, the SEC's July 25, 2007 press release; (2) Exhibit M, the SEC's August 28, 2007 press release; (3) Exhibit N, the SEC's Statement on the Relationship of Cooperation to Agency Enforcement Decisions; and (4) Exhibit Q, the SEC's June 3, 2004 press release.

**II.    CONCLUSION**

For the reasons set forth above, Ms. Berry requests the Court take judicial notice of Exhibits A-Q hereto.

Dated: June 20, 2008                              Respectfully submitted,

                                    /s/ Melinda Haag
                              MELINDA HAAG
                       ORRICK, HERRINGTON & SUTCLIFFE LLP
                              Attorneys for Defendant
                                    Lisa C. Berry