MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

Attorneys for Defendant
Lisa C. Berry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LISA C. BERRY,<br><br>    Defendant. | Case No.  C 07 4431 RMW HRL<br><br>**LISA C. BERRY'S NOTICE OF MOTION AND MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        August 15, 2008<br>Time:       9:00 a.m.<br>Courtroom: 6, Fourth Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 15, 2008 at 9:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Ronald M. Whyte, United States District Court, 280 S. First Street, San Jose, CA 95113, defendant Lisa C. Berry will move the court for an order striking certain allegations in the First Amended Complaint pursuant to Fed. R. Civ. P. 12(f). This motion is based on the Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the [Proposed] Order; all pleadings on file in this action, oral argument of counsel, and any other matter that may be submitted at the hearing.

**STATEMENT OF ISSUES**

1.   Should the Court strike the SEC's demand for disgorgement of Ms. Berry's ill-gotten gains where, despite being given leave to amend, the SEC still has not alleged that Ms. Berry received any ill-gotten gains?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In its First Amended Complaint ("FAC"), the SEC continues to seek disgorgement of Ms. Berry's purported "ill-gotten gains" despite having never alleged that Ms. Berry received any such gains. The SEC was given leave to amend so that it could plead the necessary facts supporting its claims, yet it again fails to allege a single fact to demonstrate that Ms. Berry ever exercised an allegedly backdated grant to her profit. And, as the Court clearly stated in its May 7, 2008 Order Granting in Part and Denying in Part Ms. Berry's Motion to Dismiss ("Order"), "if the alleged scheme produced no ill-gotten gains, there is nothing to disgorge." Order at 10. Accordingly, Ms. Berry requests that the Court strike the SEC's superfluous, immaterial, and prejudicial Second Prayer for Relief (FAC, p. 28, II), which seeks disgorgement of ill-gotten gains.

**II.   THE SEC'S DEMAND FOR DISGORGEMENT SHOULD BE STRICKEN**

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading … any redundant, immaterial, impertinent, or scandalous matter." The directive that irrelevant matters

1 should be stricken applies to irrelevant and improper demands for relief. *See Santa Clara Valley Water District v. Olin Corp.*, 2007 WL 2890390, at * 5 (N.D. Cal. Sept. 28, 2007) (Whyte, J.) ("Improper prayers for relief are proper subjects for a motion to strike.").

Courts have stricken demands for relief where the complaint fails to allege facts supporting the requested monetary relief. *Nichia v. Seoul Semiconductor*, 2006 WL 1233148, *2 (N.D. Cal. May 9, 2006) (striking plaintiff's prayer for treble damages where "the complaint … does not include any allegation that … if proven, might support an award of treble damages"); *David v. Giurbino*, 488 F. Supp. 2d 1048, 1060 (S.D. Cal. 2007) (granting motion to strike claim for punitive damages where "Plaintiff has not alleged any facts" to substantiate such relief). Courts have similarly stricken demands made under the federal securities laws where the prayer for relief was unavailable. *See Green v. Wolf Corp.*, 406 F.2d 291, 302-03 (2d Cir. 1968); *Meisel v. N. Jersey Trust Co. of Ridgewood, N.J.*, 216 F. Supp. 469, 469 (S.D.N.Y. 1963).

Here, the SEC seeks disgorgement of Ms. Berry's alleged "ill-gotten gains." FAC, p. 28. Yet, neither in its original Complaint nor, after being given leave to amend, in its FAC has the SEC alleged that Ms. Berry received *any* ill-gotten gains. As Ms. Berry explained in her motion to dismiss the SEC's original complaint, while the SEC alleged that Ms. Berry had received (but never exercised) purportedly backdated options and that she exercised *other*, non-backdated options, it never alleged that she *ever* exercised a purported backdated grant to her profit. As Ms. Berry further explained, "[t]he mere allegation that Ms. Berry 'personally benefited' in some non-concrete way from allegedly 'backdated' grants … – without any allegation that she actually exercised those options to her profit, *an allegation the SEC never makes* – is insufficient … to establish the SEC's entitlement to disgorgement of unlawful profits." Motion To Dismiss at 13 (emphasis in original).[1] The SEC never satisfactorily addressed these points in its Opposition to the Motion To Dismiss or at oral argument. Thus, in its Order, the Court stated that "[t]he SEC does not specifically allege … that Ms. Berry *ever* exercised a backdated stock option. The SEC

---

[1] "The purpose of disgorgement is to deprive a person of 'ill-gotten gains' and prevent unjust enrichment." *Hateley v. SEC*, 8 F.3d 653, 655 (9th Cir. 1993). The disgorgement amount should not exceed the actual amount of "ill-gotten gains." *See id.* at 655-56.

1  … does not allege that Ms. Berry *ever* directly benefited from backdating at KLA or at Juniper."
2  Order at 9 (emphasis added).  The Court concluded that "if the alleged scheme produced no ill-
3  gotten gains, there is nothing to disgorge."  Order at 10.

4  The SEC has failed to correct this deficiency in its FAC.  To the contrary, its
5  disgorgement allegations in the FAC are *identical* to those in its original Complaint.  *Compare*
6  Compl. ¶¶ 69-71 *with* FAC ¶¶ 77-79.  The SEC does not allege that Ms. Berry exercised a
7  backdated stock option or that she ever "directly benefited from backdating at KLA or at
8  Juniper."  Order at 9.  Absent any facts that, if proven, would establish ill-gotten gains, the SEC's
9  prayer for disgorgement must be stricken.  *See Nichia*, *supra*, at *2 (prayer for relief should be
10 stricken where "the complaint does not include facts to support such an award").

11 "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and
12 money that must arise from litigating spurious issues by dispensing with those issues prior to
13 trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) is also
14 intended to avoid the prejudice that results from unnecessarily complicated or superfluous
15 pleadings that may "cause the trier of fact to draw unwarranted inferences at trial."  *Jacobsen v.*
16 *Katzer*, 2007 WL 2358628, *4 (N.D. Cal. Aug. 17, 2007) (granting motion to strike prayer for
17 relief requesting statutory damages not recoverable as a matter of law).  Ms. Berry's request to
18 strike the SEC's prayer for disgorgement and the related disgorgement allegations thus is not a
19 mere academic exercise.  Rather, the scope of discovery and the perception of Ms. Berry during
20 the litigation and at trial will be materially and adversely affected, and ultimately the trier of fact
21 will be confused by allowing the SEC to maintain a prayer for relief as to which it has, despite
22 being given leave to amend, alleged no supporting facts.  *See Santa Clara Valley Water District*,
23 2007 WL 2890390, at *4  (striking pleadings is appropriate "where allowing the improper matter
24 to linger in the pleadings will prejudice the moving party").  Because the SEC has failed, despite
25 being given leave to amend, to allege facts in the FAC to show ill-gotten gains, this Court should
26 strike the third section of the SEC's Prayer for Relief, which seeks an order that Ms. Berry
27 "disgorge all ill-gotten gains from conduct alleged [in the FAC], plus prejudgment interest."
28 FAC, p. 28, II.

### III. CONCLUSION

For the foregoing reasons, Ms. Berry's motion to strike should be granted.

Dated: June 20, 2008

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
NANCY E. HARRIS
Orrick, Herrington & Sutcliffe LLP


       /s/ Melinda Haag
MELINDA HAAG
Attorneys for Defendant
Lisa C. Berry