MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LaMARCA (Cal. Bar No. 213251)
lamarcas@sec.gov
MARK P. FICKES (Cal. Bar No. 178570)
fickesm@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
pendreyj@sec.gov
ELENA RO (Cal. Bar No. 197308)
roe@sec.gov
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:(415) 773-5700

Attorneys for Defendant
Lisa C. Berry

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-4431-RMW (HRL) |
| Plaintiff, | **SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| LISA C. BERRY, | CMC Date: July 18, 2008 |
| Defendant. | Time: 10:30 a.m. |
| | Location: Courtroom 6, 4th Floor |
| | Hon. Ronald M. Whyte |

1    Pursuant to the Court's Order Regarding Case Management Conference, dated May 22,

2    2008, this case has been set for subsequent Case Management Conference ("CMC") on July 18,

3    2008.  In accordance with Local Rule 16-9(d), plaintiff Securities and Exchange Commission

4    ("SEC" or "Commission") and defendant Lisa C. Berry submit this Subsequent Joint Case

5    Management Statement setting forth events occurring in this matter since the last Case

6    Management Conference and addressing the issues called for in the Court's May 22 Order.

7    **1.**    **DEVELOPMENTS SINCE THE LAST CASE MANAGEMENT CONFERENCE**

8        **A.**    **Ms. Berry's Motion to Dismiss**

9        On May 7, 2008, the Court issued its Order Granting in Part and Denying in Part Ms.

10   Berry's Motion to Dismiss and granted the Commission leave to amend its complaint.  On June 6,

11   2008, the Commission filed its First Amended Complaint.  Ms. Berry has moved to dismiss the

12   SEC's First Amended Complaint and to strike the SEC's prayer for disgorgement.  The hearing

13   for these motions is scheduled for August 15, 2008.

14       **B.**    **Status of Document Discovery**

15           **1.**    **The Commission's Description**

16       The Commission served a document request on defendant, prior to the last CMC to which

17   defendant objected without providing documents.  Since the last CMC, the Commission has

18   sought clarity into the basis for defendant's objections, and particularly whether any documents

19   would be forthcoming.  Defendant has clarified that she will not provide documents based on her

20   invocation of her rights under the Fifth Amendment to the United States Constitution and has

21   agreed to supplement her responses accordingly.

22           **2.**    **Ms. Berry's Description**

23       As directed by the May 22 Order, Ms. Berry describes herein certain privilege assertions

24   that have limited her ability to obtain crucial document discovery.  The SEC has identified 115

25   witnesses likely to have discoverable information that it may use to support its claims.  Beginning

26   in January 2008, Ms. Berry began subpoenaing these entities and individuals for the production of

27   relevant documents for use in preparing her defenses to this action.  To date, Ms. Berry has issued

28   42 document subpoenas to 36 individuals and five corporate entities:  KLA-Tencor Corporation

1  ("KLA"), the Special Committee of the KLA Board of Directors ("KLA Special Committee"),

2  Juniper Networks, Inc. ("Juniper"), the Audit Committee of the Juniper Board of Directors

3  ("Juniper Audit Committee"), and Wilson Sonsini Goodrich and Rosati ("Wilson Sonsini").

4         Since serving these subpoenas, counsel for Ms. Berry has engaged in extensive

5  discussions with counsel representing the subpoena recipients regarding the scope of the

6  document productions and objections to production.  Because this action involves allegations

7  relating to two companies and the investigations undertaken by those companies regarding stock

8  option practices and because many of the individuals are represented by separate counsel, there

9  have been numerous individuals and law firms involved in this meet and confer process.   The

10  process of negotiating the positions taken by each entity and individual with regard to Ms.

11  Berry's requests for documents has required extensive coordination and has involved

12  participation by nearly 30 attorneys, including lead trial counsel for Ms. Berry.[1]  In total, counsel

13  for Ms. Berry has engaged in 54 substantive meet and confer discussions regarding the

14  subpoenas.[2]  Most of these calls involved the participation of several counsel for one or more

15  entities and several of the calls lasted more than an hour.   Additionally, Ms. Berry has met and

16  conferred with counsel for 24 individuals who were served with document subpoenas.[3]

17         Ms. Berry has made substantial progress in narrowing the issues in dispute with the

18  subpoena recipients, however the process of obtaining responsive documents and privilege logs is

19  still underway.  The subpoena responses and meet and confer process are summarized in the

20  following chart:

21  _____

22  [1]  KLA-Tencor is represented in this action by the law firm Morgan Lewis & Bockius.  The KLA
    Special Committee is represented by Skadden, Arps, Slate, Meagher & Flom LLP.  Juniper
23  Networks, Inc. is represented by two firms:  Wilson Sonsini and WilmerHale.  The Juniper Audit
    Committee is represented by Pillsbury Winthrop Shaw Pittman LLP.  Wilson Sonsini, which was
24  outside company counsel to both Juniper and KLA prior to the stock option investigations, is the
    recipient of two separate subpoenas.
25
    [2]  This total does not include all of the numerous coordination calls to facilitate this process.
26
    [3]  In several of the calls with KLA and Juniper company counsel, who are representing several of
27  the former and current KLA and Juniper employees who received subpoenas, respectively,
    counsel also met and conferred about the individual subpoenas.
28

SEC V. BERRY, No. C-07-4431-RMW (HRL)          -2-          SUBSEQUENT JOINT CASE MANAGEMENT
                                                                                    STATEMENT

| Recipient | Substantive meet and confer conversations | Status |
|---|---|---|
| **KLA** | **8 multi-party calls:** 3/18/08; 5/21/08; 5/30/08; 6/5/08; 6/11/08; 6/13/08; 6/25/08; 7/2/08 | Privilege asserted as to certain categories of documents[4]; no log provided |
| **KLA Special Committee** | **5 multi-party calls:** 4/4/08; 4/15/08; 4/25/08; 4/29/08; 6/26/08<br><br>**3 letters:** 5/1/08; 5/8/08; 5/9/08 | Privilege asserted as to certain categories of documents[5] |
| **Juniper** | **15 multi-party calls:** 2/26/08; 2/29/08; 3/6/08; 3/7/08; 3/12/08; 3/27/08; 4/2/08; 4/9/08; 4/24/08; 4/28/08; 5/1/08; 5/15/08; 5/20/08; 6/23/08; 7/1/08 | Some documents produced; privilege asserted as to certain categories of documents; logs provided; one supplemental log to be provided within approximately 30 days, another within approximately 45 days |
| **Juniper Audit Committee** | **2 multi-party calls:** 3/12/08; 6/23/08 | Privilege asserted as to certain categories of documents; log to be provided within approximately 30 days of entry of protective order[6] |

[4] KLA has taken the position that it will not search for documents potentially responsive to Ms. Berry's subpoena until the motion to dismiss the First Amended Complaint has been heard and resolved. Nevertheless, counsel for KLA has indicated that it does not believe KLA has waived any privileges potentially applicable to documents responsive to Ms. Berry's subpoena and does not intend to waive the attorney-client privilege or the attorney work product doctrine in any future production.

[5] The KLA Special Committee has also taken the position that it will not search for documents potentially responsive to Ms. Berry's subpoena until the resolution of the pending motion to dismiss. However, in meet and confer correspondence and calls, its counsel has confirmed that it will be asserting privilege as to certain categories of documents covered by Ms. Berry's subpoena.

[6] The Juniper Audit Committee is not a party to the protective order entered on May 12, 2008 (Stipulated Protective Order Regarding Documents Produced by Non-Party Juniper Networks, Docket No. 45) and has requested changes to that order prior to producing documents. An Amended Stipulated Protective Order Regarding Documents Produced by Non-Party Juniper Networks, Inc. was filed on July 3.

| Recipient | Substantive meet and confer conversations | Status |
|---|---|---|
| **Wilson Sonsini** | **6 multi-party calls:** 3/10/08; 4/21/08; 4/23/08; 5/15/08; 6/3/08; 6/4/08 | Limited documents produced; privilege asserted as to certain categories of documents; no log provided |
| **Former and current Juniper employees** | **8 multi-party calls and meetings:** 2/18/08; 2/26/08; 3/04/08 (2 calls); 3/06/08; 3/17/08; 3/26/08 (1 call, 1 meeting) | 16 subpoenas served; documents produced by 3 individuals; privilege asserted as to certain categories for 12; one log produced[7] |
| **Former and current KLA employees** | **12 multi-party calls:** 2/8/08; 2/26/08; 3/6/08; 3/18/08 (two calls); 3/19/08; 3/20/08; 3/26/08; 3/28/08; 3/31/08; 4/4/08; 5/27/08 | 20 subpoenas served; documents produced by 4 individuals; privilege asserted as to certain categories for 15; one log produced |

As of the filing of this Subsequent Case Management Conference Statement, Ms. Berry's counsel has confirmed that each subpoenaed entity expects to withhold otherwise responsive documents based upon the assertion of various privileges. Additionally, 27 of the individuals have asserted privilege either on behalf of themselves or on direction of either Juniper or KLA. Although each of the entities have asserted privilege, only Juniper and the Juniper Audit Committee have definitively agreed to provide complete privilege logs so as to allow Ms. Berry to evaluate the asserted privilege claims.

Ms. Berry has concluded that each of the corporate entities is withholding documents which are highly likely to be relevant and material to her defense. For instance, the SEC has alleged that Ms. Berry actively concealed the stock option practices at KLA and Juniper from others within and outside those companies. FAC ¶¶ 44, 45, 75, 76. However, both KLA and Juniper have indicated that they will not produce certain documents and correspondence relating to stock option grants between their respective in-house legal counsel and executives at this time.

---

[7] Because some individuals had no documents and others produced documents and asserted privilege as to other documents, these figures do not total to the number of individual subpoenas issued.

1    Such documents may well establish that the stock option practices at KLA and Juniper were

2    understood and adopted by other executives and ratified by outside consultants -- facts which

3    would directly contradict the SEC's claims.  Additionally, neither KLA nor Juniper has agreed to

4    produce all correspondence relating to stock options between Ms. Berry and outside counsel

5    during the time periods at issue in the FAC.  It is beyond reasonable dispute that internal or

6    external correspondence between counsel and company executives regarding stock options or

7    corporate governance bears directly on the claims at issue in this action.

8    **2.**    **PROPOSAL FOR REMAINDER OF THE CASE**

9       **A.**    **The Commission's Description:**

10       In accordance with the Court's Order of May 22, 2008, deposition discovery should

11    commence within 60 days of the CMC, or no later than September 16, 2008.  As the Commission

12    has informed the defense, the Commission intends to depose the defendant as soon as possible

13    once deposition discovery commences.  The Commission also anticipates deposing between 15

14    and 20 percipient witnesses.

15       The Commission disputes defendant's argument that she should not be deposed until some

16    unspecified future date.[8]  As it stands, the earliest defendant might be deposed in this case would

17    be late September 2008, more than a year after the filing of this case against her on August 28,

18    2007.  She has enjoyed an extended stay, while having had access to thousands of pages of

19    documents provided to her by the Commission since 2007, including scores of statements made

20

21    [8]  Defendant's reliance on Magistrate Judge Lloyd's Order in *SEC v. Schroeder* is misplaced.  In
22    that litigation, the Court permitted defendant 120 days from the date originally scheduled for his
      deposition, because defendant made affirmative representations regarding an ongoing criminal
23    investigation.  No such basis has been suggested here, although defendant has had nearly a year to
      make such arguments.  As the Court stated in *Schroeder*:

24       Assuming Schroeder elects to testify substantively, his testimony might well point to the
25       need to take other or further discovery. Moreover, there currently is no indication as to
         when the DOJ's investigation will be completed or if any criminal charges will be filed.
26       And, Schroeder readily acknowledges that the SEC is entitled to depose him and that he
         may well have to choose between testifying and asserting his Fifth Amendment rights at
27       some point.  Under the circumstances presented, this court concludes that an appropriate
         balance will be achieved if Schroeder's deposition is postponed for four months.
28

1  by other potential witnesses. In the meantime, the she has declined to produce any documents.

2  The Commission has the right, as a plaintiff, to obtain the defendant's position in this case as

3  soon as possible, in order to conduct discovery in light of her likely defenses. It is critical that

4  defendant in this case is a percipient witness, and we have the right to learn her version of the

5  events at issue based on her actual memory of those events, not based on her development of a

6  factual record through other witnesses or after reviewing every possible document that might

7  ultimately be discovered. Indeed, her arguments about the need to review even more documents

8  that have not yet been produced to her *prior* to revealing the facts as she knows them only

9  provides further reason why it is important to the Commission to take her deposition soon rather

10 than waiting another several months.

11      Finally, any proposal that would further delay defendant's deposition due to unspecified

12 privilege issues unfairly burdens the Commission with delay that is within the control of the

13 defendant. The document subpoenas at issue to third parties were sent in the beginning of this

14 year by defendant, who had the right to serve them in November 2007. Defendant has suggested

15 no impediment to her raising these issues with the Court prior to today.

16      **B.    Ms. Berry's Description:**

17          **1.    Anticipated Discovery Motions**

18      In this section, Ms. Berry addresses the following issues raised in the May 22 Order: (1)

19 the deposition discovery she intends to conduct; (2) motions she believes must be made before

20 discovery begins; and (3) why proceeding with her deposition at an early stage of the deposition

21 discovery proceedings is unwarranted and unfair.

22      As previously indicated, Ms. Berry has issued 42 document subpoenas and engaged in

23 extensive efforts to obtain compliance and production of documents pursuant to those subpoenas.

24 Several of the subpoena recipients have indicated that they intend to produce additional

25 documents to Ms. Berry and that process is underway. However, based upon written objections

26 and oral and written representations from counsel for critical third parties who have asserted

27 privilege in declining to produce requested documents, Ms. Berry believes several motions to

28 compel the production of documents will be necessary.

1    At the current time, Ms. Berry anticipates that it may be necessary to bring the following

2    discovery motions: [9]

3    (1)    Motion(s) to compel the production of documents which are withheld on the basis

4    of privilege from KLA and the KLA Special Committee and/or privilege logs reflecting the

5    privilege assertions.

6    (2)    Motion(s) to compel the production of documents which are withheld on the basis

7    of privilege from Juniper and the Juniper Audit Committee.

8    (3)    Motion to compel the production of documents from Wilson Sonsini which are

9    withheld on the basis of privilege and/or privilege logs reflecting the privilege assertions.

10    Although her recent meet and confer efforts have significantly resolved and narrowed

11    many of the issues, Ms. Berry believes that an additional short period of time is required before

12    these motions can be brought.   For instance, Ms. Berry does not anticipate bringing a motion to

13    compel the production of additional documents from Juniper until her counsel has had a chance to

14    review the supplemental privilege logs that Juniper has indicated it will produce, which may

15    reduce or eliminate the number of issues to be brought to the Court.  Similarly, as noted above,

16    KLA has notified Ms. Berry that it believes that conducting searches to determine the quantity

17    and nature of potentially responsive documents is premature given the pending Motion to

18    Dismiss.  Ms. Berry will continue to make diligent efforts to resolve the remaining issues; she

19    anticipates filing 1-2 of these motions within 45-60 days of the CMC and anticipates, subject to

20    Magistrate Lloyd's hearing schedule, that the motions will be heard during the month of

21    September 2008.

22    **2.**    **Deposition Discovery**

23    **a.**    **Timing of Commencement of Deposition Discovery**

24    Ms. Berry believes that it is necessary to have the Court or Magistrate Judge Lloyd clarify

25    the privilege issues in this case prior to the commencement of deposition discovery.  Both KLA

26    _____

27    [9] In light of the overlapping issues between each company, its respective investigatory committee and current and former employees asserting the company's privilege, Ms. Berry may choose to file combined motions directed at those entities and individuals.

28

1    and Juniper have made clear that their respective assertions of privilege extend to the

2    contemplated deposition discovery.  KLA stated in a similar action, *SEC v. Schroeder*, (involving

3    KLA's former CEO), that it

4          "has made it abundantly clear that it intends to instruct *all* KLA witnesses

5          not to answer any questions that seek information protected by the attorney
          client privilege or attorney work product doctrine [...] If Schroeder intends

6          to inquire into privileged communications and documents he should first
          obtain a court order allowing him to do so [...]" [10]

7

8    It is noteworthy that, in that case, Magistrate Judge Lloyd granted the requested protective order

9    to postpone the depositions at issue until the related privilege issues were resolved.[11]  Juniper

10   similarly instructed Ms. Berry.  In that same case, Judge Ware recently found that resolution of

11   the privilege issues relating to KLA was a critical pre-condition to determining whether the case

12   could proceed as a matter of fundamental due process.[12]

13          Ms. Berry believes that the companies' privilege assertions will ultimately be rejected and

14   that the likely outcome will be the production of additional documents relevant to her defense and

15   to the balance of discovery in this action.  Some of the issues to be decided by Ms. Berry's

16   motion are already before the Court in the *Schroeder* case.  On June 9, 2008, Mr. Schroeder

17   moved for an order compelling the production of documents and testimony withheld by KLA on

18   the grounds of attorney-client privilege and work product protection.[13]  Mr. Schroeder's motion is

19   currently set to be heard by Magistrate Judge Lloyd on August 26, 2008.  Many of the same

20

21   [10] *See* Civil Case No. 5:07-cv-03798-JW (N.D. Cal. Non Parties KLA-Tencor Corporation's and

22   John Kispert's Motion for Protective Order re: Depositions of Current and Former KLA
     Witnesses filed on Feb. 6, 2008) Docket No. 45, pp. 4-5.

23   [11] *See id.* (Order Granting KLA-Tencor's Motion for Protective Order filed on Feb. 20, 2008)

24   Docket No. 65, p.4.

25   [12] *See id.* (Order Denying Defendant's Motion to Dismiss), Docket No. 73 (attached hereto as
     Exhibit A).

26   [13] *Id.*, (Motion of Kenneth L. Schroeder to Compel Further Responses to Discovery Requests

27   (Testimony and Documents) by (1) KLA-Tencor Corporation and (2) Skadden, Arps, Slate,
     Meagher & Flom LLP, Attorneys for the Special Committee of KLA's Board of Directors),

28   Docket # 75 (attached hereto as Exhibit B).

1   issues to be decided in that motion are at issue in this action. For instance, Mr. Schroeder has

2   argued that KLA and the KLA Special Committee have waived any applicable attorney-client

3   privilege and/or attorney work product protection as to documents relating to the Special

4   Committee investigation (including notes and drafts of witness interview memoranda and

5   communications between Skadden and the Special Committee) or documents shared with KLA's

6   outside auditors by voluntarily producing those purportedly privileged documents to the SEC.

7   Mr. Schroeder also seeks "the testimony of, and documents reflecting, communications with or

8   involving two lawyers who served as General Counsel of KLA (Mr. Nichols and Ms. Berry),

9   outside counsel for KLA who advised the company on option granting practices (WSGR), and

10  KLA personnel about their communications with those lawyers or amongst themselves about

11  communications with those lawyers." All of these categories of documents are similarly vital to

12  Ms. Berry's defense and she has either already learned or expects, based on previous meet and

13  confer conversations, that KLA will assert privilege as to them.

14          Ms. Berry respectfully submits that resolution of the privilege issues prior to the

15  commencement of deposition discovery is crucial to mounting her defense and necessary as a

16  matter of fundamental fairness. Without such resolution, she will be unable to obtain

17  communications between herself and outside counsel, the companies' outside auditors or

18  company personnel regarding options, or documents relating to the investigations conducted by

19  the companies -- all documents that may be relevant, as the former general counsel to those

20  companies, to her defenses in this action. Such documents and others that she seeks to be

21  produced despite the privilege assertions will have a direct bearing on the remaining discovery to

22  be conducted in this action, especially deposition discovery.

23          Ms. Berry believes that she will need at least 50 depositions in this action in order to

24  adequately prepare her defense. Fairness and judicial economy dictates that these depositions

25  should not commence until the discovery motions discussed above have been resolved and her

26  counsel has had an opportunity to obtain and review all documents produced as a result of such

27  motions. As discussed in more detail in the discovery plan to be filed with the Court, Ms. Berry

28  proposes that deposition discovery commence 45 days after the resolution of the foregoing

1    motions.

2                        b.        **Deposition of Ms. Berry**

3            The SEC continues to press to take Ms. Berry's deposition at the outset of the deposition

4    phase of discovery.   The SEC has offered no proper reason for rushing Ms. Berry's deposition,

5    and there are several compelling reasons for *not* doing so.[14]  First, Ms. Berry should not be

6    deposed without the benefit of complete document discovery from the companies and critical

7    third parties, including the companies' outside lawyers.  The documents sought are directly

8    related to Ms. Berry and to issues in this case.  The SEC will be asking Ms. Berry to answer

9    questions relating to events that occurred nearly a decade ago—fairness requires that she have a

10   chance to review and prepare for that deposition.  Moreover, until the document discovery issues

11   are resolved, a deposition of Ms. Berry would involve the attendant inevitability that the

12   Commission will seek to burden Ms. Berry with another deposition after documents have been

13   produced.

14           Second, as a matter of fundamental fairness and due process, the privilege issues

15   discussed above should be resolved before Ms. Berry is subject to deposition.  As the former

16   General Counsel of KLA and Juniper, Ms. Berry is uniquely impacted by the assertion of

17   privilege by her former employers and their outside lawyers.  She has been instructed by both

18   companies not to reveal privileged and confidential information; she also has an independent

19   professional obligation to refrain from revealing confidential information absent authorization to

20   do so or a court order.  Yet, communications between and among KLA or Juniper attorneys and

21   their respective employees, directors and inside and outside lawyers regarding stock option

22   practices may tend to show that she is not liable for the claims asserted by the SEC.  In the

23   *Schroeder* case, Judge Ware recently held that "KLA's assertions of privilege, if later confirmed

24   by the Court, may prevent [Mr. Schroeder] from asserting potentially viable defenses."[15]  Ms.

25   _____

26   [14] Ms. Berry reserves the right to fully brief the legal issues relating to the appropriate timing of
     her deposition in this action before either the discovery magistrate assigned to this case or the
27   Court.

28   [15] *See* Civil Case No. 07-cv-03798-JW (Order Denying Defendant's Motion to Dismiss), Docket
     Footnote continued on next page

1  Berry will suffer from a similar disability if the privilege claims are not resolved in this action.

2  Absent a court order resolving the privilege disputes, Ms. Berry would be unfairly constrained at

3  her deposition.  The SEC should not be allowed to take advantage of this situation by forcing an

4  unnecessarily early deposition before these issues are resolved.

5       Finally, there is no compelling reason why Ms. Berry's deposition should take place

6  before any of the individuals and entities the SEC has identified as potential witnesses in this

7  case.  In *Schroeder*, Judge Lloyd denied the SEC's demand that Mr. Schroeder be deposed at the

8  outset of the case and the SEC later rescheduled his deposition for 8 months into the discovery

9  period.[16]   The SEC's approach in that case strongly suggests that an early deposition of Ms.

10  Berry is not necessary to the fact-finding process or to the SEC's own litigation strategy.

11      In short, Ms. Berry will be unfairly prejudiced if forced to sit for deposition before the

12  foregoing issues are resolved.  As the SEC acknowledges, there are dozens of witnesses with

13  relevant information who can be deposed prior to Ms. Berry.  The Court should order that those

14  deposition take place and that deposition discovery proceed in an orderly, staged process that

15  takes into account Mr. Berry's right to crucial discovery.

16  **3.    SCHEDULE FOR REMAINDER OF CASE**

17      The Commission proposes the following schedule, which will accommodate the legitimate

18  discovery requirements of the parties while allowing for the case to proceed at a reasonable pace:

19

20  Commencement of Depositions            September 16, 2008

21  Close of Fact Discovery                April 30, 2009

    Disclosure of Experts                  April 17, 2009

22  Close of Expert Discovery              May 29, 2009

23  Last Day for Hearing Dispositive Motions   June 26, 2009

24  Trial Commences                        July 27, 2009

25

26  _____

    No. 73, p. 6:1-2 (attached hereto as Exhibit B).

27  [16] Case No. 07-cv-03798 (Order Granting in Part Defendant's Motion for Protective Order),
    Docket No. 34, pp. 4-5.
28

1    Ms. Berry proposes the schedule below for the remainder of the case. This proposed

2    schedule takes the following factors into consideration: (i) the court's resolution of the pending

3    motion to dismiss may ultimately impact the claims at issue and therefore the discovery that may

4    need to be undertaken; (ii) the likely need for Magistrate Judge Lloyd and perhaps this Court to

5    resolve the privilege and other issues that third parties have raised; and (iii) the extensive number

6    of witnesses from whom discovery will need to be taken. Ms. Berry believes the proposed

7    discovery period is well justified given the significant amount of coordination and time that will

8    be required to depose the many witnesses from multiple companies and law firms, and

9    accordingly proposes the following schedule:

10
| | |
|---|---|
| Commencement of Depositions | November 3, 2008[17] |
| Close of Fact Discovery | August 14, 2009 |
| Close of Expert Discovery | September 30, 2009 |
| Last Day for Hearing Dispositive Motions | November 30, 2009 |
| Pretrial Conference | January 18, 2010 |
| Trial Commences | February 1, 2010 |

16    **4.    SETTLEMENT AND ADR**

17    On December 13, 2007, the parties participated in an ADR phone conference with Robin

18    W. Siefkin, ADR Program Staff Attorney. The parties indicated their preference for a Settlement

19    Conference before a United States Magistrate Judge to take place after the Court has heard and

20    ruled upon Ms. Berry's Motion to Dismiss.

25    DATED:  July 3, 2008                    Respectfully submitted,

27    ——————————————

28    [17] This proposed date assumes resolution of the privilege disputes.

1

                                    /s/ Susan F. Lamarca
                          Susan F. Lamarca
2                         SECURITIES AND EXCHANGE COMMISSION
                          Attorneys for Plaintiff
3

4                                   /s/ Nancy E. Harris
                          Nancy E. Harris
5                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                          Attorneys for Defendant
6                         LISA C. BERRY

7

8

9       Orrick, Herrington & Sutcliffe LLP hereby attests that it has obtained approval for any signatures indicated by "/s/"
        within this e-filed document.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28