MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LaMARCA (Cal. Bar No. 213251)
lamarcas@sec.gov
MARK P. FICKES (Cal. Bar No. 178570)
fickesm@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
pendreyj@sec.gov
ELENA RO (Cal. Bar No. 197308)
roe@sec.gov
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION


MELINDA HAAG (Cal. Bar No. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (Cal. Bar No. 154709)
jkramer@orrick.com
NANCY E. HARRIS (Cal. Bar No. 197042)
nharris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:(415) 773-5700

Attorneys for Defendant
Lisa C. Berry

***E-FILED - 7/16/08***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LISA C. BERRY,<br><br>Defendant. | Case No. C-07-4431-RMW (HRL)<br><br>**STIPULATED DISCOVERY PLAN AND [] ORDER**<br><br>CMC Date: July 18, 2008<br>Time:          10:30 a.m.<br>Location:   Courtroom 6, 4th Floor<br>                  Hon. Ronald M. Whyte |

**SEC V. BERRY, No. C-07-4431-RMW (HRL)**                                                   STIPULATED DISCOVERY PLAN AND [] ORDER

1  Pursuant to the Court's May 9, 2008, Minute Order, plaintiff Securities and
2  Exchange Commission ("SEC" or "Commission") and defendant Lisa C. Berry hereby
3  agree and stipulate to the following Stipulated Discovery Plan governing the depositions of
4  percipient witnesses in this action.  The SEC and Ms. Berry agree that any issues
5  unaddressed by this Stipulated Discovery Plan remain subject to the provisions of the
6  Federal Rules of Civil Procedure, unless and until otherwise modified by stipulation and/or
7  Court order.

**A.    Noticing and Taking Depositions in Excess of the Limitations Provided by FRCP 30(a)(2)(A)**

Ms. Berry believes that, given the complexity of the issues involved and the number of percipient witnesses, she will require at least 65 fact depositions to adequately prepare her defense in this action.  The SEC believes that far fewer depositions are required.  Accordingly, the parties have agreed to the below mechanisms to permit, first, for the taking of 40 fact depositions by either party without further leave of Court, and second, for the taking of additional depositions by providing a greater level of notice and thereby either removing any objections or efficiently presenting any objections to the Court.  (Ms. Berry may use each of these mechanisms.)

Prior to noticing any deposition in excess of the 40 depositions limit, the noticing party must comply with the following steps:

(1)    Meet and confer with the opposing party, identifying the person sought to be deposed and why that deposition is needed, in order to obtain agreement that the deposition should go forward.

(2)    If agreement that the deposition may go forward is reached between the parties, no further action is required and the party wishing to take the deposition need not seek further leave of Court pursuant to FRCP 30(a)(2) to notice and take the deposition.

(3)    If, after meeting and conferring, the parties are unable to reach agreement that the deposition may go forward, the party wishing to take the deposition may seek leave from the Court (Magistrate Judge Lloyd) to take the deposition.

1          (4)    Any application to the Court to take a deposition in excess of the initial 40
2   depositions shall be in the form of a short and concise statement (less than 4 pages) setting
3   forth the need for the particular deposition and the reasons the parties have not been able to
4   reach agreement. The party opposing the deposition may respond, within three business
5   days after receipt of the opposing party's statement, with a short and concise statement (less
6   than 4 pages) setting forth why the particular deposition is unnecessary and the reasons the
7   parties did not reach agreement. If the opposing party does not so respond, the deposition
8   may proceed.

9          **B.     Noticing and Taking of Depositions In Excess of the Limitations**
10                  **Provided by FRCP 30(d)(1)**

11          (1)    To the extent that a party considers a deposition to require time in addition to
12  the single day of seven hours provided by FRCP 30(d)(1), prior to taking the deposition and
13  in connection with scheduling the deposition (per Section C, below), the party will meet and
14  confer first with the opposing party to determine whether agreement can be reached among
15  the parties to a longer period, and then with the deponent (or his or her counsel), informing
16  each why additional deposition time is needed, in order to obtain agreement that the
17  deposition should be extended beyond one day of seven hours.

18          (2)    If agreement regarding the time to be allocated for the deposition is reached
19  between the parties and the deponent, no further action is required and the party wishing to
20  take the deposition need not seek further leave of Court pursuant to FRCP 30(d)(1) to
21  extend the time of the deposition beyond the seven hour limitation.

22          (3)    If, after meeting and conferring, the parties or the deponent are unable to
23  reach agreement as to the time to be allotted to the deposition, the party wishing to take the
24  deposition may seek leave from the Court (Magistrate Judge Lloyd) to extend the
25  deposition.

26          (4)    Any application to the Court to extend the time for a deposition shall be in
27  the form of a short and concise statement (less than 4 pages) setting forth the need for
28  additional time for the deposition and the reasons agreement was not reached. The person

1  (either a party or a deponent) opposing the deposition may respond, within three business
2  days after receipt of the statement requesting additional time, with a short and concise
3  statement (less than 4 pages) setting forth why the additional time for deposition is
4  unnecessary and the reasons agreement was not reached.  If no response is timely filed, the
5  deposition may proceed with the extended time.

6  (5)  This agreement does not limit a party's rights under FRCP 30(d)(1) to seek
7  additional opportunity to examine a person after the first day of first seven hours of a
8  deposition to the extent the party makes a showing of need for additional time due to the
9  deponent or another person, or other circumstances, impeding or delaying the examination.

10  **C.  Scheduling Depositions: Required Meet and Confer**

11  The parties agree that each will cooperate in good faith in scheduling depositions.
12  To the maximum extent possible, prior to noticing a deposition, a party will contact the
13  opposing party and the deponent (or his or her counsel) to learn of availability and any
14  obstacles to availability during the time period contemplated for the deposition.  A party
15  will also notify the opposing party and the deponent (or his or her counsel) if the party
16  believes that the deposition will require more than one day of seven hours to complete, as
17  described in Section B, above.

18  In offering dates for a deposition, the noticing party will provide alternative dates
19  unless the deponent is unavoidably available only on a single date; if a deponent is
20  temporarily unavailable during most or all of the desired period for taking his or her
21  deposition, the noticing party should first attempt to accommodate him or her and opposing
22  counsel by seeking a deposition during another period.

23  **D.  Conducting Depositions**

24  The parties agree to the following procedure for dividing the time allocated for
25  cross-noticed depositions and interposing objections during a deposition:

26  (1)  In those depositions that are cross-noticed by the SEC or Ms. Berry, the
27  parties shall cooperate with each other in advance of the deposition to allocate deposition
28  time and to determine the order in which parties shall conduct the examination.

**SEC V. BERRY, No. C-07-4431-RMW (HRL)** - 3 -   STIPULATED DISCOVERY PLAN AND [] ORDER

1        (2)    Only one attorney per party may ask questions or interpose objections during a deposition at any given time, unless stipulated otherwise by the opposing party's counsel.

IT IS SO STIPULATED.

DATED:   July 11, 2008        Respectfully submitted,


          /s/ *Susan F. LaMarca*
Susan F. LaMarca
SECURITIES AND EXCHANGE COMMISSION
Attorneys for Plaintiff

          /s/ *Nancy E. Harris*
Nancy E. Harris
ORRICK, HERRINGTON & SUTCLIFFE LLP
Attorneys for Defendant
LISA C. BERRY


Orrick, Herrington & Sutcliffe LLP hereby attests that it has obtained approval for any signatures indicated by "/s/" within this e-filed document.

**[] ORDER AS TO STIPULATED DISCOVERY PLAN**

The parties shall comply with the above terms and procedures as agreed to in their Stipulated Discovery Plan.

**IT IS SO ORDERED.**

Dated:   7/16/08

*Ronald M. Whyte*

Ronald M. Whyte
UNITED STATES DISTRICT JUDGE