MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LaMARCA (Cal. Bar No. 213251)
  lamarcas@sec.gov
MARK P. FICKES (Cal. Bar No. 178570)
  fickesm@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>LISA C. BERRY,<br><br>  Defendant. | Case No. C-07-4431-RMW (HRL)<br><br>**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**<br><br>Date: August 15, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 6, 4th Floor<br>             Hon. Ronald M. Whyte |

**CASE NO. C-07-4431 RMW (HRL)**

## I. Introduction

Defendant Lisa C. Berry requests by a companion motion to her second Motion to Dismiss, for an order "striking" the disgorgement claim from the Securities and Exchange Commission's ("Commission") First Amended Complaint ("FAC"). Defendant's motion is premised on a misreading of the Court's Order Granting in Part and Denying in Part Ms. Berry's Motion to Dismiss, dated May 7, 2008 ("Order"). She thus strings together quotes taken out of context and asserts that the Court found the Commission's allegations and its prayer for disgorgement somehow deficient. There is no such finding in the Court's Order. Instead, the Court Order includes a specific concluding "Order," which grants the former motion to dismiss as to certain claims regarding civil penalties, and with respect to securities fraud claims and negligent misrepresentation claims other than those specified, and further orders: "The motion is otherwise denied." Order at 19-20. Disgorgement is not mentioned.

Rather than timely and appropriately seek reconsideration if she thought the Court's Order arrived at an erroneous conclusion, defendant wraps her argument here into a disfavored procedural device, a motion to strike under Federal Rule of Civil Procedure 12(f), which is neither appropriate nor timely. In any event, as described below, the Commission's FAC – as did the Commission's original complaint – sufficiently pleads precisely how defendant obtained ill-gotten gains, which she should be required to disgorge. Accordingly, defendant's so-called motion to strike should be denied.

## II. Defendant Received Ill-Gotten Gains, Including In-The-Money Stock Options

As the FAC describes, in the course of her stock option backdating schemes at KLA and at Juniper, defendant engineered the grant of undisclosed, in-the-money stock options to employees and executives. Indeed, the FAC identifies a particular grant, bearing the false date of August 31, 1998, which was actually made by Berry in October 1998. FAC, ¶ 28. The FAC further describes that when granted, the options were secretly in-the-money by as much as $3.18 per share. *Id*. Further, "Berry personally benefited from the grant backdated to August 31, 1998, as she received options to purchase 22,000 shares at the lower $10.63 exercise price." *Id*., ¶ 29. Thus, as early as October 1998, Berry received ill-gotten value from her fraud. The FAC similarly alleges how Berry obtained

1 backdated, in-the-money options on five further occasions as a result of her fraud at Juniper. Id., ¶
2 78.
3      In addition, the FAC describes Berry's exercise of stock options and her sales of shares in
4 both companies' stock, further sources of gains that may be attributed to her fraud. Id., ¶ 79.  In
5 short, there are numerous sources recited in the FAC of enrichment to defendant that she should be
6 ordered to disgorge.

7 **III.    Argument**

8      Defendant's motion should be denied both because it is premised on an untimely and
9 inappropriate procedural device, and because her argument is baseless. "Striking pleadings is 'long
10 disfavored,' and only appropriate where allowing the improper matter to linger in the pleadings will
11 prejudice the moving party." *Sapiro v. Encompass Ins.,* 221 F.R.D. 513, 518 (N.D. Cal. 2004).  In
12 addition, such a motion was required to have been made no later than the date set for responsive
13 pleadings. Fed. R. Civ. Proc. 12(f).  As defendant readily admits, the allegations supporting the
14 Commission's disgorgement claims have not changed from the originally filed complaint.
15 Consequently, any motion to strike these allegations was required to have been made within the time
16 provided for responsive pleadings, or 20 days after service of the original complaint. Fed. R. Civ.
17 Proc. 12(a).
18      Compounding her tardiness, defendant concedes that her currently-styled "motion to strike" is
19 no different than her earlier motion to dismiss the disgorgement claim, but she provides no
20 explanation for why the Court should again consider it.  If dissatisfied with the Court's order on her
21 original motion, defendant should have timely sought reconsideration of that decision, pursuant to
22 Local Rule 7-9.
23      Defendant attempts to get around these procedural deficiencies by simply asserting that the
24 Court somehow found the Commission's allegations and prayer for relief regarding disgorgement
25 wanting. No such finding was made. Moreover, the truncated portions of Court's Order to which
26 defendant cites for this proposition do not support her assertion.  Thus, defendant quotes from page
27 10 of the Order, at the conclusion of a paragraph discussing the uniform caselaw finding that a
28

1  request for disgorgement is not a "penalty" subject to the statute of limitations found at 28 U.S.C.
2  Section 2462.  In demonstrating a further reason why disgorgement would not qualify as a "penalty,"
3  the decision states:  "Indeed, if the alleged scheme produced no ill-gotten gains, there is nothing to
4  disgorge."[1]  However, nowhere does the Order find that the scheme alleged produced not ill-gotten
5  gains; nor does it state that there is nothing to disgorge.  Defendant ignores the word "If."

6    Furthermore, there would be no reason for the Court to dismiss the Commission's
7  disgorgement claim, especially at this early stage.  The request for disgorgement is not subject to
8  Rule 9(b) pleading standards.  Even if it were, the Commission has made clear precisely how
9  defendant was enriched from her repeated receipt of backdated stock options, and that she also
10  received gains from her sales of each company's stock.  These allegations must be accepted as true.
11  The exact dollar amount that the Commission would ultimately request that defendant be ordered to
12  pay need not, however, be included in the complaint.[2]

13    Finally, it would be inappropriate to strike the allegations regarding defendant's receipt of
14  backdated stock options even if they did not also support the claimed disgorgement remedy.  As the
15  Court's Order acknowledges, "[t]he SEC submits that Ms. Berry was motivated to continue
16  backdating options to enrich herself and her fellow executives."  Order at 9.  This basis alone is
17  sufficient reason for a jury to consider the facts regarding defendant's personal enrichment from her

---

[1]  In context, this final line suggests that at the conclusion of the litigation, if the Commission could not prove its disgorgement claim, there would be no order that she disgorge any amount, and thus nothing to point to as a "penalty."  Indeed, the entire discussion in the paragraph regards what the defendant regarded as "punitive" remedies, not what the Court regarded as adequately (or inadequately) pled allegations.

[2]  A defendant's receipt of backdated, in-the-money options has value at the time of her receipt.  To properly measure the value to from receipt of those options, a calculation should be made based on the facts known at the time of her receipt; in contrast, defendant assumes the court must wait and see if a defendant ultimately exercises backdated options and sells the underlying stock for a gain.  Such a "wait and see" approach to disgorgement has been frequently rejected.  *See, e.g., SEC v. Commonwealth Chem. Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978) ("We see no reason why . . . the court must give them credit for the fact that they had not succeeded in unloading all their purchases at the time when the scheme collapsed."); *SEC v. Shapiro*, 494 F.2d 1301, 1309 (2d Cir. 1974) ("A violator of the securities laws should disgorge profits earned by trading on non-public information . . ..  To require disgorgement only of actual profits in cases where the price of the stock fell would create a heads-I-win-tails-you-lose opportunity for the violator.").

1  own fraud. Evidence of her motive, though powerful and thus harmful to defendant's position, is not
2  the type of "prejudice" sought to be prevented through a motion to strike.

3  **CONCLUSION**

4  For the above reasons, defendant's motion to strike should be denied.

6  DATED:   July 25, 2008            Respectfully Submitted,

8                                    /s/
                                     Susan F. LaMarca
9                                    Attorneys for Plaintiff
10                                   SECURITIES AND EXCHANGE COMMISSION