MELINDA HAAG (STATE BAR NO. 132612)
mhaag@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1-415-773-5700
Facsimile:    +1-415-773-5759

Attorneys for Defendant
Lisa C. Berry

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>     v.<br><br>LISA C. BERRY,<br><br>             Defendant. | Case No.  C 07 4431 RMW HRL<br><br>**LISA C. BERRY'S REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:         August 15, 2008<br>Time:        9:00 a.m.<br>Courtroom: 6, Fourth Floor |

## I.     INTRODUCTION

In its Order Granting in Part and Denying in Part Ms. Berry's Motion to Dismiss (May 7, 2008) ("Order"), this Court stated that the SEC did not in its original complaint "allege that Ms. Berry ever directly benefited from backdating at KLA or at Juniper" and granted the SEC leave to amend to plead the necessary facts supporting its claims. Order at 9.  In its Opposition ("Opp.") to Lisa Berry's Motion to Strike the SEC's prayer for disgorgement ("MTS"), the SEC admits that "the allegations supporting the Commission's disgorgement claims have not changed from the originally filed complaint." Opp. at 2.  The SEC maintains, in essence, that the Court erred in its Order because, in the SEC's view, Ms. Berry received some theoretical "value" from her mere receipt of allegedly backdated stock options, and such theoretical "value" is subject to disgorgement. *Id*. at 1.  This novel theory – that a defendant should be required to disgorge hypothetical, unrealized (and now unrealizable) "value," rather than actual profits or gains – is without legal support.  Accordingly, the SEC's prayer for disgorgement should be stricken.

## II.    MS. BERRY'S MOTION TO STRIKE IS PROCEDURALLY PROPER

The SEC's primary argument is to raise an unavailing procedural technicality. The SEC asserts that the MTS is barred because Ms. Berry did not seek to strike the SEC's disgorgement prayer in her initial motion to dismiss and that she should have raised this issue as a motion for reconsideration of the Order.  *Id.* at 2.  This argument is logically flawed and is unsupported by the actual development of Ms. Berry's objection to the SEC's disgorgement claims.

Ms. Berry objected to the SEC's improper and unfounded disgorgement prayer – and specifically moved to dismiss it – in her initial motion to dismiss on the very same grounds that it raises in this MTS, namely, that the SEC had failed to allege that Ms. Berry had ever exercised a backdated option grant to her profit or otherwise received any gain from the receipt of allegedly backdated option grants.  *See* Motion To Dismiss at 13-14 (Nov. 19, 2007).  The Court agreed, stating that "the SEC does not allege that Ms. Berry ever directly benefited from backdating at KLA or at Juniper" and that "if the alleged scheme produced no ill-gotten gains, there is nothing to disgorge."  Order at 9-10.

After the SEC, in its First Amended Complaint ("FAC"), failed to heed the Court's

- 1 -

1  suggestion to specifically allege that Ms. Berry received an actual benefit from any alleged
2  backdating, Ms. Berry moved to strike the SEC's prayer for disgorgement from the pleadings
3  under Rule 12(f).[1]  The SEC's hyper-technical argument that Ms. Berry should have moved for
4  reconsideration makes no sense:  why would Ms. Berry have sought reconsideration of a finding
5  that agreed with the position she had advocated in her motion?  In any event, the SEC has placed a
6  new complaint at issue and Local Rule 7-9 does not prescribe a time limit for seeking leave to file
7  a motion for reconsideration regarding an interlocutory order, so the SEC's objection that Ms.
8  Berry should have raised the disgorgement issue in a motion for reconsideration instead of a
9  motion to dismiss is an unjustified elevation of form over substance.
10         At all events, the SEC cannot reasonably claim that it has been blindsided by Ms. Berry's
11  MTS, and it cites no authority in support of its interpretation of the procedural rules.  To the
12  contrary, the courts have consistently read Rule 12(f) to allow a district court to consider and grant
13  a motion to strike "at any point in a case," even where the opposing party asserts that the motion
14  was untimely.  *See Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (citing
15  *Nat'l Union Fire Ins. v. Alexander*, 728 F. Supp. 192, 194 (S.D.N.Y. 1989)).  Rule 12(f) authorizes
16  the Court to strike a pleading at any time.  *Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D.
17  Cal. 2007).  Particularly given that (1) Ms. Berry raised this very issue in her motion to dismiss the
18  original complaint, (2) the SEC had an opportunity to address it at that time, (3) the Court gave the
19  SEC leave to amend, and (4) the SEC decided to stick with its original allegations, the SEC
20  provides the Court with no reason for declining to decide the issue on its merits.

21  **III.    THE SEC'S DISGORGEMENT PRAYER FOR RELIEF SHOULD BE STRICKEN**
22         While noting that Rule 12(f) motions to strike are generally disfavored, the SEC
23  nevertheless fails to address this Court's statement of settled law, namely, that irrelevant and
24  improper demands for relief are "proper subjects for a motion to strike."  *See Santa Clara Valley*
25  *Water Dist. v. Olin Corp.*, 2007 WL 2890390, at *5 (N.D. Cal. Sept. 28, 2007) (Whyte, J.).  The

---

[1] Because Ms. Berry moved to dismiss each of the SEC's claims in its original Complaint, she did not also simultaneously move to strike the disgorgement prayer for relief since such a motion would have been duplicative of the motion to dismiss and therefore unnecessary.

1  SEC's acknowledgment that it has added no new allegations supporting its disgorgement claim
2  demonstrates that it can not allege that Ms. Berry ever received any ill-gotten profits or direct
3  economic gains as a result of the alleged backdating of stock options at either KLA or Juniper.
4      Rather than alleging any *actual* profits or gains from allegedly backdated option exercises,
5  the SEC argues that Ms. Berry received theoretical "value" from in-the-money option awards at the
6  time of receipt, even though she never exercised them and they expired worthless.  Opp. at 1, 3 n.2.
7  The SEC's reliance on such hypothetical, inchoate, unrealized "value" is insufficient under well-
8  established Ninth Circuit precedent, which requires *actual gains*.  *See Hateley v. SEC*, 8 F.3d 653,
9  655 (9th Cir. 1993) (disgorgement reasonable only for those profits "actually *retained*") (emphasis
10 in original); *SEC v. Richie*, 2006 U.S. Dist. LEXIS 45853, *29-30 (C.D. Cal. May 9, 2006)
11 (disgorgement should not exceed "the actual amount of ill-gotten gains").
12     The two Second Circuit cases from the 1970's cited by the SEC do not support its novel
13 formulation.  *See SEC v. Commonwealth Chem. Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978);
14 *SEC v. Shapiro*, 494 F.2d 1301, 1309 (2d Cir. 1974).  Both *Commonwealth* and *Shapiro* involve
15 defendants who actually sold stock for a profit, producing tangible, quantifiable gains.  In
16 *Commonwealth*, defendants sought, in the computation of the disgorgement figure, to offset actual
17 profits they earned from stock sales by the losses they incurred after the SEC suspended trading in
18 the securities.  *Commonwealth*, 574 F.2d at 102.  The court held the defendants were not entitled to
19 offset their actual gains with those losses.  *Id.*  Similarly in *Shapiro*, an insider trading case, the
20 defendant was required to "disgorge[] only unfair *profits*" under the principle that "[a] violator of
21 the securities laws should disgorge *profits* earned by trading on non-public information."  494 F.2d
22 at 1309 (emphasis added).  Unlike the *Commonwealth* and *Shapiro* defendants, Ms. Berry never
23 actually exercised any allegedly backdated options grants and never received a penny as a result of
24 any alleged fraud.
25     The SEC argues that it would be premature for the Court to strike the disgorgement
26 request "at this early stage."  Opp. at 3.  But, as Ms. Berry pointed out in her opening brief and as
27 the SEC does not dispute, the proper function of a Rule 12(f) motion is to dispense with spurious
28 issues prior to trial.  *Sideny-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  As

1  Ms. Berry showed (MTS at 3), and as the SEC does not contest, she will suffer prejudice if the
2  prayer for disgorgement remains in the case, thus making it all the more important to grant her
3  motion at this stage.
4        Finally, the SEC – tacitly acknowledging that its allegations do not support its
5  disgorgement request – asks the Court to at least allow the *allegations* themselves to survive for
6  purposes of demonstrating Ms. Berry's motive.  Opp. at 3-4.  The SEC misreads Ms. Berry's
7  Motion, which seeks to strike only the SEC's prayer for relief (FAC, p. 28, II) rather than the
8  FAC's allegations regarding Ms. Berry's alleged receipt of backdated options.  *See* Proposed Order
9  in support of Ms. Berry's Motion.  If the SEC's theory is that a factfinder could divine Ms. Berry's
10 fraudulent intent from the fact that she received but never once exercised allegedly backdated
11 options grants, that theory can be addressed at the appropriate time.

**IV.  CONCLUSION**

For the foregoing reasons, Ms. Berry's motion to strike should be granted with prejudice.

Dated: August 1, 2008

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
NANCY E. HARRIS
Orrick, Herrington & Sutcliffe LLP


/s/ Melinda Haag
MELINDA HAAG
Attorneys for Defendant
Lisa C. Berry