MELINDA HAAG (SBN 132612)
Email: mhaag@orrick.com
JAMES A. MEYERS (ADMITTED PRO HAC VICE)
Email: jmeyers@orrick.com
JAMES N. KRAMER (SBN 154709)
Email: jkramer@orrick.com
NANCY E. HARRIS (SBN 197042)
Email: nharris@orrick.com
REBECCA F. LUBENS (SBN 240683)
Email: rlubens@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendant
LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>    v.<br><br>LISA C. BERRY,<br><br>               Defendant. | Case No. C 07 4431 RMW HRL<br><br>**STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2 REGARDING DOCUMENTS SOUGHT FROM KLA-TENCOR CORPORATION**<br><br>Date: November 18, 2008<br>Time: 10:00 AM<br>Ctrm: 8<br>Judge: Magistrate Judge Howard R. Lloyd |

   Defendant Lisa Berry respectfully submits this Statement in Compliance with Local Rule 37-2 Regarding Documents Sought from KLA-Tencor Corporation ("KLA"). In her Motion to Compel Further Responses to Discovery Requests by KLA-Tencor Corporation, Inc., the Special Committee of KLA's Board of Directors and Wilson Sonsini Goodrich & Rosati (the "Motion to Compel"), Ms. Berry seeks documents responsive to three Requests contained in her subpoena to KLA. As set forth in more detail below, and in her Motion to Compel, after extensive meet and confer discussions with KLA, Ms. Berry has narrowed her Requests significantly and is seeking to compel from KLA the following eight categories of documents: (1) documents relating to or regarding the "Stock Option Committee Procedures" memo produced to the SEC by KLA; (2) communications between Ms. Berry and Wilson Sonsini Goodrich & Rosati ("WSGR") from January 1995 through December 2001; (3) communications between Lisa Berry and KLA personnel regarding options from January 1995 through December 2001; (4) billing records reflecting WSGR advice to or work for KLA regarding options; (5) communications between KLA and PricewaterhouseCoopers ("PwC") regarding options from 1995 through December 2001; (6) documents reflecting or relating to presentations by KLA or the Special Committee of the KLA Board of Directors ("Special Committee") to the SEC, U.S. Attorney's Office ("USAO"), PwC or the Board, including documents that were shown to, read to, or produced to any of these entities; (7) documents produced to third parties, including the USAO, NASDAQ, PwC, any shareholder derivative plaintiffs or class action plaintiffs, regarding stock options; and (8) documents relating to any delisting hearing or hearing before the NASDAQ Listing Qualifications Panel, including transcripts of hearings. For ease of reference, Ms. Berry has organized this statement to correspond to the three Requests contained in her subpoena to KLA and set forth the specific categories above encompassed by each Request.

   KLA has refused to produce the documents at issue in the Motion to Compel on the basis of the attorney-client privilege and/or the work product doctrine. The documents and testimony that Ms. Berry seeks are vital to her ability to fully defend herself. Moreover, KLA's privilege claims are unfounded, either because no privilege or protection ever attached or because KLA has waived any applicable privilege or protection.

I.  **MS. BERRY'S ORIGINAL REQUEST NO. 2**

All documents and communications relating to legal or accounting advice (whether with KLA's internal or external accountants and/or lawyers) for KLA's equity award practices or any proposed, considered or actual KLA stock option award or exercise, including the proper accounting, timing, procedure, and manner of stock option awards or exercises.

    A.  **KLA's Response to Ms. Berry's Request No. 2**

KLA asserts and incorporates each of the General Objections set forth above. KLA objects to this Request to the extent that it is overly broad and unduly burdensome. On its face, the request is overly broad and unduly burdensome in that it places no limitation on the types of stock option documents requested, the persons relating to such stock options or a time frame for documents relating to stock options, despite the fact that Berry left KLA in 1999. KLA objects to this Request to the extent that it is vague and ambiguous, compound, and improper in form. KLA further objects to this Request to the extent it seeks production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. KLA objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege. On its face the request seeks privileged communications and no such privileged documents will be produced. KLA objects to this Request to the extent it seeks confidential, proprietary, or highly sensitive information or information that is protected by the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this Request to the extent it contains duplicative requests, in whole or in part.

KLA objects to this Request to the extent it seeks documents that Berry already has in her possession, custody or control or are as accessible to Berry as they are to KLA, including, but not limited to, documents that Berry already has obtained from the SEC in this action. No such documents will be produced by KLA

    B.  **Ms. Berry's Narrowed Request**

After extensive meet and confer discussions with KLA, Ms. Berry narrowed her Request to the following categories: (1) communications between Ms. Berry and WSGR from January 1995

through December 2001; (2) communications between Ms. Berry and KLA personnel regarding options from January 1995 through December 2001; (3) billing records reflecting WSGR advice to or work for KLA regarding options; and (4) communications between KLA and PwC regarding options from 1995 through December 2001.

### C. KLA's Response to Ms. Berry's Narrowed Request

Counsel for Ms. Berry has requested a log reflecting KLA's privilege assertions, but has not yet received one. To date, Ms. Berry has received no documents from KLA in response to her subpoena. Ms. Berry has not asked KLA to re-produce documents already produced to Ms. Berry by the SEC and does not seek to do so in this Motion. Counsel for KLA has advised Ms. Berry that KLA intends to take similar privilege positions to those asserted in the *SEC v. Schroeder* litigation.

### D. Ms. Berry's Entitlement to Documents in Dispute

As explained in more detail in her Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 2 that KLA has withheld based on the attorney-client privilege and/or work product doctrine because (1) KLA has not met its burden of establishing that the attorney-client privilege or work product protection applies to all documents encompassed by this Request, including billing records reflecting WSGR advice to or work for KLA regarding options and communications between KLA and PwC; (2) KLA waived any applicable privilege or protection as to the subject matter of its investigation when it produced and/or disclosed to the SEC documents reflecting attorney-client communications concerning KLA's option granting practices, witness interview memoranda concerning such communications, and purportedly privileged materials and/or work product created during the Special Committee investigation; and (3) waiver applies irrespective of whether KLA physically produced such documents to the SEC or disclosed the materials orally or by other means.

## II. MS. BERRY'S ORIGINAL REQUEST NO. 3

All documents and communications relating to any investigations, examinations, studies or audits conducted by you or on your behalf regarding KLA's stock option practices, procedures, grants, exercises and accounting, including all reports, minutes, interview notes or interview

- 3 -

memoranda.

### A.  KLA's Response to Ms. Berry's Request No. 3

KLA asserts and incorporates each of the General Objections set forth above. KLA objects to this Request to the extent that it is overly broad and unduly burdensome. KLA objects to this Request to the extent that it is vague and ambiguous, compound, and improper in form. KLA further objects to this Request to the extent it seeks production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. KLA objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege. No such privileged documents will be produced. KLA objects to this Request to the extent it seeks confidential, proprietary, or highly sensitive information or information that is protected by the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this Request to the extent it contains duplicative requests, in whole or in part.

KLA objects to this Request to the extent it seeks documents that Berry already has in her possession, custody or control or are as accessible to Schroeder as they are to KLA, including, but not limited to, documents that Berry already has obtained from the SEC in this action. No such documents will be produced by KLA.

### B.  Ms. Berry's Narrowed Request

After extensive meet and confer discussions with KLA, Ms. Berry narrowed her Request to the following: documents relating to or regarding the "Stock Option Committee Procedures" memo produced to the SEC by KLA, including (1) documents regarding the decision to hire Mr. Middleton to conduct the investigation; (2) documents reflecting steps taken by Kevin McAndrews to locate the "Stock Option Committee Procedures" memo and/or attribute it to any current or former KLA employee; and (3) a forensically sound collection of all electronic or computerized files, including computers, hard drives, disks, backup tapes, or network servers (and all accompanying native files, metadata and folder structures) reflecting the location where the "Stock Option Committee Procedures" memo was found.

### C. KLA's Response to Ms. Berry's Narrowed Request

Counsel for Ms. Berry has requested a log reflecting KLA's privilege assertions, but has not yet received one. To date, Ms. Berry has received no documents from KLA in response to her subpoena. Ms. Berry has not asked KLA to re-produce documents already produced to Ms. Berry by the SEC and does not seek to do so in this Motion. Counsel for KLA has advised Ms. Berry that KLA intends to take similar privilege positions to those asserted in the *SEC v. Schroeder* litigation.

### D. Ms. Berry's Entitlement to Documents in Dispute

As explained in more detail in the Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 3 that KLA has withheld based on the attorney-client privilege and/or work product doctrine because (1) KLA has not met its burden of establishing that the attorney-client privilege or work product protection applies to the documents encompassed by this Request; (2) KLA waived any applicable privilege or protection as to the subject matter of its investigation when it produced and/or disclosed to the SEC documents reflecting attorney-client communications concerning KLA's option granting practices, witness interview memoranda concerning such communications, and purportedly privileged materials and/or work product created during the Special Committee investigation; and (3) waiver applies irrespective of whether KLA physically produced such documents to the SEC or disclosed the materials orally or by other means.

## III. MS. BERRY'S ORIGINAL REQUEST NO. 6

All communications and documents, including any notes or transcripts of interviews, presentations or testimony you have provided regarding KLA's stock options to any third parties, including any actual or potential civil litigant, or any governmental agency, including the United States Securities and Exchange Commission, United States Department of Justice, any United States Attorney's Office, National Association of Securities Dealers, NASD, Inc., the New York Stock Exchange, or the Financial Industry Regulatory Authority.

### A. KLA's Response to Ms. Berry's Request No. 6

KLA asserts and incorporates each of the General Objections set forth above. KLA objects

1  to this Request to the extent that it is overly broad and unduly burdensome. KLA objects to this
2  Request to the extent that it is vague and ambiguous, compound, and improper in form. KLA
3  further objects to this Request to the extent it seeks production of documents which are neither
4  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of
5  admissible evidence. KLA objects to this Request to the extent it seeks documents protected by
6  the attorney-client privilege, work product doctrine, or other applicable privilege. No such
7  privileged documents will be produced. KLA objects to this Request to the extent it seeks
8  confidential, proprietary, or highly sensitive information or information that is protected by the
9  right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this Request
10 to the extent it contains duplicative requests, in whole or in part.
11      KLA believes the SEC has already produced to Berry substantially all of the relevant
12 documents that would be in KLA's possession that are responsive to this Request. Because these
13 documents are already in Berry's possession, custody, or control, it would be unduly burdensome
14 and an improper use of the discovery process to compel KLA to produce such documents in this
15 case. Accordingly, KLA will not produce any documents responsive to this Request which the
16 SEC has already produced to Berry, as such documents are already in Berry's possession, custody,
17 or control, and therefore are equally accessible to Berry as to KLA. KLA also refuses to produce
18 many of these responsive documents on the additional ground that they are protected by the
19 attorney client privilege, the work product doctrine, and/or other applicable privileges. To the
20 extent Berry is concerned that the set of documents she received from the SEC is incomplete, KLA
21 is willing to meet and confer with Berry to compare the documents she has received from the SEC
22 with the non-privileged, non-attorney work product documents KLA already produced to the SEC.
23      To the extent that KLA has any responsive documents that are relevant to this action that
24 the SEC has not produced to Berry and that are not protected by the attorney-client privilege, the
25 work product doctrine, or some other applicable privilege, KLA will produce such documents to
26 Berry to the extent they do not contain any trade secrets or confidential or completely sensitive
27 business information and subject to the entry by the court of a protective order prohibiting the
28 parties from disclosing such documents or information to third parties or using them for purposes

unrelated to this litigation.

### B. Ms. Berry's Narrowed Request

After extensive meet and confer discussions with KLA, Ms. Berry narrowed her Request to the following categories: (1) documents reflecting or relating to presentations by KLA or the Special Committee to the SEC, USAO, PwC or the Board, including documents that were shown to, read to, or produced to any of these entities; (2) documents produced to third parties, including the USAO, NASDAQ, PwC, any shareholder derivative plaintiffs or class action plaintiffs, regarding stock options; and (3) documents relating to any delisting hearing or hearing before the NASDAQ Listing Qualifications Panel, including transcripts of hearings.

### C. KLA's Response to Ms. Berry's Narrowed Request

Counsel for Ms. Berry has requested a log reflecting KLA's privilege assertions, but has not yet received one. To date, Ms. Berry has received no documents from KLA in response to her subpoena. Ms. Berry has not asked KLA to re-produce documents already produced to Ms. Berry by the SEC and does not seek to do so in this Motion. Counsel for KLA has advised Ms. Berry that KLA intends to take similar privilege positions to those asserted in the *SEC v. Schroeder* litigation.

### D. Ms. Berry's Entitlement to Documents in Dispute

As explained in more detail in the Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 6 that KLA has withheld based on the attorney-client privilege and/or work product doctrine because (1) KLA has not met its burden of establishing that the attorney-client privilege or work product protection applies to the documents encompassed by this Request; (2) KLA waived any applicable privilege or protection as to the subject matter of its investigation when it produced and/or disclosed to the SEC documents reflecting attorney-client communications concerning KLA's option granting practices, witness interview memoranda concerning such communications, and purportedly privileged materials and/or work product

/ / /

/ / /

/ / /

1  created during the Special Committee investigation; and (3) waiver applies irrespective of whether
2  KLA physically produced such documents to the SEC or disclosed the materials orally or by other
3  means.

5  Dated: September 16, 2008

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
NANCY E. HARRIS
REBECCA LUBENS
Orrick, Herrington & Sutcliffe LLP

/s/ Nancy E. Harris
NANCY E. HARRIS
Attorneys for Defendant
Lisa C. Berry