MELINDA HAAG (SBN 132612)
Email: mhaag@orrick.com
JAMES A. MEYERS (*ADMITTED PRO HAC VICE*)
Email: jmeyers@orrick.com
JAMES N. KRAMER (SBN 154709)
Email: jkramer@orrick.com
NANCY E. HARRIS (SBN 197042)
Email: nharris@orrick.com
REBECCA F. LUBENS (SBN 240683)
Email: rlubens@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendant
LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LISA C. BERRY,<br><br>　　　　　Defendant. | Case No. C 07 4431 RMW HRL<br><br>**STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2 REGARDING DOCUMENTS SOUGHT FROM WILSON SONSINI GOODRICH & ROSATI**<br><br>Date: November 18, 2008<br>Time: 10:00 AM<br>Ctrm: 8<br>Judge: Magistrate Judge Howard R. Lloyd |

1   Defendant Lisa Berry respectfully submits this Statement in Compliance with Local Rule
2   37-2 Regarding Documents Sought from Wilson Sonsini Goodrich & Rosati ("WSGR").  In her
3   Motion to Compel Further Responses to Discovery Requests by KLA-Tencor Corporation, Inc.,
4   the Special Committee of KLA's Board of Directors and Wilson Sonsini Goodrich & Rosati (the
5   "Motion to Compel"), Ms. Berry seeks documents responsive to three Requests contained in her
6   subpoena to WSGR.  As set forth in more detail below, and in her Motion to Compel, after
7   extensive meet and confer discussions with WSGR, Ms. Berry has narrowed her Requests
8   significantly and is seeking to compel the following four categories of document from WSGR:
9   (1) e-mails among WSGR corporate attorneys regarding stock options at KLA from January 1995
10  through December 2001; (2) communications between Ms. Berry and WSGR attorneys from
11  January 1995 through December 2001; (3) e-mails between KLA personnel and WSGR regarding
12  options from January 1995 through December 2001; and (4) billing records, time sheets or client
13  invoices reflecting WSGR's work for KLA during the period from January 1995 through
14  December 2001.  For ease of reference, Ms. Berry has organized this statement to correspond to
15  the three Requests contained in her subpoena to WSGR and set forth the specific categories above
16  encompassed by each Request.
17  WSGR has refused to produce the documents at issue in the Motion to Compel on the basis
18  of the attorney-client privilege and/or the work product doctrine.  The documents that Ms. Berry
19  seeks are vital to her ability to fully defend herself.  Moreover, WSGR's privilege claims, if any,
20  are unfounded, either because no privilege or protection ever attached or because WSGR has
21  waived any applicable privilege or protection.

22  **I.    MS. BERRY'S ORIGINAL REQUEST NO. 1**
23  All documents and communications relating to KLA's stock options.
24  **A.    WSGR's Response to Ms. Berry's Request No. 1**
25  WSGR incorporates by reference its General Objections, Objections to Definitions, and
26  Objections to Instructions as though fully set forth herein.  WSGR objects to this Request because
27  it specifically demands documents that are attorney-client privileged and subject to the
28  work-product privilege.  WSGR further objects to this Request to the extent that it seeks

1  documents protected by any other applicable immunities, privileges, protections, or rules of
2  confidentiality that make such information non-discoverable. WSGR also objects to this Request
3  because it is vague, ambiguous, overbroad, seeks documents that are not relevant to any claim or
4  defense of any party in the underlying action, and is unduly burdensome and oppressive as to its
5  scope. WSGR further objects to this Request to the extent that the time period covered by the
6  Request is unreasonable and demands irrelevant documents; for example, the Request asks for
7  documents from January 1, 1995 to the present while Defendant was employed at KLA only until
8  June 1999.

9      WSGR believes the SEC has already produced to Defendant substantially all of the relevant
10 documents that would be in WSGR's possession that are responsive to this Request. Because these
11 documents are already in Defendant's possession, custody or control, it would be unduly
12 burdensome and an improper use of the discovery process to compel WSGR to produce such
13 documents in this case. Accordingly, WSGR will not produce any documents responsive to this
14 Request, which the SEC has already produced to Defendant, as such documents are already in
15 Defendant's possession, custody, or control, and therefore are equally accessible to Defendant as to
16 WSGR.

17     Subject to and without waiving the foregoing objections, WSGR agrees to meet and confer
18 regarding this Request.

19     **B.     Ms. Berry's Narrowed Request**
20     After extensive meet and confer discussions with WSGR, Ms. Berry narrowed her
21 Request to the following two categories: (1) e-mails among WSGR corporate attorneys regarding
22 stock options at KLA from January 1995 through December 2001 and (2) e-mails between KLA
23 personnel and WSGR regarding options from January 1995 through December 2001.

24     **C.     WSGR's Response to Ms. Berry's Narrowed Request**
25     WSGR has provided Ms. Berry with no final response to her narrowed Request. Counsel
26 for Ms. Berry assumes, based on WSGR's written responses and objections and positions taken in
27 previous meet and confer discussions, however, that WSGR will assert attorney-client privilege
28 and attorney work product protection in response to Ms. Berry's narrowed request.

### D. Ms. Berry's Entitlement to Documents in Dispute

As explained in more detail in the Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 1 that WSGR has withheld because (1) WSGR has not met its burden of establishing that the attorney-client privilege or work product protection applies to all documents encompassed by this Request, including internal communications among WSGR attorneys not in anticipation of litigation, and (2) WSGR waived any applicable privilege or protection regarding KLA when it produced and/or disclosed to the SEC documents reflecting attorney-client communications.

## II. MS. BERRY'S ORIGINAL REQUEST NO. 3

All documents and communications reflecting your work for KLA, including billing records, time entries, invoices, calendars, itineraries, appointment books, personal diaries and voicemail files.

### A. WSGR's Response to Ms. Berry's Request No. 3

WSGR incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. WSGR objects to this Request because it specifically demands documents that are attorney-client privileged and subject to the work-product privilege. WSGR further objects to this Request to the extent that it seeks documents protected by any other applicable immunities, privileges, protections, or rules of confidentiality that make such information non-discoverable. WSGR also objects to this Request because it is vague, ambiguous, overbroad, seeks documents that are not relevant to any claim or defense of any party in the underlying action, and is unduly burdensome and oppressive as to its scope. WSGR further objects to this Request to the extent that the time period covered by the Request is unreasonable and demands irrelevant documents; for example, the Request asks for documents from January 1, 1995 to the present while Defendant was employed at KLA only until June 1999. WSGR objects to producing "CALENDARS," "ITINERARIES," "APPOINTMENT BOOKS" and "PERSONAL DIARIES" as such documents contain confidential, attorney-client protected information potentially related to other clients and unrelated to this litigation.

WSGR believes the SEC has already produced to Defendant substantially all of the relevant

1  documents that would be in WSGR's possession that are responsive to this Request. Because these
2  documents are already in Defendant's possession, custody or control, it would be unduly
3  burdensome and an improper use of the discovery process to compel WSGR to produce such
4  documents in this case. Accordingly, WSGR will not produce any documents responsive to this
5  Request, which the SEC has already produced to Defendant, as such documents are already in
6  Defendant's possession, custody, or control, and therefore are equally accessible to Defendant as to
7  WSGR.

8  Subject to and without waiving the foregoing objections, WSGR agrees to meet and confer
9  regarding this Request.

### B. Ms. Berry's Narrowed Request

After extensive meet and confer discussions with WSGR, Ms. Berry narrowed her Request to the following: billing records, time sheets or client invoices reflecting WSGR's work for KLA during the period from January 1995 through December 2001.

### C. WSGR's Response to Ms. Berry's Narrowed Request

WSGR has provided Ms. Berry with no final response to her narrowed Request. Counsel for Ms. Berry assumes, based on WSGR's written responses and objections and positions taken in previous meet and confer discussions, however, that WSGR will assert attorney-client privilege and attorney work product protection in response to Ms. Berry's narrowed request.

### D. Ms. Berry's Entitlement to Documents in Dispute

As explained in more detail in the Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 3 that WSGR has withheld based on the attorney-client privilege and/or work product doctrine because (1) WSGR has not met its burden of establishing that the attorney-client privilege or work product protection applies to the documents encompassed by this Request and (2) WSGR waived any applicable privilege or protection regarding KLA when it produced and/or disclosed to the SEC documents reflecting attorney-client communications.

## III. MS. BERRY'S ORIGINAL REQUEST NO. 8

All documents and communications regarding, referencing or including Ms. Lisa C. Berry.

### A. WSGR's Response to Ms. Berry's Request No. 8

WSGR incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth herein. WSGR objects to this Request because it specifically demands documents that are attorney-client privileged and subject to the work-product privilege. WSGR further objects to this Request to the extent that it seeks documents protected by any other applicable immunities, privileges, protections, or rules of confidentiality that make such information non-discoverable. WSGR also objects to this Request because it is vague, ambiguous, overbroad, seeks documents that are not relevant to any claim or defense of any party in the underlying action, and is unduly burdensome and oppressive as to its scope. WSGR further objects to this Request to the extent that the time period covered by the Request is unreasonable and demands irrelevant documents; for example, the Request asks for documents from January 1, 1995 to the present while Defendant was employed at KLA only until June 1999.

WSGR believes the SEC has already produced to Defendant substantially all of the relevant documents that would be in WSGR's possession that are responsive to this Request. Because these documents are already in Defendant's possession, custody or control, it would be unduly burdensome and an improper use of the discovery process to compel WSGR to produce such documents in this case. Accordingly, WSGR will not produce any documents responsive to this Request, which the SEC has already produced to Defendant, as such documents are already in Defendant's possession, custody, or control, and therefore are equally accessible to Defendant as to WSGR.

Subject to and without waiving the foregoing objections, WSGR agrees to meet and confer regarding this Request.

### B. Ms. Berry's Narrowed Request

After extensive meet and confer discussions with WSGR, Ms. Berry narrowed her Request to the following: e-mail and hard copy communications between Ms. Berry and WSGR attorneys from January 1995 through December 2001.

### C. WSGR's Response to Ms. Berry's Narrowed Request

WSGR has provided Ms. Berry with no final response to her narrowed Request. Counsel for Ms. Berry assumes, based on WSGR's written responses and objections and positions taken in previous meet and confer discussions, however, that WSGR will assert attorney-client privilege and attorney work product protection in response to Ms. Berry's narrowed request.

### D. Ms. Berry's Entitlement to Documents in Dispute

As explained in more detail in the Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 8 that WSGR has withheld based on the attorney-client privilege and/or work product doctrine because (1) WSGR has not met its burden of establishing that the attorney-client privilege or work product protection applies to all of the documents encompassed by this Request and (2) WSGR waived any applicable privilege or protection regarding KLA when it produced and/or disclosed to the SEC documents reflecting attorney-client communications.

Dated: September 16, 2008

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
NANCY E. HARRIS
REBECCA LUBENS
Orrick, Herrington & Sutcliffe LLP


___/s/ Nancy E. Harris___
NANCY E. HARRIS
Attorneys for Defendant
Lisa C. Berry