MELINDA HAAG (SBN 132612)
Email: mhaag@orrick.com
JAMES A. MEYERS (*ADMITTED PRO HAC VICE*)
Email: jmeyers@orrick.com
JAMES N. KRAMER (SBN 154709)
Email: jkramer@orrick.com
NANCY E. HARRIS (SBN 197042)
Email: nharris@orrick.com
REBECCA F. LUBENS (SBN 240683)
Email: rlubens@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

Attorneys for Defendant
LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>    v.<br><br>LISA C. BERRY,<br><br>           Defendant. | Case No.  C 07 4431 RMW HRL<br><br>**STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2 REGARDING DOCUMENTS SOUGHT FROM THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF KLA-TENCOR CORPORATION**<br><br>Date: November 18, 2008<br>Time: 10:00 AM<br>Ctrm: 8<br>Judge: Magistrate Judge Howard R. Lloyd |

1    Defendant Lisa Berry respectfully submits this Statement in Compliance with Local Rule 37-2 Regarding Documents Sought from the Special Committee of the Board of Directors of KLA-Tencor Corporation ("KLA" and the "Special Committee").

In her Motion to Compel Further Responses to Discovery Requests by KLA-Tencor Corporation, Inc., the Special Committee of KLA's Board of Directors and Wilson Sonsini Goodrich & Rosati (the "Motion to Compel"), Ms. Berry seeks to compel documents responsive to Request No. 6 in her subpoena to the Special Committee. The Special Committee has refused to produce the documents at issue on the basis of the attorney-client privilege and/or the work product doctrine. The documents and testimony that Ms. Berry seeks are vital to her ability to fully defend herself. Moreover, the Special Committee's privilege claims are unfounded, either because no privilege or protection ever attached or because the Special Committee has waived any applicable privilege or protection.

## I. MS. BERRY'S ORIGINAL REQUEST NO. 6

All communications and documents, including any notes or transcripts of interviews, presentations or testimony you have provided regarding KLA's stock options to any third parties, including any actual or potential civil litigant, or any governmental agency, including the United States Securities and Exchange Commission, United States Department of Justice, any United States Attorney's Office, National Association of Securities Dealers, the New York Stock Exchange, or the Financial Industry Regulatory Authority.

### A. The Special Committee's Response to Ms. Berry's Request No. 6

The Special Committee incorporates by reference its General Objections as though fully set forth herein. As an initial matter, the Special Committee objects to this Request to the extent it seeks documents which predate the creation and appointment of the Special Committee on May 23, 2006. Such requests for "historical" documents, which were not generated or created by the Special Committee, should be directed to KLA rather than the Special Committee. No such documents will be produced by the Special Committee.

The Special Committee additionally objects to this Request to the extent that it seeks the production of documents that are within Berry's possession, custody or control, or that are equally

as accessible to Berry as to the Special Committee. The Special Committee further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The Special Committee further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy. No such documents will be produced here. The Special Committee additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "regarding," "presentations," "testimony," "third parties," "potential," and "governmental agency." The Special Committee objects that the use of these vague and ambiguous terms in conjunction with this Request requires the Special Committee to speculate as to the nature and scope of the documents sought. Requiring the Special Committee to so speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

The Special Committee believes the SEC has already produced to Berry substantially all of the relevant documents in the Special Committee's possession that are responsive to this Request. Because these documents are already in Berry's possession, custody, or control it would be unduly burdensome and an improper use of the discovery process to compel the Special Committee to produce such documents in this case. Accordingly, the Special Committee will not produce any documents responsive to this Request which the SEC has already produced to Berry, as such documents are equally as accessible to Berry as to the Special Committee. To the extent Berry is concerned that the set of documents she received from the SEC does not include all the documents produced by the Special Committee or the Company to the SEC, the Special Committee is willing to meet and confer with Berry to compare the documents she received from the SEC with the non-privileged, non-attorney work product documents the Special Committee and KLA already produced to the SEC.

To the extent that the Special Committee has any documents responsive to this request that the SEC has not produced to Berry, do not predate the creation of the Special Committee, and are

not protected by the attorney-client privilege, the work product doctrine, or some other applicable privilege, the Special Committee will produce such documents to Berry subject to the entry by the Court of a protective order prohibiting the parties from disclosing such documents or information to unauthorized third parties or using them for purposes unrelated to this litigation, and providing heightened protection for trade secrets and confidential or competitively sensitive business information.

### B. Ms. Berry's Narrowed Request

As set forth in more detail below, and in her Motion to Compel Further Responses to Discovery Requests by KLA-Tencor Corporation, Inc., the Special Committee of KLA's Board of Directors and Wilson Sonsini Goodrich & Rosati (the "Motion to Compel"), after extensive meet and confer discussions with KLA, Ms. Berry has narrowed her Request to the following two categories of documents: (1) written presentations to the Securities and Exchange Commission ("SEC"), the U.S. Attorney's Office ("USAO"), the KLA Board or any other third party and (2) attorney notes or memoranda regarding presentations by the Special Committee or KLA to third parties.

### C. The Special Committee's Response to Ms. Berry's Narrowed Request

Although Ms. Berry is still awaiting the Special Committee's privilege log, counsel for the Special Committee has advised counsel for Ms. Berry that it will assert attorney work product protection as to all of the documents in these two categories and attorney-client privilege as to certain documents in these two categories.

### D. Ms. Berry's Entitlement to Documents In Dispute

As established in the Motion to Compel, Ms. Berry is entitled to all documents responsive to Request No. 6 that the Special Committee has withheld based on the attorney-client privilege and/or work product doctrine because (1) the Special Committee cannot establish that the attorney-client privilege or work product protection applies to any such documents; (2) the Special Committee waived any applicable privilege or protection as to the subject matter of the Special Committee investigation when they disclosed to the SEC witness interview memoranda and other purportedly privileged materials created during the Special Committee investigation; and (3)

waiver applies irrespective of whether the Special Committee physically produced such documents to the SEC or disclosed the materials orally or by other means.

Dated: September 16, 2008

MELINDA HAAG
JAMES A. MEYERS
JAMES N. KRAMER
NANCY E. HARRIS
REBECCA LUBENS
Orrick, Herrington & Sutcliffe LLP


/s/ Nancy E. Harris
_____
NANCY E. HARRIS
Attorneys for Defendant
Lisa C. Berry