MELINDA HAAG (SBN 132612)
Email:  mhaag@orrick.com
JAMES A. MEYERS (*ADMITTED PRO HAC VICE*)
Email:  jmeyers@orrick.com
JAMES N. KRAMER (SBN 154709)
Email:  jkramer@orrick.com
NANCY E. HARRIS (SBN 197042)
Email:  nharris@orrick.com
REBECCA LUBENS (SBN 240683)
Email:  rlubens@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

Attorneys for Defendant
LISA C. BERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>LISA C. BERRY,<br><br>                    Defendant. | Case No.  C 07 4431 RMW HRL<br><br>**ANSWER TO SECURITIES AND EXCHANGE COMMISSION'S SECOND AMENDED COMPLAINT**<br><br>Judge:             Honorable Ronald M. Whyte<br>Courtroom:      6, 4th Floor<br><br>**DEMAND FOR JURY TRIAL** |

1    Defendant Lisa C. Berry ("Ms Berry"), through her undersigned counsel and without

2    waiving any rights afforded to her under the Fifth Amendment to the United States Constitution,

3    answers the Second Amended Complaint in the above-captioned matter as follows:

4                              **SUMMARY OF THE ACTION**

5        1.      Ms. Berry denies the allegations in Paragraph 1 of the Second Amended

6    Complaint.

7        2.      Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth

8    of the allegations in the first sentence of Paragraph 2 of the Second Amended Complaint, and on

9    that basis denies them.  Ms. Berry denies the allegations in the second sentence of Paragraph 2 of

10   the Second Amended Complaint.

11       3.      Ms. Berry denies the allegations in Paragraph 3 of the Second Amended

12   Complaint.

13       4.      Ms. Berry denies the allegations in Paragraph 4 of the Second Amended

14   Complaint.

15       5.      Ms. Berry avers that Plaintiff purports to seek the remedies stated in Paragraph 5

16   of the Second Amended Complaint, but denies that Plaintiff is entitled to any such remedies and

17   denies all other allegations in this Paragraph.

18                            **JURISDICTION AND VENUE**

19       6.      Ms. Berry admits that Plaintiff purports to bring this action and that Plaintiff

20   purports to seek relief pursuant to Sections 20(b) and 20(d) of the Securities Act of 1933, 15

21   U.S.C. § 77t(b) and 77t(d), and Sections 21(d) and 21(e) of the Securities Exchange Act of 1934,

22   15 U.S.C. §§ 78u(d) and 77u(e), but denies the merit of each and every claim brought against her.

23       7.      Paragraph 7 of the Second Amended Complaint states a legal conclusion as to

24   which no response is required.

25       8.      Ms. Berry denies the allegations in Paragraph 8 of the Second Amended

26   Complaint.

27

28

9.      Paragraph 9 of the Second Amended Complaint states a legal conclusion as to which no response is required.  To the extent that a response is required, Ms. Berry admits that she resides in this district and denies all remaining allegations in Paragraph 9.

**INTRADISTRICT ASSIGNMENT**

10.      Paragraph 10 of the Second Amended Complaint states a legal conclusion as to which no response is required.

**DEFENDANT**

11.      Ms. Berry admits the allegations in the first two sentences of Paragraph 11 of the Second Amended Complaint.  As to the third sentence of this Paragraph, Ms. Berry avers that she served as General Counsel of Juniper from June 1999 to December 2003, as Vice President from March 2000 to December 2003, and as Secretary from July 1999 to December 2003, and otherwise denies the allegations in this sentence.  Ms. Berry admits the allegations in the fourth sentence of this Paragraph.  As to the fifth sentence of this Paragraph, Ms. Berry admits that she is licensed to practice law in California and that she is an inactive member of the Arizona state bar, and otherwise denies the allegations of this sentence.  Ms. Berry denies each and every remaining allegation in this Paragraph.

**RELEVANT ENTITIES**

12.      Ms. Berry lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13.      Ms. Berry lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies them.

**FACTUAL ALLEGATIONS**

14.      Ms. Berry admits that during her tenure as KLA's General Counsel, KLA granted stock options to employees, and that each stock option gave the grantee the right to buy KLA common stock from the Company at a specified price on and after a specified date.  As to the terms defined in the last three sentences of Paragraph 14 of the Second Amended Complaint, Ms. Berry avers that these words are sometimes used with the meanings ascribed to them.  Ms. Berry denies each and every remaining allegation in this Paragraph.

15. Ms. Berry avers that the stock option plan referenced in Paragraph 15 of the Second Amended Complaint speaks for itself, and Ms. Berry refers Plaintiff to the document for its contents. Ms. Berry denies each and every remaining allegation in this Paragraph.

16. Ms. Berry admits, on information and belief, that on August 7, 1998 KLA filed with the SEC a registration statement on Form S-8, and that she signed that Form S-8. The registration statement speaks for itself, and Ms. Berry refers Plaintiff to the document for its contents. Ms. Berry denies each and every remaining allegation in Paragraph 16 of the Second Amended Complaint.

17. The KLA filings referenced in Paragraph 17 of the Second Amended Complaint speak for themselves, and Ms. Berry refers Plaintiff to the documents for their contents. Ms. Berry denies each and every remaining allegation in this Paragraph.

18. The KLA filings referenced in Paragraph 18 of the Second Amended Complaint, as well as Accounting Principles Board Opinion No. 25, "Accounting for Stock Issued to Employees," speak for themselves, and Ms. Berry refers Plaintiff to the documents for their contents. Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of this Paragraph, and on that basis denies them. Ms. Berry denies each and every remaining allegation in this Paragraph.

19. The KLA filings referenced in Paragraph 19 of the Second Amended Complaint speak for themselves, and Ms. Berry refers Plaintiff to the documents for their contents. Ms. Berry denies each and every remaining allegation in this Paragraph.

20. As to the first sentence of Paragraph 20 of the Second Amended Complaint, Ms. Berry admits that KLA filed proxy statements and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this sentence. As to the remaining sentences of this Paragraph, Ms. Berry avers that the SEC filings referenced therein speak for themselves, and Ms. Berry refers Plaintiff to the documents for their contents. Ms. Berry denies each and every remaining allegation in this Paragraph.

21. Ms. Berry admits that she may have reviewed certain portions of the Company's annual reports filed with the SEC during the period in which she served as General Counsel and

certain portions of its proxy statement filed with the SEC on September 28, 1998.  Ms. Berry denies each and every remaining allegation in Paragraph 21 of the Second Amended Complaint.

22.     Ms. Berry admits, on information and belief, the allegations in the first sentence of Paragraph 22 of the Second Amended Complaint.  As to the second sentence of this Paragraph, Ms. Berry avers that the delegation referenced therein speaks for itself, and Ms. Berry refers Plaintiff to the document for its contents.  Ms. Berry denies each and every remaining allegation in this Paragraph.

23.     Ms. Berry denies the allegations in Paragraph 23 of the Second Amended Complaint.

24.     Ms. Berry denies the allegations in the first and third sentences of Paragraph 24 of the Second Amended Complaint, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this Paragraph, and on that basis denies them.

25.     Ms. Berry denies the allegations in Paragraph 25 of the Second Amended Complaint.

26.     Ms. Berry denies the allegations in Paragraph 26 of the Second Amended Complaint.

27.     Ms. Berry denies the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Ms. Berry denies the allegations in Paragraph 28 of the Second Amended Complaint.

29.     Ms. Berry denies the allegations in Paragraph 29 of the Second Amended Complaint.

30.     Upon information and belief, Ms. Berry admits that in 1998 KLA granted certain of its employees options, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Second Amended Complain, and on that basis denies them.

31. Ms. Berry admits that she received options to purchase 22,000 shares of KLA stock at an exercise price of $10.63 per share, and otherwise denies the allegations in Paragraph 31 of the Second Amended Complaint.

32. Ms. Berry denies the allegations in Paragraph 32 of the Second Amended Complaint.

33. Ms. Berry denies the allegations in Paragraph 33 of the Second Amended Complaint.

34. Ms. Berry denies the allegations in Paragraph 34 of the Second Amended Complaint.

35. Ms. Berry denies the allegations in the first two sentences of Paragraph 35 of the Second Amended Complaint. As to the third sentence of this Paragraph, Ms. Berry admits that she wrote a memorandum in November 1998 regarding repricing of executive stock options, avers that that memorandum speaks for itself and refers Plaintiff to the document for its contents, and otherwise denies the allegations of this sentence. Ms. Berry denies each and every remaining allegation in this Paragraph.

36. Ms. Berry denies the allegations in Paragraph 36 of the Second Amended Complaint.

37. Ms. Berry denies the allegations in Paragraph 37 of the Second Amended Complaint.

38. As to the first sentence of Paragraph 38 of the Second Amended Complaint, Ms. Berry admits, on information and belief, that KLA filed annual reports with the SEC, avers that those reports speak for themselves, and refers Plaintiff to these documents for their contents. Ms. Berry denies the allegations in the second sentence of this Paragraph. Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Second Amended Complaint, and on that basis denies them.

39. Ms. Berry admits that she may have reviewed certain portions of KLA's Forms 10-K filed with the SEC for the fiscal years 1998 and 1999. Ms. Berry denies the other allegations in Paragraph 39 of the Second Amended Complaint to the extent they refer or relate to her, and

1    lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in this

2    Paragraph, and on that basis denies them.

3          40.      As to the first two sentences of Paragraph 40 of the Second Amended Complaint,

4    Ms. Berry admits that KLA filed with the SEC quarterly reports on Form 10-Q for the periods

5    referenced in the second sentence of this Paragraph, avers that those reports speak for themselves,

6    and refers Plaintiff to these documents for their contents. As to the third sentence of this

7    Paragraph, Ms. Berry admits that she may have reviewed certain portions of certain of those Forms

8    10-Q, and otherwise denies the allegations of this sentence. Ms. Berry denies each and every

9    remaining allegation in this Paragraph.

10         41.      Ms. Berry denies the allegations in the first sentence of Paragraph 41 of the

11    Second Amended Complaint. As to the second and third sentences of this Paragraph, Ms. Berry

12    admits that she may have reviewed and prepared certain portions of the Forms S-8 filed with the

13    SEC on January 30, 1998, August 7, 1998 and December 4, 1998 and that she signed them, and

14    otherwise denies the allegations of these sentences.

15         42.      As to the first sentence of Paragraph 42 of the Second Amended Complaint, Ms.

16    Berry admits that on or about September 28, 1998 KLA filed with the SEC a proxy statement and

17    Notice of Annual Meeting of Stockholders, and otherwise lacks sufficient knowledge or

18    information to form a belief as to the truth of the allegations of this sentence, and on that basis

19    denies them. As to the second and third sentences of this Paragraph, Ms. Berry avers that the

20    proxy statement speaks for itself, and refers Plaintiff to the document for its contents. Ms. Berry

21    denies each and every remaining allegation in this Paragraph.

22         43.      Ms. Berry denies the allegations in Paragraph 43 of the Second Amended

23    Complaint.

24         44.      Ms. Berry denies the allegations in Paragraph 44 of the Second Amended

25    Complaint to the extent they refer or relate to her, and lacks sufficient knowledge or information to

26    form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies

27    them.

28

45.     Ms. Berry denies the allegations in Paragraph 45 of the Second Amended Complaint.

46.     Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 46 of the Second Amended Complaint.  As to the second sentence of this Paragraph, Ms. Berry admits, on information and belief, that in February 2007 KLA announced a restatement of financial results of certain prior years, avers that the announcement speaks for itself, and refers Plaintiff to the announcement for its contents.  As to the third and fourth sentences of this Paragraph, Ms. Berry avers that the restatement and KLA's public statements and disclosures regarding the restatement speak for themselves, and refers Plaintiff to those documents, statements, and disclosures for their contents.  Ms. Berry denies each and every remaining allegation in this Paragraph.

47.     Ms. Berry denies the allegations in Paragraph 47 of the Second Amended Complaint.

48.     Ms. Berry denies the allegations in the first and last sentences of Paragraph 48 of the Second Amended Complaint.  Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the second sentence of this Paragraph, and on that basis denies them.  As to the third sentence of this Paragraph, Ms. Berry admits that she opted not to be interviewed by the special committee of KLA's board of directors in the course of its investigation into the Company's historical options granting practices.  Ms. Berry denies each and every remaining allegation in this Paragraph.

49.     Ms. Berry avers that she invoked her rights under the Fifth Amendment to the United States Constitution during the SEC's investigation, and otherwise denies the allegations of Paragraph 49 of the Second Amended Complaint.

50.     Ms. Berry admits that she became Juniper's General Counsel on or about June 18, 1999, and otherwise denies the allegations in Paragraph 50 of the Second Amended Complaint.

51.     Ms. Berry admits the allegations in the first sentence of Paragraph 51 of the Second Amended Complaint.  As to the other sentences of this Paragraph, Ms. Berry admits that Juniper grew following its IPO by hiring additional employees and that Juniper granted stock

1   options to new employees and existing employees, based on performance and other factors, and

2   lacks sufficient information and knowledge to form a belief as to the truth of the remaining

3   allegations of these sentences, and on that basis denies them.

4        52.    Ms. Berry admits, on information and belief, that Juniper issued audited financial

5   statements and made filings with the SEC for and during its fiscal years 1999-2003, avers that

6   those statements and filings speak for themselves, and refers Plaintiff to those documents for their

7   contents.  Ms. Berry denies each and every remaining allegation in Paragraph 52 of the Second

8   Amended Complaint.

9        53.    Ms. Berry avers that Juniper's Forms 10-K or other filings with the SEC speak for

10   themselves and refers Plaintiff to those documents for their contents, and denies all other

11   allegations in Paragraph 53 of the Second Amended Complaint.

12        54.    As to the first sentence of Paragraph 54 of the Second Amended Complaint, Ms.

13   Berry admits, on information and belief, that Juniper filed proxy statements with the SEC on or

14   about April 13, 2000, March 28, 2001, April 11, 2002 and March 28, 2003, and lacks sufficient

15   knowledge or information to form a belief as to the truth of the remaining allegations of this

16   sentence, and on that basis denies them.  As to the second sentence of this Paragraph, Ms. Berry

17   admits that she signed the meeting notices attached to the proxy statements, and otherwise denies

18   the allegations of this sentence.  As to the fourth and fifth sentences of this Paragraph, to the extent

19   that Plaintiff purports to quote from, characterize, or describe the contents of those proxy

20   statements, Ms. Berry avers that those documents speak for themselves and refers Plaintiff to the

21   documents for their contents.  Ms. Berry denies each and every remaining allegation in this

22   Paragraph.

23        55.    Ms. Berry denies the allegations in the first two sentences of Paragraph 55 of the

24   Second Amended Complaint, except admits that she signed the meeting notices attached to the

25   proxy statements referred to in the second sentence of this Paragraph.  As to the third sentence of

26   this Paragraph, Ms. Berry avers that she invoked her rights under the Fifth Amendment to the

27   United States Constitution during the SEC's investigation into Juniper's stock option granting

28   practices.  Ms. Berry denies each and every remaining allegation in this Paragraph.

1      56.      Ms. Berry admits, on information and belief, that on or about July 21, 1999

2   Juniper's board of directors established a three-member Stock Option Committee, to which it

3   delegated authority to grant stock options to Juniper's non-executive employees.  Ms. Berry further

4   admits that she, along with Juniper's chief executive officer and its chief financial officer, served

5   as a member of the Stock Option Committee throughout her tenure at Juniper.  Ms. Berry denies

6   each and every remaining allegation in Paragraph 56 of the Second Amended Complaint.

7      57.      Ms. Berry denies the allegations in Paragraph 57 of the Second Amended

8   Complaint.

9      58.      Ms. Berry avers that she invoked her rights under the Fifth Amendment to the

10  United States Constitution during the SEC's investigation into Juniper's stock option granting

11  practices, and denies all other allegations in Paragraph 58 of the Second Amended Complaint.

12     59.      Ms. Berry denies the allegations in Paragraph 59 of the Second Amended

13  Complaint.

14     60.      Ms. Berry denies the allegations in Paragraph 60 of the Second Amended

15  Complaint.

16     61.      Ms. Berry denies the allegations in the first sentence of Paragraph 61 of the

17  Second Amended Complaint.  Ms. Berry lacks sufficient knowledge or information to form a

18  belief as to the truth of the allegations in the second sentence of this Paragraph, and on that basis

19  denies them.

20     62.      Ms. Berry denies the allegations in Paragraph 62 of the Second Amended

21  Complaint to the extent they refer or relate to her, and lacks sufficient knowledge or information to

22  form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies

23  them.

24     63.      Ms. Berry denies the allegations in Paragraph 63 of the Second Amended

25  Complaint to the extent they refer or relate to her, and lacks sufficient knowledge or information to

26  form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies

27  them.

28

1       64.     Ms. Berry denies the allegations in Paragraph 64 of the Second Amended

2   Complaint.

3       65.     Ms. Berry denies the allegations in Paragraph 65 of the Second Amended

4   Complaint.

5       66.     Ms. Berry admits that in 1999 Juniper granted certain employees and officers stock

6   options, that this grant was referred to by some individuals within the Company as the "evergreen"

7   grant, and that the Juniper board of directors ratified that grant at its November 12, 1999 meeting.

8   Ms. Berry denies the other allegations in Paragraph 66 of the Second Amended Complaint to the

9   extent they refer or relate to her, and lacks sufficient knowledge to form a belief as to the truth of

10  the remaining allegations in this Paragraph, and on that basis denies them.

11      67.     Ms. Berry denies the allegations in the first two sentences of Paragraph 67 of the

12  Second Amended Complaint.  She lacks sufficient knowledge to form a belief as to the truth of the

13  remaining allegations in this Paragraph, and on that basis denies them and, as to the last sentence

14  of this Paragraph, specifically denies that any such non-disclosure was due to her actions.

15      68.     Ms. Berry denies the allegations in Paragraph 68 of the Second Amended

16  Complaint to the extent they refer or relate to her, and lacks sufficient knowledge or information to

17  form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies

18  them.

19      69.     Paragraph 69 contains Plaintiff's characterizations of Juniper's historical stock

20  prices, to which no response is required.  Ms. Berry lacks sufficient knowledge or information to

21  form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis denies

22  them.

23      70.     Ms. Berry admits that in 2001 Juniper granted certain employees stock options and

24  that this grant was referred to by some individuals within the Company as the "formula" grant.

25  Ms. Berry denies the other allegations in Paragraph 70 of the Second Amended Complaint to the

26  extent they refer or relate to her, and lacks sufficient knowledge to form a belief as to the truth of

27  the remaining allegations of this Paragraph, and on that basis denies them.

28

71.     Ms. Berry denies the allegations in Paragraph 71 of the Second Amended Complaint.

72.     Ms. Berry denies the allegations in Paragraph 72 of the Second Amended Complaint.

73.     Ms. Berry admits that she signed the Notice of Annual Meeting of Stockholders attached to the proxy statement that Juniper filed with the SEC on or around April 13, 2000, avers that the proxy statement and Notice speak for themselves and refers Plaintiff to the documents for their contents, and denies each and every remaining allegation in Paragraph 73 of the Second Amended Complaint.

74.     Ms. Berry admits that she signed the Notice of Annual Meeting of Stockholders attached to the proxy statement that Juniper filed with the SEC on or around March 28, 2001 and that the Notice and proxy statement were sent to shareholders on or about March 31, 2001, avers that the proxy statement and Notice speak for themselves and refers Plaintiff to those documents for their contents, and denies each and every remaining allegation in Paragraph 74 of the Second Amended Complaint.

75.     Ms. Berry admits that she signed the Notice of Annual Meeting of Stockholders attached to the proxy statement that Juniper filed with the SEC on or around April 11, 2002, avers that the proxy statement and Notice speak for themselves and refers Plaintiff to the documents for their contents, and denies each and every remaining allegation in Paragraph 75 of the Second Amended Complaint.

76.     As to the first sentence of Paragraph 76 of the Second Amended Complaint, Ms. Berry admits, on information and belief, that Juniper filed annual reports with the SEC, avers that those reports speak for themselves, and refers Plaintiff to these documents for their contents.  Ms. Berry denies the allegations of the second sentence.  As to the remaining sentences of this Paragraph, Ms. Berry avers that she reviewed certain portions of certain of the Company's annual reports filed with the SEC on Forms 10-K before they were filed, and otherwise denies the allegations of these sentences.

77.     Ms. Berry denies the allegations of Paragraph 77 of the Second Amended Complaint to the extent they refer or relate to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

78.     Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 of the Second Amended Complaint, and on that basis denies them.

79.     As to the first two sentences of Paragraph 79 of the Second Amended Complaint, Ms. Berry admits that Juniper filed with the SEC quarterly reports on Form 10-Q for the periods referenced in the second sentence of this Paragraph, avers that those reports speak for themselves, and refers Plaintiff to these documents for their contents.  As to the remaining sentences of this Paragraph, Ms. Berry admits that she reviewed certain portions of certain of those Forms 10-Q, and otherwise denies the allegations of these sentences.

80.     Ms. Berry admits on information and belief that Juniper filed with the SEC current reports on Form 8-K on April 10, 2003, July 10, 2003 and October 9, 2003, avers that those Forms 8-K speak for themselves and refers Plaintiff to the documents for their contents, and denies each and every remaining allegation in Paragraph 80 of the Second Amended Complaint.

81.     Ms. Berry admits, on information and belief, that Juniper filed with the SEC registration statements on Form S-8 on March 14, 2000, August 18, 2000, December 12, 2000, March 29, 2001, December 21, 2001 and July 9, 2002, admits that she signed a legal opinion filed as an exhibit to each of those Forms S-8, avers that those Forms S-8 and legal opinions speak for themselves and refers Plaintiff to the documents for their contents, and denies each and every remaining allegation in Paragraph 81 of the Second Amended Complaint.

82.     Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 82 of the Second Amended Complaint, and on that basis denies them.  Ms. Berry denies each and every remaining allegation in this Paragraph.

83.     Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 83 of the Second Amended Complaint.  As to

the second sentence of this Paragraph, Ms. Berry admits, on information and belief, that in March 2007 Juniper announced a restatement of financial results of certain prior years, avers that the announcement speaks for itself, and refers Plaintiff to the announcement for its contents.  As to the third sentence of this Paragraph, Ms. Berry avers that the restatement and Juniper's public statements and disclosures regarding the restatement speak for themselves, and refers Plaintiff to those documents, statements, and disclosures for their contents.  Ms. Berry denies each and every remaining allegation in this Paragraph.

84.     Ms. Berry denies the allegations in Paragraph 84 of the Second Amended Complaint.

85.     Ms. Berry admits that on May 22, 2006 Juniper announced in a press release that the Audit Committee of the board of directors was reviewing the Company's historical stock options granting practices and that she opted not to be interviewed by the Audit Committee of Juniper's board of directors in the course of its investigation of the Company's historical options granting practices, avers that she invoked her rights under the Fifth Amendment to the United States Constitution during the SEC's investigation, and denies all other allegations in Paragraph 85 of the Second Amended Complaint.

86.     Ms. Berry denies the allegations in Paragraph 86 of the Second Amended Complaint.

87.     Ms. Berry denies the allegations in Paragraph 87 of the Second Amended Complaint.

88.     Ms. Berry admits the allegations in the first sentence of Paragraph 88 of the Second Amended Complaint, and denies all other allegations in this Paragraph.

89.     Ms. Berry admits that she sold approximately 16,848 shares of KLA stock on approximately five occasions between July 1997 and July 1999 and that her pre-tax gain for those exercises was approximately $175,000.  Ms. Berry denies the remaining allegations in Paragraph 89 of the Second Amended Complaint.

90.     Ms. Berry avers that she invoked her rights under the Fifth Amendment to the United States Constitution during the SEC's investigation, and denies all other allegations in Paragraph 90 of the Second Amended Complaint.

91.     Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

92.     Ms. Berry denies the allegations in Paragraph 92 of the Second Amended Complaint.

93.     Ms. Berry denies the allegations in Paragraph 93 of the Second Amended Complaint.

94.     Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

95.     Paragraph 95 of the Second Amended Complaint states legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

96.     Ms. Berry denies the allegations in Paragraph 96 of the Second Amended Complaint.

97.     Ms. Berry denies the allegations in Paragraph 97 of the Second Amended Complaint.

98.     Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

99.     Ms. Berry denies the allegations in Paragraph 99 of the Second Amended Complaint.

100.    Ms. Berry denies the allegations in Paragraph 100 of the Second Amended Complaint.

101.    Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

102.     Ms. Berry denies the allegations in Paragraph 102 of the Second Amended Complaint.

103.     Ms. Berry denies the allegations in Paragraph 103 of the Second Amended Complaint.

104.     Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

105.     Paragraph 105 of the Second Amended Complaint states legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

106.     Ms. Berry denies the allegations in Paragraph 106 of the Second Amended Complaint.

107.     Ms. Berry denies the allegations in Paragraph 107 of the Second Amended Complaint.

108.     Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

109.     Paragraph 109 of the Second Amended Complaint states legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Ms. Berry lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

110.     Ms. Berry denies the allegations in Paragraph 110 of the Second Amended Complaint.

111.     Ms. Berry denies the allegations in Paragraph 111 of the Second Amended Complaint.

112.     Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully set forth herein.

113.     Paragraph 113 of the Second Amended Complaint states legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Ms. Berry lacks

1    sufficient knowledge or information to form a belief as to the truth of the allegations in this

2    Paragraph, and on that basis denies them.

3          114.    Ms. Berry denies the allegations in Paragraph 114 of the Second Amended

4    Complaint.

5          115.    Ms. Berry denies the allegations in Paragraph 115 of the Second Amended

6    Complaint.

7          116.    Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully

8    set forth herein.

9          117.    Ms. Berry denies the allegations in Paragraph 117 of the Second Amended

10   Complaint.

11         118.    Ms. Berry denies the allegations in Paragraph 118 of the Second Amended

12   Complaint.

13         119.    Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully

14   set forth herein.

15         120.    Ms. Berry denies the allegations in Paragraph 120 of the Second Amended

16   Complaint.

17         121.    Ms. Berry denies the allegations in Paragraph 121 of the Second Amended

18   Complaint.

19         122.    Ms. Berry incorporates her responses to paragraphs 1 through 90 as though fully

20   set forth herein.

21         123.    Paragraph 123 of the Second Amended Complaint states legal conclusions as to

22   which no response is required.  To the extent a response is deemed necessary, Ms. Berry lacks

23   sufficient knowledge or information to form a belief as to the truth of the allegations in this

24   Paragraph, and on that basis denies them.

25         124.    Ms. Berry denies the allegations in Paragraph 124 of the Second Amended

26   Complaint.

27         125.    Ms. Berry denies the allegations in Paragraph 125 of the Second Amended

28   Complaint.

1        Except as expressly responded to above, Ms. Berry denies all other allegations in the

2 Second Amended Complaint.

3 **REQUEST FOR RELIEF**

4       To the extent any response is required to Plaintiff's prayer for relief and judgment, Ms.

5 Berry denies each and every allegation contained therein.

6 **AFFIRMATIVE DEFENSES**

7       Ms. Berry asserts the following separate and affirmative defenses to the Second Amended

8 Complaint, and in so doing, does not assume the burden of establishing any fact or proposition

9 necessary to that affirmative defense where that burden is properly imposed on Plaintiff.

10 **FIRST AFFIRMATIVE DEFENSE**

11       The Second Amended Complaint, and each cause of action alleged therein, fails to state a

12 claim upon which relief can be granted.

13 **SECOND AFFIRMATIVE DEFENSE**

14       Ms. Berry was justified and/or privileged in doing any and all of the acts alleged in the

15 Second Amended Complaint.

16 **THIRD AFFIRMATIVE DEFENSE**

17       Ms. Berry relied in good faith on the advice, professional judgment and opinions of others,

18 including but not limited to internal and external accounting and legal professionals, concerning

19 matters which she reasonably believed to be within such persons' professional or expert

20 competence.

21 **FOURTH AFFIRMATIVE DEFENSE**

22       Ms. Berry is not liable for Plaintiff's claims because she did not know, and could not have

23 reasonably known, with the exercise of reasonable care, the untruth of any alleged

24 misrepresentation or the fact of any material omission.  Any alleged conduct in this case by Ms.

25 Berry was reasonable and was undertaken without scienter, knowledge or negligence.

26

27

28

1

**FIFTH AFFIRMATIVE DEFENSE**

2    Ms. Berry is not liable for Plaintiff's claims because she did not knowingly circumvent or

3 fail to implement a system of internal controls or knowingly falsify or cause to be falsified books

4 or records at KLA or Juniper.

5

**SIXTH AFFIRMATIVE DEFENSE**

6    None of the conduct alleged in the Second Amended Complaint was material to the

7 investment decisions of reasonable investors.

8

**SEVENTH AFFIRMATIVE DEFENSE**

9    None of the conduct alleged in the Second Amended Complaint had a material effect on the

10 financial statements of KLA or Juniper, as the case may be.

11

**EIGHT AFFIRMATIVE DEFENSE**

12    Plaintiff is barred from recovery, in whole or in part, against Ms. Berry, by any and all

13 applicable statutes of limitations and statutes of repose.

14

**NINTH AFFIRMATIVE DEFENSE**

15    All harm, if any, resulted from the acts or omissions of third parties over whom Ms. Berry

16 had no control.  The acts of such third parties constitute intervening or superseding causes of any

17 alleged violations of securities laws.

18

**TENTH AFFIRMATIVE DEFENSE**

19    Ms. Berry acted in good faith at all material times and did not directly or indirectly induce

20 or cause the acts constituting the alleged grounds for relief.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22    Plaintiff's claims are barred in whole or in part by Plaintiff's own lack of due diligence.

23

**TWELFTH AFFIRMATIVE DEFENSE**

24    Plaintiff's claim for injunctive relief is barred because, *inter alia*, there has been no

25 violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood

26 that any violation will be repeated.  Plaintiff's injunctive relief claim is further barred because the

27 adverse effects of an injunction far outweigh any benefit from an injunction.

28

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for penalties is barred because, *inter alia*, any alleged violation was isolated and/or unintentional.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for disgorgement is barred because, *inter alia*, she never received any ill-gotten profits or direct economic gains as a result of any of the actions alleged in the Second Amended Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for an officer and director bar is barred because, *inter alia*, there has been no violation of the Securities Act or the Exchange Act and because Ms. Berry is not unfit to serve as an officer or director of a public company.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Ms. Berry has insufficient knowledge or information upon which to form a belief as to whether she may have additional yet unstated affirmative defenses. Ms. Berry reserves the right to assert any additional affirmative defenses as may be discovered during the conduct of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Lisa C. Berry prays that this Court enter judgment:

1. Dismissing the Second Amended Complaint in its entirety;

2. Denying all relief requested by the Plaintiff;

3. Awarding Ms. Berry her attorneys' fees and costs under the Equal Access to Justice Act or as otherwise permitted; and

4. Granting Ms. Berry such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Defendant, Lisa C. Berry, demands a trial by jury.

1  Dated: October 15, 2008         MELINDA HAAG
                                    JAMES A. MEYERS
2                                   JAMES N. KRAMER
                                    NANCY E. HARRIS
3                                   REBECCA LUBENS
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
4

5
                                           /s/ Nancy E. Harris
6                                         NANCY E. HARRIS
                                       Attorneys for Defendant
7                                         Lisa C. Berry

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28