MORGAN, LEWIS & BOCKIUS LLP
JOHN H. HEMANN (SBN 165823)
JOSEPH E. FLOREN (SBN 168292)
THOMAS R. GREEN (SBN 203480)
MICHELLE PARK CHIU (SBN 248421)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
Email: jhemann@morganlewis.com
       jfloren@morganlewis.com
       tgreen@morganlewis.com
       mchiu@morganlewis.com

Attorneys for Non Party KLA-Tencor Corporation

\*\* E-Filed August 11, 2009 \*\*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>LISA C. BERRY,<br><br>*Defendant*. | No. C 07-4431 RMW (HRL)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN MATERIALS AS TO WHICH KLA-TENCOR CORPORATION CLAIMS PRIVILEGE** |

**STIPULATION**

WHEREAS, defendant Lisa C. Berry ("Berry") issued subpoenas to nonparties KLA-Tencor Corporation ("KLA"), the Special Committee of the Board of Directors of KLA ("KLA SC"), the Special Litigation Committee of the Board of Directors of KLA ("KLA SLC"), PricewaterhouseCoopers LLP ("PwC") and Wilson Sonsini Goodrich & Rosati ("Wilson Sonsini"), which demand discovery of certain information;

WHEREAS, Berry filed a motion to compel responses to the subpoenas from KLA, the KLA SC, and Wilson Sonsini;

WHEREAS, KLA, the KLA SC, the KLA SLC, PwC, Wilson Sonsini and the SEC have met and conferred with Berry regarding a protective order to protect certain confidential information sought by Berry to protect such information from public disclosure;

WHEREAS, KLA, the KLA SC, the KLA SLC, PwC, Wilson Sonsini, and the SEC hereby petition the Court to enter the following [Proposed] Protective Order Regarding Confidentiality ("Protective Order").

1. Definitions.

   a. "Action" shall refer to the action captioned *Securities and Exchange Commission v. Lisa C. Berry*, Case. No. 5:07-cv-04431-RMW (HRL).

   b. "Confidential Material" shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c), including documents and information Berry moved to compel which KLA, the KLA SC, or Wilson Sonsini contends should be protected from disclosure by this Protective Order.

   c. "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

   d. "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts and summaries thereof produced by KLA, the KLA SC, the KLA SLC, PwC, Wilson Sonsini or any of their current or former employees, members, or advisors.

e. "Party" or "Parties" shall refer to any party to this action, including all counsel (and their support staff).

f. "Person" shall refer to and include (a) all Parties to the Action; and (b) any other person receiving, producing or disclosing Material in the Action.

g. "Producing Person" shall refer to a Person (including a Party) that produces Material in the Action.

h. "Receiving Person" shall refer to a Person (including a Party) that receives Material from a Producing Person.

i. "Order" shall refer to this Confidentiality Stipulation and Protective Order.

2. This Order shall govern the handling of all Material provided during the course of the Action, or during the prior SEC investigation, by KLA, the KLA SC, the KLA SLC, PwC, Wilson Sonsini, or any of their current or former employees, advisors, members, or directors, either voluntarily, as initial disclosures or in response to discovery requests made pursuant to the Federal Rules of Civil Procedure, or as required or permitted by Court order. The provisions of this Order shall apply to any Person.

3. All Material shall be used only for the purpose of preparing for, and conducting the Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose. The court reserves the right to modify this order for good cause shown.

4. All Material produced in the Action, whether voluntarily or as required by Court order or under the Federal Rules of Civil Procedure, if such documents or things contain Confidential Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing. It shall be the responsibility of the Producing Person to cause all Confidential Material to be stamped by the time such Confidential Material is produced. However, a number of non-parties, including KLA, the KLA SC, PwC and Wilson Sonsini, previously produced Material to the SEC in connection with the SEC's investigation preceding this Action; and these documents, most or all of which bore various stamps designating such documents as confidential, were subsequently produced by the SEC to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2\21252831.2         2         PROTECTIVE ORDER;
CASE NO. C 07 4431 RMW (HRL)

1  Berry in this Action without any further stamping.  Those documents which were originally
2  produced to the SEC in response to its prior investigation are deemed to have been stamped
3  "Confidential" in this Action, and the Parties, KLA, the KLA SC, the KLA SLC, PwC and
4  Wilson Sonsini will afford those documents the same treatment as any document designated as
5  "Confidential" in this Action.

6        5.    Though the Parties, KLA, the KLA SC, the KLA SLC, PwC and Wilson Sonsini
7  acknowledge that the documents previously produced to the SEC are being blanket designated as
8  "Confidential" under this Order as a time and expense saving exercise, each Party or Producing
9  Person that designates information or items for protection on a going forward basis under this
10 Order must take care to limit any such designation to specific material that qualifies for protection
11 under this Order or other appropriate standards.  As set forth in greater detail in paragraphs 16
12 and 17, KLA, the KLA SC, the KLA SLC, PwC and/or Wilson Sonsini agree to promptly meet
13 and confer with any Party that contends a document originally produced to the SEC should not be
14 designated as "Confidential" pursuant to this Order.  Similarly, if it comes to a Party's or a non-
15 party's attention that information or items that it designated for protection do not qualify for
16 protection at all, or do not qualify for the level of protection initially asserted, that Party or non-
17 party must promptly notify all other parties that it is withdrawing the mistaken designation.

18       6.    Information or testimony disclosed at a deposition may be designated as
19 Confidential Material by the person providing such testimony, by a Party, by a Producing Person,
20 by KLA, by the KLA SC, by the KLA SLC, by PwC or by Wilson Sonsini, if such person either:
21       a.    identifies on the record at the deposition those portions of the testimony
22 that are designated as Confidential Material; or
23       b.    provides written notification to all Parties within 10 business days of
24 receipt of the transcript of the deposition specifying those pages and lines of the transcript that are
25 designated as Confidential Material.
26     The entire transcript of any deposition shall be treated as Confidential Material until 30
27 calendar days after the conclusion of the deposition.  Each page of deposition transcript
28 designated as Confidential Material shall be stamped, as set forth in paragraph 4 above, by the

1 court reporter or counsel.

2 The Parties to this Action agree to meet and confer with KLA's counsel regarding the scheduling of any depositions of current or former officers, directors or employees of KLA.

7. If Material is inspected at the Producing Person's choice of location, all such Material shall be presumed at such inspection to have been designated as Confidential Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the Material. Production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality.

8. Each Party and each Producing Person shall have 10 business days from the actual receipt of any Material to designate any such Material as "Confidential." During this 10-day period, any person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order.

9. Any Material designated as "Confidential" in accordance with this Order also will render "Confidential" any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Material.

10. Confidential Material shall be subject to the following restrictions:

a. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph 10(b) below to whom it is necessary that such Confidential Material be given or shown for the purpose permitted under paragraph 3 above.

b. Except as ordered by the Court, Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows:

i. counsel of record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel, including any outside vendor providing litigation support or photocopying services, who are assisting in the conduct of the Action;

ii. the Parties;

iii. witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to paragraph 11, below;

1      iv.   such consultants and experts retained by the Parties, or their
2  respective counsel, as they in good faith deem necessary to provide assistance in connection with
3  the conduct of the Action, subject to paragraph 11, below;

4      v.   the Court, court personnel, potential jurors, jurors or alternate
5  jurors; and

6      vi.   court reporters and their employees used in connection with the
7  conduct of the Action.

8      11.    Each Qualified Person described in paragraph 10(b)(iii) or 10(b)(iv), above, to
9  whom Confidential Material is disclosed shall first be provided with a copy of this Order and
10  advised that such Confidential Material is being disclosed pursuant to and subject to the terms of
11  this Order and that Confidential Material may not be disclosed other than pursuant to the terms
12  hereof.  It shall be the responsibility of counsel providing such access to provide to each person to
13  whom Confidential Material is disclosed a copy of this Order.  Prior to disclosing Confidential
14  Material to each person described in subparagraph 10(b)(iv), above, counsel shall cause each such
15  person to execute a Certificate in the form attached as Exhibit A hereto.  Counsel disclosing
16  Confidential Material to persons under subparagraph 10(b) shall be responsible for holding
17  executed certificates.

18      12.    No Material that has been designated "Confidential" by this Order, by any Party or
19  by any Producing Person shall be filed, independently or as an attachment or exhibit to any other
20  document, in the public court file except as provided in Civil Local Rule 79-5.  In particular, in
21  addition to compliance with all other provisions of Civil Local Rule 79-5, any Party or other
22  person wishing to file Material designated as "Confidential" by this Order, by another Party or by
23  a Producing Person must comply with the procedure set forth in Civil Local Rule 79-5(d), which
24  provides:

25      If a party wishes to file a document that has been designated
    confidential by another party pursuant to a protective order, or if a
26  party wishes to refer in a memorandum or other filing to
    information so designated by another party, the submitting party
27  must file and serve an Administrative Motion for a sealing order
    and lodge the document, memorandum or other filing in accordance
28  with this rule. If only a portion of the document, memorandum or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2\21252831.2     5     PROTECTIVE ORDER;
CASE NO. C 07 4431 RMW (HRL)

1
2
3
4
5
6

        other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order.  Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.  If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

7
8
9
10
11
12

        13.     In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in subparagraph 10(b), above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 4 of this Stipulation.

13
14
15
16
17

        14.     No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material.  There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order.

18
19
20
21
22

        15.     Unless a prompt challenge to a Designating Person's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

23
24
25
26
27
28

        16.     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Person.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Person an opportunity to review the designated material, to reconsider the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2\21252831.2               6               PROTECTIVE ORDER;
CASE NO. C 07 4431 RMW (HRL)

1  circumstances, and, if no change in designation is offered, to explain the basis for the chosen
2  designation.  A challenging Party may proceed to the next stage of the challenge process only if it
3  has engaged in this meet and confer process first.

4        17.     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality
5  designation after considering the justification offered by the Designating Person may file and
6  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
7  applicable) that identifies the challenged material and sets forth in detail the basis for the
8  challenge.  Each such motion must be accompanied by a competent declaration that affirms that
9  the movant has complied with the meet and confer requirements imposed in the preceding
10 paragraph and that sets forth with specificity the justification for the confidentiality designation
11 that was given by the Designating Person in the meet and confer dialogue.  The burden of
12 persuasion in any such challenge proceeding shall be on the Designating Person.  Until the court
13 rules on the challenge, all parties shall continue to afford the material in question the level of
14 protection to which it is entitled under the Producing Person's designation.

15        18.     Subject to paragraph 3, above, should any non-party seek access to Confidential
16 Material, by request, subpoena or otherwise, the Party or other recipient of the Confidential
17 Material from whom such access is sought, as applicable, shall promptly notify the Producing
18 Person who produced such Confidential Material of such requested access.  If any Receiving
19 Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which
20 he or it is a party, or (c) is served with any other legal process by one not a party to this Action,
21 including a request made to the SEC pursuant to the Freedom of Information Act ("FOIA"),
22 seeking Material which was produced and designated as Confidential, the Receiving Person shall
23 give written notice, by hand or facsimile transmission, within five business days of receipt of such
24 subpoena, demand or legal process, to those who produced and/or designated the Material.  The
25 Receiving Person shall not produce any of the Producing Person's Confidential Material, unless
26 ordered by a court to do so, until the later of (i) at least ten business days after providing the
27 required notice to the Producing Person, or (ii) the date of production specified in, or required by,
28 the subpoena, demand or other legal process.  The Producing Person shall be solely responsible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2\21252831.2       7       PROTECTIVE ORDER;
CASE NO. C 07 4431 RMW (HRL)

1  for asserting any objection to the requested production.

2      19.    This Order, insofar as it restricts the communication and use of Confidential
3  Material, shall continue to be binding throughout and after the conclusion of the Action, including
4  any appeals.

5      20.    This Order shall be without prejudice to the rights of a Producing Person to seek,
6  upon good cause shown, further limits on disclosure or protections for the confidentiality of any
7  Material (whether or not Confidential) in addition to the limits and protections provided herein,
8  including, without limitation, that access to or disclosure of any Material be limited solely to
9  counsel employed by a Party or to other specified persons.

10      21.    Notwithstanding any provision contained herein, nothing in this Order shall restrict
11  in any way the right of a Party to make use of its own original Material in any way it deems fit.

12      22.    Except to the extent that the SEC has received a request made under the FOIA,
13  within thirty days after the conclusion of the Action, including all appeals, all Confidential
14  Material, copies thereof and documents reflecting such Confidential Material (other than
15  materials contained in the court's records) shall be returned to the Producing Person who
16  produced such Confidential Material or destroyed, at the discretion of the Producing Person.  If a
17  Receiving Person believes that destruction of Confidential Material produced in this action would
18  constitute a violation of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or
19  any other legal obligation to preserve documents, then the Receiving Person shall return copies
20  thereof and documents reflecting such Confidential Material to the Producing Person who
21  produced such Confidential Material in accordance with this paragraph.  If the Confidential
22  Material is destroyed, counsel for the applicable Parties shall certify in writing that all such
23  Confidential Material within their possession or control has been destroyed.  Notwithstanding the
24  foregoing, counsel for the Parties may retain pleadings, other papers filed with the Court or
25  served in the course of the Action, discovery responses, and deposition transcripts.

26      23.    The Court retains jurisdiction for a period of 6 months after termination of this
27  action, to enforce the terms of this order or to make such amendments, modifications, or additions
28  to this Order as it may from time to time deem appropriate or may consider upon the motion of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2\21252831.2      8      PROTECTIVE ORDER;
CASE NO. C 07 4431 RMW (HRL)

1 | any party.

3 | Dated:  August 4, 2009          MORGAN, LEWIS & BOCKIUS LLP

4 | By:  /s/ Thomas R. Green

5 | Thomas R. Green

6 | Attorneys for non-party
7 | KLA-TENCOR CORPORATION

9 | I, Thomas R. Green, am the ECF User whose ID and password are being used to file this
10 | JOINT STATEMENT REGARDING MEDIATION.  In compliance with General Order 45,
11 | X.B., I hereby attest that each of the signatories identified below has concurred in this filing.

14 | Dated:  August 4, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

15 | By:  /s/ Nancy E. Harris

16 | Nancy E. Harris

17 | Attorneys for Defendant
18 | LISA C. BERRY

20 | Dated:  August 4, 2009          SECURITIES AND EXCHANGE COMMISSION

21 | By:  /s/ Susan F. LaMarca

22 | Susan F. LaMarca

23 | Attorneys for Plaintiff
    | SECURITIES AND EXCHANGE COMMISSION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2\21252831.2                 9              PROTECTIVE ORDER;
                                              CASE NO. C 07 4431 RMW (HRL)

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 4, 2009 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 3 | | By: /s/ Matthew E. Sloan |
| 4 | | Matthew E. Sloan |
| 5 | | Attorneys for non-parties<br>SPECIAL COMMITTEE and SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS OF KLA-TENCOR CORPORATION |
| 6 | | |
| 7 | | |
| 8 | Dated: August 4, 2009 | WILSON, SONSINI, GOODRICH & ROSATI |
| 9 | | By: /s/ Dominique-Chantale Alepin |
| 10 | | Dominique-Chantale Alepin |
| 11 | | Attorneys for non-party<br>WILSON, SONSINI, GOODRICH & ROSATI |
| 12 | | |
| 13 | Dated: August 4, 2009 | Davis Polk & Wardwell LLP |
| 14 | | By: /s/ Elizabeth Malaspina |
| 15 | | Elizabeth Malaspina |
| 16 | | Attorneys for non-party<br>PricewaterhouseCoopers LLP |

1  **ORDER**

2  **IT IS SO ORDERED.**

3

4  Dated: __August 11__, 2009

5

6

7  _____
   HOWARD R. LLOYD
   United States Magistrate Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT A**

I, _____, do hereby certify that I have been provided with a copy of the Protective Order in the action captioned *Securities and Exchange Commission v. Lisa C. Berry*, Case No. 5:07-cv-4431-RMW (HRL), that I have reviewed said Protective Order, and that I agree to be bound by the terms and conditions set forth therein and consent to the exercise of jurisdiction of the United States District Court for the Northern District of California in connection with any proceedings relating to the Stipulation and Protective Order.

Executed this \_\_\_\_\_ of _____, _____.
                     day            month       year

_____
Signature

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/21252831.2

PROTECTIVE ORDER;
CASE NO. C 07 3798 JW (HRL)