**United States District Court**
For the Northern District of California

1    ** E-filed April 1, 2011 **

2

3

4

5

6

7                          NOT FOR CITATION

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11   SECURITIES AND EXCHANGE                No. C07-04431 RMW (HRL)
     COMMISSION,
12                                          **ORDER GRANTING THE SEC'S**
                    Plaintiff,              **MOTION TO COMPEL**
13                                          **INTERROGATORY RESPONSES**
             v.
14                                          **[Re: Docket No. 169]**
     LISA C. BERRY,
15
                    Defendant.
16   _____/

17                           **BACKGROUND**

18         The Securities and Exchange Commission ("SEC") filed this civil enforcement action in

19   2007 in relation to alleged improper stock option backdating at Juniper Networks, Inc. ("Juniper").

20   Defendant Lisa Berry ("Berry") was General Counsel of Juniper from June 1999 to January 2004,

21   and the SEC alleges that she oversaw Juniper's stock option granting process.

22         The relevant facts are summarized in chronological order below:

23   • **April 29, 2009**: The SEC served its First Set of Interrogatories (containing Interrogatory

24      Nos. 3, 4, 8, 9, 10, 11, and 12). LaMarca Decl., Ex. C. These interrogatories ask Berry to

25      describe in detail each communication regarding the process by which stock options were

26      granted at Juniper that she had with any of the following: (1) any member of Juniper's board

27      of directors; (2) any auditors from Ernst & Young LLP; (3) former Juniper CFO Marcel

28      Gani; (4) any person with the law firm of Wilson Sonsini Goodrich & Rosati PC; (5) former

1  Juniper CEO Scott Kriens; (6) former Juniper Stock Administrator Leilani Eames; and (7)

2  former Juniper Stock Administrator Brienne Taloff Fisher. <u>Id</u>.

3  • **June 1, 2009**: Berry served her original responses to the SEC's First Set of Interrogatories.

4  <u>Id</u>., Ex. A. Along with incorporating her general objections, Berry objected to Interrogatory

5  Nos. 3, 4, 8, 9, 10, 11, and 12 on the following grounds: (1) that the phrase "the process"

6  was vague and ambiguous; (2) that the interrogatories were overly broad and subject her to

7  undue burden, oppression, and expense; (3) that the interrogatories call for information

8  protected by the attorney-client privilege and attorney work product doctrine; and (4) that

9  Berry "has not been informed that Juniper Networks has waived its attorney-client privilege

10  and therefore is unable to respond" to the interrogatories. <u>Id</u>.

11  • **Last week of December 2010**: SEC learned that Berry would no longer invoke her Fifth

12  Amendment privilege, so it noticed her deposition. <u>Id</u>. ¶ 9.

13  • **January 29, 2011**: Berry served her amended responses to the SEC's First Set of

14  Interrogatories. <u>Id</u>., Ex. B. She objected to Interrogatory Nos. 3, 4, 8, 9, 10, 11, and 12 on the

15  same grounds as before. <u>Id</u>.

16  • **February 7-8, 2011**: Berry was deposed. <u>Id</u>. ¶ 9.

17  • **February 22, 2011**: Berry's counsel stated in an email that she believed that Interrogatory

18  Nos. 3, 4, 8, 9, 10, 11, and 12 either were, or should have been, asked during Berry's

19  February 7-8, 2011 deposition, such that further responses would be duplicative. <u>Id</u>., ¶ 12.

20  • **March 7, 2011**: During a meet and confer telephone call, Berry's counsel tells the SEC that

21  she would not respond to Interrogatory Nos. 3, 4, 8, 9, 10, 11, and 12 because the questions

22  were the type that would have been better posed during her February 7-8, 2011 deposition.

23  <u>Id</u>.

24  With depositions of other witnesses scheduled to take place soon, the SEC now moves for an

25  order compelling Berry to respond to Interrogatory Nos. 3, 4, 8, 9, 10, 11, and 12. Docket No. 169

26  ("MTC"). Berry opposed the motion. Docket No. 186 ("Opp'n").

27  **LEGAL STANDARD**

28

<div align="left">
**United States District Court**<br>
For the Northern District of California
</div>

2

**United States District Court**
For the Northern District of California

1    A party in a civil case may serve written interrogatories on another party, and the responding

2 party must serve its answers and any objections within thirty days. FED. R. CIV. P. 33. Any untimely

3 objection to an interrogatory is waived unless the court finds good cause for excuse. FED. R. CIV. P.

4 33(b)(4). If no response is made, the propounding party may apply for an order compelling a

5 response. FED. R. CIV. P. 37(a)(3)(B)(iii).

6    Subject to the limitations imposed by subsection (b)(2)(C), under Federal Rule of Civil

7 Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

8 any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be

9 admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

10 admissible evidence." Id. However, "[o]n motion or on its own, the court must limit the frequency

11 or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the

12 discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

13 source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery

14 has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or

15 expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

16 the amount in controversy, the parties' resources, the importance of the issues at stake in the action,

17 and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

**DISCUSSION**

19    Berry puts forth several reasons why she should not have to respond to the interrogatories at

20 issue.

21    A. Whether the Interrogatories Are Overbroad and Unduly Burdensome

22    In her interrogatory responses, Berry objected to the interrogatories as being overbroad and

23 unduly burdensome. She renews that objection here. "By its very nature," Berry contends, "the

24 SEC's demand that Ms. Berry describe 'each communication' regarding the stock option process

25 with more than a dozen individuals is overbroad and unduly burdensome." Opp'n at 5. In order to

26 respond, she says she will be required "to recall and describe communications with more than a

27 dozen people that occurred over a three-and-a-half year period [that was] as much as twelve years

28 ago . . . ." Id. at 4.

**United States District Court**
For the Northern District of California

1    The SEC correctly points out that none of the authority cited by Berry supports her claim

2    that the interrogatories are, "by [their] nature," overbroad and unduly burdensome. Indeed, the cases

3    cited by Berry are easily distinguished from the situation here. In <u>JJCO, Inc. v. Isuzu Motors Am.,</u>

4    <u>Inc.</u>, CIV. NO. 08-00419 SOM/LEK, 2009 U.S. Dist. LEXIS 102121, at \*12 (D. Haw. Oct. 30,

5    2009), the plaintiff sought "all correspondence between Isuzu and GM over a four-year period," all

6    of which could not possibly relate to the plaintiff's claims. In <u>Brown's Crew Car of Wyo. LLC v.</u>

7    <u>State Transp. Auth.</u>, Case No.: 2:08-cv-00777-RLH-LRL, 2009 U.S. Dist. LEXIS 39469, at \*14-15,

8    18-19 (D. Nev. May 1, 2009), the intervenor sought information that was "well beyond the scope

9    and purpose of this action" and even appeared "calculated to needlessly increase the cost of

10   litigation." And in <u>In re Ebay Seller Antitrust Litig.</u>, No. C 07-1882 JF (RS), 2008 WL 5212170, at

11   \*2 (N.D. Cal. Dec. 11, 2008), the court determined that the defendant's contention interrogatories

12   seeking "all facts" supporting the plaintiff's allegations were inappropriate <u>at that time</u> and so it

13   denied the defendant's motion <u>without prejudice</u> after noting that there was no dispute that the

14   plaintiff would have to respond fully to the interrogatories at some point.

15   In this case, though, the SEC's interrogatories request that Berry describe conversations she

16   had with specific individuals about a specific topic that is directly relevant to this action. Moreover,

17   Berry has been aware of these interrogatories for more than two years, so she cannot now claim that

18   she has been caught off guard by them. Accordingly, the Court rejects Berry's "burdensome"

19   argument.

20       B.   <u>Whether the Interrogatories Are Cumulative of Berry's Deposition Testimony</u>

21   Berry next argues that answering the interrogatories would be cumulative of her deposition

22   testimony. She cites her deposition testimony where the SEC asked whether, for instance, she had

23   ever had discussions about stock options with the individuals mentioned in the interrogatories.

24   Opp'n at 6 (citing Docket No. 187 ("Harris Decl."), Exs. B, C). "These questions and testimony,"

25   she contends, "demonstrates that the SEC is simply seeking what it already has." <u>Id</u>. at 7.

26   The SEC initially argues that Berry waived any "cumulative" objection since she did not

27   include it in either her original or amended interrogatory responses and only mentions it now.

28   Docket No. 195 ("Reply") at 4 (citing Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely

**United States District Court**
For the Northern District of California

1    objection is waived unless the court, for good cause, excuses the failure.”)); see also MTC 3-4. The

2    SEC's argument is well-taken.

3         Even if the Court excuses this failure, though, the SEC argues that defendant cannot be

4    allowed to refuse to answer interrogatories, then attend a deposition, and then claim that the

5    deposition testimony should suffice as a response to the interrogatories. Reply at 5; MTC at 5.

6    Indeed, none of the cases cited by Berry support such a tactic. Instead, the cases she cites merely

7    support the unremarkable proposition that Rule 26 is designed in part to limit discovery that is

8    unreasonably cumulative or duplicative or that could be obtained from some other source that is

9    more convenient, less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(2)(C); see also

10   Sloan v. Oakland Police Dep't., No. C-00-4117 CW (JCS), 2006 U.S. Dist. LEXIS 25100, at *15

11   n.2 (N.D. Cal. Mar. 23, 2006) (noting, among other things, that should defendants bring a motion to

12   compel responses to interrogatories served before plaintiff's deposition, such a motion will only be

13   granted if the additional interrogatory responses sought are not duplicative of information already

14   obtained, through deposition or otherwise); Pulsecard, Inc. v. Discover Card Services, Inc., Civ. A.

15   No. 94-2304-EEO, 168 F.R.D. 295, 306 (D. Kan. 1996) (“That litigants may engage in successive

16   forms of discovery ‘is not a license to engage in repetitious, redundant and tautological inquiries.’”)

17   (quoting Richlin v. Sigma Design West, Ltd., 88 F.R.D. 634, 640 (E.D. Cal. 1980)) (internal

18   quotation marks omitted); Penk v. Oregon State Bd. of Higher Education, 1983 U.S. Dist. LEXIS

19   10463, at *1-2 (D. Or. Dec. 23, 1983) (defendant had taken extensive depositions of most of

20   plaintiffs' experts and also had the reports the experts prepared for use at trial, so defendant had had

21   “complete access to the requested information through the other discovery devices it has chosen to

22   use”).

23        Upon review of the transcript (which has been filed under seal), the Court does not believe

24   that Berry's responses to the interrogatories would be unreasonably cumulative or duplicative of her

25   deposition testimony. Her answers to similar questions may well be different upon review of

26   documents that could refresh her recollection about certain responsive conversations. In this

27   situation, the Court believes it would be unfair to make the SEC, in its words, bear the consequences

28

**United States District Court**
For the Northern District of California

1   of "the vicissitudes of a defendant's memory during a deposition, especially when the events at

2   issue too place years ago." Reply at 5.

3          Accordingly, the Court rejects Berry's "cumulative" argument.

4      C.  Whether the SEC Should Have Asked these Questions at Berry's Deposition Because of

5          Privilege Complications

6          Berry also argues that, because the interrogatories (could[1]) implicate Juniper's attorney-

7   client privilege, responding to written interrogatories is unworkable and so the SEC should have

8   asked questions implicating Juniper's privilege at Berry's deposition. To respond to the

9   interrogatories, Berry says that "[i]t would require Ms. Berry's counsel to sit down with counsel for

10  a potentially adverse third-party (Juniper and Juniper's former employees) and to detail potentially

11  years worth of communications to determine if Juniper would consider each communication to be

12  privileged or if it would waive any specific privilege assertion in order to cooperate with the SEC."

13  Opp'n at 8.

14         Berry now claims this is unworkable, but this is also the exact solution that Berry herself

15  suggested multiple times (even as late as January 29, 2011) and to which Juniper's counsel

16  (according to the SEC) has been open all along. Berry explains in her opposition that "[w]hile [she]

17  initially offered this as a potential fix to the privilege issue, when the practical implications of the

18  approach were explored it became apparent that it was not workable." Id. "In fact," she goes on in a

19  footnote, "Ms. Berry's counsel did have such a meeting with counsel for Juniper prior to the

20  deposition. That meeting involved a high-level discussion in which Juniper's counsel provided some

21  general guidance as to the scope of its privilege assertions. However, the parties were not able to

22  reach agreement on how to mechanically proceed in providing responses outside the context of a

23  deposition." Id. at n.7 (citing Harris Decl. ¶ 5). For this reason, Berry contends that the SEC should

24  have asked Berry about her conversations with the individuals at issue during her deposition.

25         This Court is not convinced that this solution is unworkable. First, as the SEC notes, this

26  "very simple mechanism of simply showing her responses to Juniper before she shows them to the

27  ───────────────

28  [1] Berry's opposition seems to assume that any conversation she had about stock options would have
    been privileged. However, any such conversations may not have involved legal advice or have been
    maintained in confidence, so her assumption is a bit presumptuous.

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1   Commission" is the same thing that she has done repeatedly for her document productions. Reply at

2   6. Second, while Berry has raised the issue of Juniper's attorney-client privilege, Juniper — which

3   holds any attorney-client privilege[2] and thus has the power to either assert or waive it — has done

4   neither so far. Instead, Juniper's counsel has left open its offer to review Berry's proposed responses

5   for privilege.[3]

6          Accordingly, the Court rejects Berry's "unworkable" argument.

7                                          **CONCLUSION**

8          Based on the foregoing, the Court GRANTS the SEC's motion to compel Berry to provide

9   full responses to Interrogatory Nos. 3, 4, 8, 9, 10, 11, and 12. Berry shall provide her draft responses

10  to Juniper's counsel by April 6, 2011, and Juniper's counsel shall have until April 9, 2011 to assert

11  any privilege. To the extent that Juniper contends that there is privileged information contained

12  within Berry's draft responses, that information shall be appropriately described on a privilege log.

13  Berry shall serve full responses to the SEC by April 11, 2011.

14

15          **IT IS SO ORDERED.**

16  Dated: April 1, 2011

17  
    _____
    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

18

19

20  ───────────────
    [2] On multiple occasions in her opposition, Berry asserts that she cannot or will not forego "her own
21  attorney-client privilege." See Opp'n at 1:23-2:2, 2:15-17, 3:13-17, 8:17-19. While there is no doubt
    that Berry, as former General Counsel for Juniper, has an ethical obligation to maintain the
22  confidentiality of privileged communications between her and Juniper, it is Juniper which holds the
    privilege.

23  [3] SEC attorney Susan LaMarca declares: "During the summer of 2009 . . . . the Commission
24  contacted Juniper's counsel who informed the Commission that they would be willing to review any
    responses from the defendant before they were served upon the Commission to confirm that Juniper
25  did not assert any privilege over information she provided in response. We informed defense
    counsel of Juniper's position, and we understood that defense counsel had similar conversations
26  with Juniper's counsel." LaMarca Decl. ¶ 5. And "[u]pon receipt of [Berry's] Amended
    [Interrogatory] Responses [on January 29, 2011], the Commission's counsel contacted Juniper's
27  counsel and was informed, once again, that Juniper was still willing to review any proposed
    responses by the defendant for privilege and had informed her attorneys of the same offer; however,
28  no proposed responses had been provided to him by the defense. He also informed us that he would
    be available between then and the deposition to review any responses she wished to make." Id. ¶ 11.

United States District Court
For the Northern District of California

1   **C07-04431 RMW (HRL)** N**otice will be electronically mailed to:**

2   Amy M. Ross                              aross@orrick.com
    Benjamin Cunningham Geiger               bgeiger@orrick.com
3   Edward W. Swanson                        eswanson@swansonmcnamara.com
    Elena Ro                                 roe@sec.gov
4   James A. Meyers                          jmeyers@orrick.com
    James Neil Kramer                        jkramer@orrick.com
5   Jeffrey Bruce Coopersmith                jeff.coopersmith@dlapiper.com,
                                             bradley.meissner@dlapiper.com,
6                                            evelyn.dacuag@dlapiper.com
    Jeremy Emerson Pendrey                   pendreyj@sec.gov
7   Joni L. Ostler                           jostler@wsgr.com, pbaird@wsgr.com
    Judith L. Anderson                       andersonju@sec.gov, huangw@sec.gov, johnstonj@sec.gov
8   Katherine Collinge Lubin                 klubin@orrick.com, swortman@orrick.com
    Marc J. Fagel                            fagelm@sec.gov
9   Mark Philip Fickes                       fickesm@sec.gov
    Matthew Austen Tolve                     mtolve@orrick.com
10  Matthew Eric Sloan                       Matthew.Sloan@skadden.com, eaviad@skadden.com,
                                             jlyons@skadden.com, mtroost@skadden.com
11  Michael David Torpey                     mtorpey@orrick.com
    Nancy E. Harris                          nharris@orrick.com, vsweet@orrick.com
12  Randall Scott Luskey                     rluskey@orrick.com, gpackard@orrick.com
    Rebecca Felice Lubens                    jcopoulos@orrick.com, klubin@orrick.com,
13                                           nharris@orrick.com, rlubens@orrick.com, sjaffer@orrick.com
    Robert John Nolan                        robert.nolan@pillsburylaw.com, docket@pillsburylaw.com
14  Robert Lootfi Tashjian                   tashjianr@sec.gov, bukowskij@sec.gov, huangw@sec.gov,
                                             johnstonj@sec.gov
15  Steven Andrew Hong                       shong@orrick.com
    Susan F. LaMarca                         lamarcas@sec.gov, huangw@sec.gov, johnstonj@sec.gov
16  Thomas R. Green                          thomas.green@usdoj.gov, daniel.charlier-smith@usdoj.gov,
                                             lily.c.ho-vuong@usdoj.gov

17
    **Counsel are responsible for distributing copies of this document to co-counsel who have not**
18  **registered for e-filing under the court's CM/ECF program.**

19

20

21

22

23

24

25

26

27

28