JAMES N. KRAMER (STATE BAR NO. 154709)
jkramer@orrick.com
JAMES A. MEYERS (ADMITTED *PRO HAC VICE*)
jmeyers@orrick.com
AMY M. ROSS (STATE BAR NO. 215692)
aross@orrick.com
NANCY E. HARRIS (STATE BAR NO. 197042)
nharris@orrick.com
BENJAMIN C. GEIGER (STATE BAR NO. 245614)
bgeiger@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   415-773-5700
Facsimile:   415-773-5759

Attorneys for Defendant
LISA C. BERRY

\*\* E-filed May 5, 2011 \*\*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LISA C. BERRY,<br><br>Defendant. | Case No. C 07-04431 RMW (HRL)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY PROTOCOLS**<br><br>[DISCOVERY MATTER]<br><br>Judge: Magistrate Judge Howard R. Lloyd<br>Ctrm: 2, 5th Floor |

WHEREAS, the parties have retained various expert witnesses to testify in the above-captioned action (the "Expert" or "Experts");

WHEREAS, the period in which to conduct discovery in this action has commenced, and the parties desire to establish the following protocol to govern Expert witness discovery in this action pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court, and any other applicable rules;

WHEREAS, as part of the protocol, the parties agree to produce the following documents and materials (collectively, the "Expert Materials") without need for service of subpoenae or requests for production: the materials that the Experts considered in forming their opinions (including, to the extent readily accessible, treatises and other source materials, even if publicly available); transcripts of prior testimony, in deposition or at trial, (a) in matters concerning employee stock options, or (b) in matters for which the Experts provided an opinion concerning the element of materiality, and in which the Experts were retained to provide opinions; the Experts' prior reports disclosed (a) in matters concerning employee stock options, or (b) in matters for which the Experts provided an opinion concerning the element of materiality, and in which the Experts were retained to provide opinions; and documents sufficient to determine the amount of time for which the Experts have charged, or intend to charge, the parties for their work in this matter during the period up to and including April 29, 2011; and

WHEREAS, to the extent that the Expert Materials are the subject to a protective order entered in another matter, are otherwise precluded from disclosure, or are withheld from production for some other reason, the parties shall identify each item, including a reasonable description of the item, the caption of the other matter (and the case number, as applicable), and the reason why it cannot be produced, on a production log along with the remaining Expert Materials. Expert Materials shall not include items produced in the course of fact discovery in this action.

IT IS HEREBY STIPULATED AS FOLLOWS:

1. For purposes of expert discovery, the parties agree to use Rules 26(a) and (b) of the Federal Rules of Civil Procedure as effective December 1, 2010.

2. Each party shall provide a copy of all Expert Materials to the other party without further notice, subpoena, or request. The deadline for a party to comply with the obligations of this paragraph and to produce copies of Expert Materials is the close of business on Monday, May 9, 2011.

3. By entering into this Stipulation, the parties agree to forgo the right to propound discovery requests, by subpoena or otherwise, prior to deposition of the Experts, for additional documents or materials to which the parties might be entitled under the Federal Rules of Civil Procedure and the Local Rules. The parties, however, reserve the right to propound discovery requests, by subpoena or otherwise, following deposition of each Expert to the extent permitted by the Federal Rules of Civil Procedure and the Local Rules.

4. To the extent that a party's Expert Materials contain exhibits, information, or data processed or modeled by computer at the direction of an Expert in the course of forming the Expert's opinions, machine readable copies of the data along with the appropriate computer programs and instructions shall be produced, provided, however, that the following need not be produced: (a) computer programs that are reasonably commercially available; and (b) databases and computer programs that are used in the ordinary course of the expert's or a party's business and that are not practicable to copy, or are copyright protected, so long as reasonable access is timely offered for purposes of, among other things, replication and analysis of disclosed results.

5. Documents required to be produced may be redacted to exclude all but the materials required to be disclosed.

IT IS SO STIPULATED.

//
//
//

SECURITIES AND EXCHANGE COMMISSION

Dated: May 4, 2011

/s/ Robert L. Tashjian
Robert L. Tashjian
tashjianr@sec.gov
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: May 4, 2011

/s/ Nancy E. Harris
Nancy E. Harris
nharris@orrick.com
405 Howard Street
San Francisco, California 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

*Attorneys for Defendant Lisa Berry*

I, Nancy E. Harris, am the ECF User whose User ID and password are being used to file this Stipulation. In compliance with General Order 45, X.B., I hereby attest that the above-listed signatories have concurred in this filing.

\*   \*   \*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 5, 2011

_____
Hon. Howard R. Lloyd
United States Magistrate Judge