**\*\* E-filed June 15, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>   v.<br><br>LISA C. BERRY,<br><br>         Defendant.<br>_____/ | No. C07-04431 RMW (HRL)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES**<br><br>**[Re: Docket No. 175]** |

## BACKGROUND

The Securities and Exchange Commission ("SEC") filed this civil enforcement action in 2007 in relation to alleged improper stock option backdating at KLA-Tencor Corporation ("KLA") and Juniper Networks, Inc. ("Juniper"). Defendant Lisa Berry ("Berry") was General Counsel of KLA from September 1996 to June 1999 and of Juniper from June 1999 to January 2004. The SEC alleges that she oversaw these companies' stock option granting processes.

Fact discovery closed on March 25, 2011. See Docket Nos. 154, 181. Berry timely moved to compel the SEC to provide further responses to three of her interrogatories (Interrogatory Nos. 2, 4, and 6) that essentially ask the SEC to identify all untrue statements and/or material omissions in violation of law and to identify all facts that show that Berry substantially participated in or was

1   intricately involved in making any such statements.[1] Docket No. 175 ("MTC"). These three

2   interrogatories (along with three others which Berry has not moved to compel) are set forth below:

3   - Interrogatory No. 1 asks the SEC to "[i]dentify each and every untrue statement that YOU contend MS. BERRY made in violation of the FEDERAL SECURITIES LAWS."

4

5   - Interrogatory No. 2 asks the SEC, "[f]or each untrue statement YOU identified in response to Interrogatory 1, state the specific language or phrase(s) that YOU contend constitutes the misstatement."

6

7   - Interrogatory No. 3 asks the SEC to "[i]dentify each and every omission of material fact that YOU contend MS. BERRY made in violation of the FEDERAL SECURITIES LAWS."

8   - Interrogatory No. 4 asks the SEC, "[f]or each omission of material fact YOU identified in response to Interrogatory 3, identify which affirmative statement YOU contend was rendered false or misleading by virtue of the alleged omission."

9

10  - Interrogatory No. 5 asks the SEC, "[f]or each untrue statement or omission of material fact identified in response to Interrogatories 1 and 3, state all facts supporting YOUR contention that the untrue statements or omissions were material."

11

12  - Interrogatory No. 6 asks the SEC, "[f]or each statement YOU contend constitutes an untrue statement or omission of material fact in response to Interrogatories 1 and 3, state all facts, DOCUMENTS or information YOU contend demonstrate MS. BERRY'S substantial participation or intricate involvement in making those statements."

13

14

15   In its original responses, the SEC responded to Interrogatory Nos. 1 and 3. Docket No. 198

16  ("LaMarca Decl."), Ex. A at 4-7, 8-11. It objected to Interrogatory Nos. 2 and 4 in part because it

17  considered them to be duplicative of the information set forth in Interrogatory Nos. 1 and 3. Id. at 7-

18  8, 11. It also objected to Interrogatory Nos. 5 and 6 because, in its opinion, they were "interposed

19  for the purpose of requiring [the SEC] to set forth an entire case in response to an 'interrogatory'"

---

[1] Interrogatories of these types are frequently referred to as "contention interrogatories." See In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (As Magistrate Judge Brazil explained: "[T]he phrase 'contention interrogatory' is used imprecisely to refer to many different kinds of questions. Some people would classify as a contention interrogatory any question that asks another party to indicate *what* it contends. Some people would define contention interrogatories as embracing only questions that ask another party *whether* it makes some specified contention. Interrogatories of this kind typically would begin with the phrase 'Do you contend that . . . .' Another kind of question that some people put in the category 'contention interrogatory' asks an opposing party to state all the *facts* on which it *bases* some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the *evidence* on which it *bases* some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to *how the law applies to facts.* A variation on this theme interrogatories that ask parties to spell out the *legal basis* for, or theory behind, some specified contention.").

2

and responding to them would be unduly burdensome and would involve answering more than 25 separate questions. Id. at 12-13.

After meeting and conferring with Berry, the SEC agreed to supplement its responses. It then provided supplemental substantive responses to Interrogatory Nos. 5 and 6. LaMarca Decl., Ex. B.

Berry thereafter moved to compel further responses to Interrogatory Nos. 2, 4, and 6. See MTC. The SEC opposed Berry's motion. Docket No. 197 ("Opp'n").

## LEGAL STANDARD

"Rule 33 of the Federal Rules of Civil Procedure governs contention interrogatories which seek to discover the factual basis for allegations in a complaint." In re eBay Seller Antitrust Litig., No. C07-01882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (footnote omitted). "Rule 33(a)(2) provides that interrogatories may relate to any matter that may be inquired into under Rule 26(b) and is not objectionable merely because it asks for contentions that relate to fact or the application of law to fact." Id. "[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." Id. (citing Fischer & Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D. Pa. 1992); In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985)).

Subject to the limitations imposed by subsection (b)(2)(C), under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C).

**DISCUSSION**

A. <u>Interrogatory Nos. 2 and 4</u>

In her original responses and objections, the SEC provided substantive responses to Interrogatory Nos. 1 and 3. LaMarca Decl., Ex. A. It referred to specific paragraphs in the Second Amended Complaint that identified the material misrepresentations and omissions Berry allegedly made. <u>Id</u>. at 4-5, 8-9. In addition, it provided lengthy lists of the kinds of statements Berry allegedly "made or caused to be made, either directly or indirectly" that either were untrue or were misleading due to her omissions. <u>Id</u>. at 5-6, 9-11. It also provided the original grant dates for the stock option grants at issue. <u>Id</u>. at 7. The SEC did not, however, provide substantive responses to Interrogatory Nos. 2 and 4. Instead, it objected on several grounds, including that its responses to Interrogatory Nos. 1 and 3 "necessarily identifie[d]" how the statements or omissions were untrue or misleading and specifically referred Berry to the SEC's allegations in this regard. <u>Id</u>. at 7, 11.

Berry argues that the SEC's responses to Interrogatory Nos. 2 and 4, which refer her to the SEC's substantive responses to Interrogatory Nos. 1 and 3, are not good enough.[2] This Court disagrees. In its responses, the SEC described the basic false statements or omissions that Berry allegedly made (e.g., "false representations that Juniper's stock options were granted with strike

---

[2] Citing a few cases, Berry says that she is entitled to know the specific allegedly false and misleading language underlying the SEC's claims against her. MTC at 6-8 (citing <u>Con't Ill. Nat'l Bank & Trust Co. of Chi. v. Caton</u>, 136 F.R.D. 682, 689 (D. Kan. 1991); <u>French v. Wachovia Bank, N.A.</u>, No. 06-CV-869, 2010 WL 2643385, at *1-2 (E.D. Wis. June 29, 2010); <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 649 (C.D. Cal. 2007); <u>Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.</u>, No. C 02-4799 SBA(JL), 2005 WL 318811, at *8 (N.D. Cal. Jan. 5, 2005)); Reply at 3 (citing <u>Ziemack v. Centel Corp.</u>, No. 92 C 3551, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995); <u>French</u>, 2010 WL 2643385, at *1). For instance, Berry relies on language from the district court in <u>French v. Wachovia Bank</u>, in which the plaintiffs simply referenced their expert report in their supplemental responses to two interrogatories seeking specific information about their allegations. <u>French</u>, 2010 WL 2643385, at *1. The district court in that case granted the defendants motion to compel more specific responses: "Referring to a multiple page report does not constitute a proper response to an interrogatory. It is not the defendant's duty to sift through an expert report in an attempt to glean the information sought in the interrogatory." <u>Id</u>. These decisions, however, were all highly fact specific and of little help here. The <u>French</u> court, for instance, did not establish a general rule for interrogatory responses. Instead, the court concluded that the plaintiffs' vague reference to a particular document was insufficient. Here, the SEC referred Berry to its other interrogatory responses, not another document.

4

1 prices at the fair market value of the common stock when the options were issued"; "false
2 representations that Juniper's financial statements conformed with GAAP"; "false representations
3 that Juniper's stock options were granted at the fair market value on the date of grant"; "failure to
4 disclose in the above[-described] Forms 10-K that the strike prices and dates of Juniper's stock
5 options granted to employees were selected with hindsight in order to grant them with lower strike
6 prices, typically rendering the options in-the-money when issued"). It also provided the alleged
7 "false grant dates."

8 Berry wants the SEC to, in effect, highlight the specific language in the public filings on
9 which the SEC based its responses to Interrogatory Nos. 1 and 3. Quite simply, that is unnecessary.
10 While Berry complains that the SEC's responses require her to "sift through" the documents cited
11 by the SEC, she is overstating it. For instance, in her motion, Berry complains that Paragraph 76 of
12 the Second Amended Complaint only contains the vague allegation that she did not "inform others
13 involved in the Form 10-K preparation process that Juniper's stock option related disclosures were
14 false and misleading." MTC at 8 (citing SAC ¶ 76). But in its responses to Interrogatory Nos. 1 and
15 3, the SEC provided numerous descriptions of the types of false and misleading statements and
16 omissions that Berry allegedly made and which were incorporated into the Forms 10-K. By stating,
17 in response to Interrogatory Nos. 1 and 3, the types of statements or omissions Berry made, the SEC
18 has done enough. Berry's motion to compel further responses to Interrogatory Nos. 2 and 4 is
19 DENIED.

20 B.  Interrogatory No. 6

21 In its original responses, the SEC objected to Interrogatory Nos. 5 and 6 on the grounds that
22 (1) they were not calculated to lead to the discovery of admissible evidence but instead asked it to
23 set forth its entire case in response to an interrogatory and (2) responding to them would be unduly
24 burdensome and require it to respond to far more than 25 separate questions. LaMarca Decl., Ex. A
25 at 12-13.

26 After meeting and conferring with Berry, the SEC supplemented its responses. With respect
27 to Interrogatory No. 6, the SEC says that it agreed to describe its "factual theory in support of its
28 claim that [Berry] is primarily liable for fraud with respect to false statements and omissions of

United States District Court
For the Northern District of California

5

material facts contained or included in public filings that [she] did not herself sign."³ LaMarca Decl., Ex. B at 12. "Accordingly, the [SEC's] response necessarily [did] not include the many false statements or omissions of material fact (including many of those set forth in Responses to Interrogatory Nos. 1 and 2) that were not made in public filings." Id. (emphasis added). The SEC went on to describe for 3 pages the types of false statements or omissions that it alleges Berry made. Id. at 12-15.

"Contention interrogatories asking for 'each and *every* fact,' or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome." WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 11:1682 (The Rutter Group 2010) (emphasis in original) (citing IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998)).

Berry complains that the SEC's response to Interrogatory No. 6 contains only "generalized allegations" describing her role in the alleged fraud and that it does not identify or refer to any documents (whether publicly-available or not), specific deposition testimony, or other evidence showing Berry's substantial participation in making false or misleading statements. MTC at 8-9; Reply at 7. While it is true that the SEC's response does not do this, it does refer in narrative form to documents such as drafts of public filings and board minutes and suggests that relevant responsive emails or deposition testimony also exist.⁴ LaMarca Decl., Ex. B at 12-15.

---

³ The SEC claims that the parties agreed while meeting-and-conferring that the phrase "substantial participation or intricate involvement" in Interrogatory No. 6 was intended to single out public filings that Berry did not herself sign. Opp'n at 4. Berry says that she did not agree to this limitation. MTC at 7-8; Reply at 6 n.7.

⁴ The SEC says that "[i]n keeping with [its] Responses to the other interrogatories, [it] did not list each 'document' or other source of information that could support or describe [Berry's] involvement. To do so would have required a pointless combing of the voluminous discovery record numbering in the hundreds of thousands of documents, including documents [it is] still awaiting from [Berry] herself." Opp'n at 4. In any event, the SEC also argues that it does not have to catalog each and every fact and documents in support of its claims. Id. at 4-7. Again, the parties both cite to cases for the point that that contention interrogatories that ask for "all facts" in support of a party's allegations are or are not overly broad and/or permissible. See id. at 4-7 (citing, e.g., In re eBay Seller Antitrust Litig., No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008); Anaya v. CBS Broadcasting, Inc., No. CIV 06-0476 JBKBM, 2007 WL 2219458, at *6 (D.N.M. May 16, 2007); Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 544 (D. Kan. 2006); Safeco of Am. v. Rawstron, 181 F.R.D. 441, 448 (C.D. Cal. 1998); IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998)); Reply at 5 (citing Chapman v. Cal. Dep't of Educ., No. C-01-

The Court believes that the SEC's response is sufficient. The SEC's response is a 4-page narrative that describes the types of documents Berry alleged reviewed, edited, or to which she otherwise contributed. Like its responses to Interrogatory Nos. 1 and 3, the SEC did not list each line out of each document, but, as the SEC points out, it is not obligated to put forth its entire case in response to a single interrogatory.[5] Berry's motion to compel further responses to Interrogatory No. 6 is DENIED.

## CONCLUSION

Based on the foregoing, Berry's motion to compel further interrogatory responses is DENIED.

**IT IS SO ORDERED.**

Dated: June 15, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

1780 CRB (EMC), 2002 WL 32854376, at *3 (N.D. Cal. Feb. 6, 2002); IBP, 179 F.R.D. at 323). But again, these decisions were all highly fact-specific and are of little help here.

[5] The Court does not reach the SEC's argument that Berry's interrogatory violates the presumptive 25-interrogatory limit.

**C07-04431 RMW (HRL)** N**otice will be electronically mailed to:**

| Name | Email |
|---|---|
| Amy M. Ross | aross@orrick.com |
| Benjamin Cunningham Geiger | bgeiger@orrick.com |
| Edward W. Swanson | eswanson@swansonmcnamara.com |
| Elena Ro | roe@sec.gov |
| James A. Meyers | jmeyers@orrick.com |
| James Neil Kramer | jkramer@orrick.com |
| Jeffrey Bruce Coopersmith | jeff.coopersmith@dlapiper.com, bradley.meissner@dlapiper.com, evelyn.dacuag@dlapiper.com |
| Jeremy Emerson Pendrey | pendreyj@sec.gov |
| Joni L. Ostler | jostler@wsgr.com, pbaird@wsgr.com |
| Judith L. Anderson | andersonju@sec.gov, huangw@sec.gov, johnstonj@sec.gov |
| Katherine Collinge Lubin | klubin@orrick.com, swortman@orrick.com |
| Marc J. Fagel | fagelm@sec.gov |
| Mark Philip Fickes | fickesm@sec.gov |
| Matthew Austen Tolve | mtolve@orrick.com |
| Matthew Eric Sloan | Matthew.Sloan@skadden.com, eaviad@skadden.com, jlyons@skadden.com, mtroost@skadden.com |
| Michael David Torpey | mtorpey@orrick.com |
| Nancy E. Harris | nharris@orrick.com, vsweet@orrick.com |
| Randall Scott Luskey | Randall.Luskey@usdoj.gov, elise.etter@usdoj.gov, gpackard@orrick.com |
| Rebecca Felice Lubens | jcopoulos@orrick.com, klubin@orrick.com, nharris@orrick.com, rlubens@orrick.com, sjaffer@orrick.com |
| Robert John Nolan | robert.nolan@pillsburylaw.com, docket@pillsburylaw.com |
| Robert Lootfi Tashjian | tashjianr@sec.gov, bukowskij@sec.gov, huangw@sec.gov, johnstonj@sec.gov |
| Steven Andrew Hong | shong@orrick.com |
| Susan F. LaMarca | lamarcas@sec.gov, huangw@sec.gov, johnstonj@sec.gov |
| Thomas R. Green | thomas.green@usdoj.gov, daniel.charlier-smith@usdoj.gov, lily.c.ho-vuong@usdoj.gov |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**