E-FILED on  06/16/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>     v.<br><br>LISA C. BERRY,<br><br>            Defendant. | No. C-07-04431 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE<br>**[Re Docket No. 205]** |

## I. BACKGROUND

Defendant Lisa C. Berry seeks an order pursuant to Fed. R. Civ. P. 37(c)(1) precluding plaintiff Securities and Exchange Commission ("SEC") from using several witnesses (the so-called "investor witnesses") which it did not disclose until a few hours before the close of fact discovery on March 25, 2011. The SEC apparently plans to use these witnesses to establish materiality. Only two of the witnesses were named: Ehud Gelblum and Kimberly Anderson. Another witness, John C. Liu, was named in an earlier interrogatory response. As of the filing of defendant's motion, the SEC has yet to actually identify the majority of the witnesses by name and in some cases has not specified what entity they represent. Defendant argues that the SEC's disclosure of these witnesses

on the last day of fact discovery was not made "in a timely manner" under Fed. R. Civ. P. 26(e)(1)(A).  Moreover, defendant contends that the SEC's allegedly untimely disclosure of the investor witnesses is neither substantially justified nor harmless (Fed. R. Civ. P. 37(c)(1)), and the prejudice caused by the tardy disclosure cannot be remedied without preclusion.  On June 3, 2011, the court held a hearing to consider defendant's motion.

## II.  ANALYSIS

Rule 26(a)(1)(A)(i) requires the disclosure of "the name, and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ."  Rule 26(e) requires that disclosures be supplemented "in a timely manner" if the party learns that they were incomplete.  Furthermore, these requirements are enforced by the mandatory exclusion provisions of Rule 37 (c)(1), which provides:

> (c)(1) Failure to Disclose or Supplement.  If a party fails to provide information or identify a witness as required under Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.  In addition to or instead of this sanction, the court, on motion and after giving and opportunity to be heard:
>
> (A)   may order payment of the reasonable expenses, including attorneys fees, caused by the failure;
>
> (B)   may inform the jury of the party's failure; and
>
> (C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The party who fails to disclose a witness in a timely manner bears the burden to prove that the failure was either "substantially justified" or "harmless."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

In this case, the SEC has not explained when it discovered that its initial disclosures were incomplete.  Rather, the SEC only claims that it did not fail to disclose information about which it was aware or which was not otherwise made known to the defendant during discovery.  Relying on its supplemental interrogatory responses, the SEC claims that defendant already had access to information regarding at least one investor witness before March 25, 2011:

> [I]n early February 2010, [Juniper] and its shareholders announced a settlement subject to court approval, involving the payment by the company of $169 million to the plaintiff class.  In announcing the settlement, the New York City Comptroller,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE   —No. C-07-04431 RMW
JLR                                    2

> John C. Liu, stated, on behalf of the New York City Pension Funds, that the backdating practices came at the expense of the company's shareholders and New York City's retirees[.]

Harris Decl. Ex. D. (Supplemental Responses) at 11.

The supplemental interrogatory response is sufficient to meet the requirements of Rule 26(a)(1)(A)(i) with respect to John Liu. However, the response does not give defendant sufficient notice that the SEC may use some still-unnamed person from the same entity, let alone numerous witnesses associated with different companies not named in its supplemental interrogatory response, to support its claims at trial. The SEC's argument that it is excused of its disclosure obligations because the information was already known to defendant through discovery in an unrelated action is also unpersuasive. At this point, the SEC has only provided the names of three investor witnesses: Ehud Gelblum, Kimberly Anderson and John Liu.

It does not appear that the SEC failed to disclose the three named investor witnesses in a timely manner. But even if the disclosure was untimely, the potential harm can be remedied by allowing defendant to depose the three named investor witnesses at a reasonable time before trial. Accordingly, the SEC is allowed to call Ehud Gelblum, Kimberly Anderson and John Liu at trial, provided that they are made available for deposition.

### III. ORDER

Having considered the papers submitted by the parties and the arguments of counsel, the court hereby allows the SEC to call Ehud Gelblum, Kimberley Anderson and John Liu at trial on condition that the SEC produce them for deposition, along with any documents relating to their anticipated testimony at trial. The SEC, however, is precluded from calling other "investor witnesses."

DATED:  06/16/2011

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge