**E-FILED on** 7/26/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>LISA C. BERRY,<br><br>          Defendant. | No. C-07-04431 RMW<br><br>ORDER DENYING RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>**[Re Docket Nos. 191 and 193]** |

    This matter involves requests for relief by both defendant Lisa Berry and non-party Audit Committee of the Board of Directors of Juniper Networks, Inc. ("Committee") from the magistrate judge's order of March 7, 2011 compelling the Committee to produce notes and memoranda of the Committee's interviews of ten Juniper witnesses and of any meetings between the Committee and the government at which those witnesses were discussed.  The magistrate judge: (1) compelled the Committee to produce the final interview memoranda for five of the witnesses but denied the defendant's request for any notes or draft memoranda regarding those witnesses; (2) denied the defendant's request as to interview memoranda or notes concerning the other five witnesses; and (3) denied defendant's request for an order compelling production of any notes or memoranda of the

ORDER DENYING RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
C-07-04431 RMW
JLR

Audit Committee's meetings with the S.E.C. and United States Attorney's Office. The Committee contends that no documents should have been ordered produced.

The court has read the briefing submitted by the parties and concludes that the magistrate judge's order is neither clearly erroneous nor contrary to law. Therefore, both parties' requests for relief are denied.

The magistrate judge's finding that the materials requested do constitute the work product is not clearly erroneous because there is evidence that the attorneys selected the subjects and interview questions, the notes and memoranda are not substantially verbatim recordings of the witnesses' factual statements and the attorneys' thought processes were involved in selecting and summarizing what the attorneys thought was important. *See SEC v. Roberts*, 254 F.R.D. 371, 383 (N.D. Cal. 2008).

The magistrate judge's finding that the work product protection of the materials related to interviews with Atherton, Gani, Miller, Kriens and Taloff Fisher was waived when the Committee shared the substance of its work product with the S.E.C and United States Attorney's Office is not clearly erroneous or contrary to law. Despite the Committee's confidentiality agreement with the government, the protection was waived by the voluntary disclosure. *See, for e.g., United States v. Reyes*, 239 F.R.D. 591, 604 (N.D. Cal. 2006). The Committee submits that *Aronson v. McKesson HBOC, Inc.,* 2005 WL 934331 (N.D. 2005) is better reasoned than *Reyes* and supports the confidentiality of such material despite disclosure to the government. However, since *McKesson,* several courts, including the Tenth Circuit in *In re Qwest Communications Intern., Inc.*, 450 F.3d 1179,1192-97 (10th Cir. 2006) have held that disclosure to the government waives any work product protection. These opinions cast some doubt on the viability of *McKesson*. *See Reyes*, 239 F.R.D. at 604. Further, although the court in *McKesson* considered the government at least a potentially adverse party, here the S.E.C. has filed an action against Berry and is using the material for the benefit of that prosecution and not for the purpose of making a determination as to whether prosecution should be instituted against Berry for securities violations. *See SEC v. Vitesse Semiconductor Corp.*, 2011 WL 2899082, *3 (S.D.N.Y.). The magistrate judge did not err in finding a waiver.

ORDER DENYING RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE
C-07-04431 RMW
JLR                                                        2

The waiver, however, only extends to the material shared with the government. The Committee did not waive work product protection by its disclosure to E&Y, its independent auditor. *See S.E.C. v. Schroeder*, 2009 WL 1125579 (N.D. Cl. 2009); *Roberts*, 254 F.R.D. at 381.

Finally, the court does not find the magistrate judge's finding that Berry has a substantial need for the final interview memoranda for Atherton, Gani, Miller, Kriens and Taloff Fisher to be clearly erroneous. Therefore, those materials must be produced as ordered. However, since those materials are being produced, Berry has not shown a compelling need for the notes of the Committee's meetings with the government.

DATED:     7/26/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge