MARC J. FAGEL (Cal. Bar. No. 154425)
SUSAN F. LaMARCA (Cal. Bar No. 213251)
  lamarcas@sec.gov
ROBERT L. TASHJIAN (Cal. Bar. No. 191007)
  tashjianr@sec.gov
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-4431-RMW (HRL) |
| Plaintiff, | **[] FINAL JUDGMENT AGAINST DEFENDANT LISA C. BERRY** |
| vs. | |
| LISA C. BERRY, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Second Amended Complaint ("Complaint") and defendant Lisa C. Berry ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

[] FINAL JUDGMENT
SEC v. BERRY
Case No. C-07-4431-RMW (HRL)

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls, or knowingly falsifying any book, record, or account for any issuer which has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports with the Commission pursuant to Section 15 of the Exchange Act [15 U.S.C. § 78*o*].

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1 under the Exchange

1  Act [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book,
2  record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

3  IV.

4  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
5  Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or
6  participation with them who receive actual notice of this Final Judgment by personal service or
7  otherwise are permanently restrained and enjoined from aiding and abetting the violation of Section
8  13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13
9  thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by knowingly
10 providing substantial assistance to any issuer of securities registered pursuant to Section 12 of the
11 Exchange Act [15 U.S.C. § 78*l*] in filing with the Commission annual, quarterly, or current reports
12 that contain untrue statements of material fact or omit to state material information necessary in order
13 to make the statements made, in the light of the circumstances under which they were made, not
14 misleading.

15 V.

16 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and
17 Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or
18 participation with them who receive actual notice of this Final Judgment by personal service or
19 otherwise are permanently restrained and enjoined from aiding and abetting the violation of Sections
20 13(b)(2)(A) and (B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and (B)] by knowingly
21 providing substantial assistance to any issuer which has a class of securities registered pursuant to
22 Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or is required to file reports with the Commission
23 pursuant to Section 15 of the Exchange Act [15 U.S.C. § 78*o*] in making and keeping books, records
24 and accounts, which fail, in reasonable detail, to accurately and fairly reflect the transactions and
25 dispositions of the assets of the issuer; or in devising and maintaining a system of internal accounting
26 controls that is insufficient to provide reasonable assurances that: (i) transactions are executed in
27 accordance with management's general or specific authorization; (ii) transactions are recorded as
28 necessary to (I) permit preparation of financial statements in conformity with generally accepted

1  accounting principles or any other criteria applicable to such statements, and (II) maintain
2  accountability for assets; (iii) access to assets is permitted only in accordance with management's
3  general or specific authorization; and (iv) the recorded accountability for assets is compared with the
4  existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting the violation of Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rule 14a-9 thereunder [17 C.F.R. § 240.14a-9] by knowingly providing substantial assistance in the solicitation, with respect to any security (other than an exempted security) registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*], by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, that contains a statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary:  (i) in order to make the statements therein not false or misleading; or (ii) to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable for disgorgement in the total amount of $77,120, comprised of $56,531, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $20,589.  Defendant shall satisfy this obligation by paying $77,120 by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission within 60 days after entry of this Final Judgment.  Defendant shall deliver or mail such payment to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, accompanied by a letter identifying Lisa C. Berry as a defendant in this action; setting forth the title and civil action number of this action and the name of

this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall also simultaneously send a copy of the cover letter and payment instrument to Robert L. Tashjian, San Francisco Regional Office, Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, CA 94104.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $350,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying a total of $350,000 by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission pursuant to the following payment schedule:  (1) $50,000 must be paid within 14 days after entry of this Final Judgment; (2) $300,000 must be paid within 270 days after entry of this Final Judgment.  Defendant shall deliver or mail each such payment to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, accompanied by a letter identifying Lisa C. Berry as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  For each such payment, Defendant shall also simultaneously send a copy of the cover letter and payment instrument to Robert L. Tashjian, San Francisco Regional Office, Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, CA 94104.  If Defendant fails to make any payment by the above described dates, or in the above described amounts, according to the schedule, all outstanding payments under this Final Judgment shall become due and payable immediately without further application to the Court.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Lisa C. Berry to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated: 32 19 , 2011

*Ronald M. Whyte*
UNITED STATES DISTRICT JUDGE

[] FINAL JUDGMENT
SEC v. BERRY
Case No. C-07-4431-RMW (HRL)

6

Approved as to form:

 /s/ James N. Kramer
James N. Kramer
ORRICK, HERRINGTON & SUTCLIFFE, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel.: (415) 773-5700

Attorney for Defendant
LISA C. BERRY

Submitted by:

 /s/ Robert L. Tashjian
Robert L. Tashjian
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Tel.: (415) 705-2500

[] FINAL JUDGMENT
SEC v. BERRY
Case No. C-07-4431-RMW (HRL)

7